K<small>ARREN</small> K<small>ENNEY</small>, CA. SBN 174872
K<small>ENNEY</small> L<small>EGAL</small> D<small>EFENSE</small>
2900 B<small>RISTOL</small> S<small>TREET</small>, S<small>UITE</small> C204
C<small>OSTA</small> M<small>ESA</small>, CA  92626
T<small>ELEPHONE</small>: (855) 505-5588
E-M<small>AIL</small>:  <small>KARREN.KENNEY</small>@<small>GMAIL.COM</small>

Attorney for Defendant *Jason Fong*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  SACR 20-00146-DOC |
| Plaintiff, | OBJECTION TO GOVERNMENT'S EX PARTE MOTION TO MODIFY PROTECTIVE ORDER |
| vs. | |
| JASON FONG, | |
| Defendants. | |

Defendant Jason Fong, by and through his attorney of record Karren Kenney, hereby objects to the Government's Ex Parte Motion to modify the protective order that was issued prior to current defense counsel's involvement in this case. **Mr. Fong has not been allowed to view a shred of discovery since being  placed in federal custody back in October, 2020.**

The government's ex parte fails to include ALL of the exchanges with defense counsel regarding the protective order and "access to counsel" issues that

still remain. The proposed modified protective order still violates Mr. Fong's ability to adequately prepare a defense.

On April 19, 2021, defense counsel stated the following in an email to AUSA Mark Takla:

> "On April 16, 2021 defendant filed a notice of appeal regarding Judge Carter's denial of the bond conditions set by Magistrate Judge Karen Scott. Defense counsel represents access to her client is impaired given the COVID restrictions at the Santa Ana Jail and protective order over the discovery that is currently in place. The defendant is unable to personally review discovery at the courthouse at this time (as suggested by Judge Carter during the April 2, 2021 hearing) due to the 7-day mandatory quarantine in place for each day the defendant is transported to the court. The Ninth Circuit decision may affect this new agreed-upon trial date if the defendant remains detained."

After AUSA Takla disagreed with this language, (originally proposed to be inserted into the Stipulation to continue the trial) defense counsel stated the following also on April 19, 2021:

> **"Your modification language does not adequately solve the "access to counsel" issues. In your Amendment, 6(u)(2) still requires a member of the defense team to be present. The SAJ informed us that my client will be quarantined for 7 days EVERY TIME he is transported to the courthouse. This means SAJ will put him on 23-hour lockdown and he has to be reassigned to a different bunk EVERY TIME he leaves the facility. This is clearly "cruel and unusual punishment."**

Given the above, Mr. Fong has been unable to review ANY of the discovery provided to defense counsel at the courthouse, a procedure offered by the court during the bond denial hearing that is currently on appeal.

AUSA Takla's assertion that "face to face" attorney visits will resume on May 1st is vague and ambiguous. Takla failed to explain what a "face to face"

attorney meeting would actually encompass.  The current COVID restrictions in the state of California do not allow an attorney to sit in a closed room with an inmate and pass items back and forth.  The federal facilities allowing attorney visits (i.e. MCC in San Diego) require counsel to sit behind a plexiglass shield and counsel is not allowed to sit at a table next to the client.  AUSA Takla and his source at the Santa Ana Jail fail to explain the specifics of these "face to face" meetings in light of the COVID restrictions, which clearly would not allow defense counsel to sit next to Mr. Fong and go through the discovery on a computer.

In addition, the Government now wants to FORCE Mr. Fong to get vaccinated to avoid the quarantine issue he would experience in reviewing discovery at the courthouse.  AUSA Takla decided on his own to take the time to investigate this issue with the Marshal's office, and then stated in his ex parte motion that fully vaccinated inmates are not quarantined after they leave the Santa Ana Jail facility.  Forcing Mr. Fong to get vaccinated is clearly a violation of his Constitutional rights.  Vaccination is a personal choice and the intentional mention of this in the Government's ex parte is improper and offensive on its face.

Furthermore, the language in the Government's proposed modified protective order prevents Mr. Fong from being able to adequately prepare and assist in his defense if he remains in custody after the Ninth Circuit rules on the pending appeal filed regarding the court's denial of bond.  The language in the modified protective order states: "Defendant may not take notes of the CII and PII materials" while he is reviewing the discovery in custody.  If Mr. Fong is not able to take notes regarding ALL of the discovery being used against him in order

to discuss with his defense team in preparation of his defense, he is being denied his Constitutional right to prepare a complete defense.

The defense asserts that a protective order should have never been issued in this case. The Government operatives prodded, induced and entrapped Mr. Fong with there own actions during the entire online sting operation involved in this case.  There are no victims in this case!  It's unclear as to who specifically needs their information protected.  The government set up Mr. Fong during their targeted investigation and have sensationalized the entire situation by their "cut and paste" presentations.  The Government is doing everything within its power to continue to prevent Mr. Fong from getting out of custody so that he can review all of the discovery in this case and adequately prepare his defense.

DATED:  April 29, 2021                    Respectfully submitted,


/s/_____
Karren Kenney
Attorney for Jason Fong