UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    21-50089 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 8:20-cr-00146-DOC-1<br>Central District of California,<br>Santa Ana |
| JASON FONG, AKA asian_ghazi, | |
| Defendant-Appellant. | ORDER |

Before:  PAEZ, BERZON, and FORREST, Circuit Judges.

This is an appeal from the district court's pre-trial detention order.  We have

jurisdiction pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.  We have

reviewed the district court's statement of reasons and the parties' supplemental

briefing filed pursuant to our June 3, 2021 order.  We reverse and remand.

We previously remanded this case to allow the district court to explain why

conditions of release – such as those imposed by the magistrate judge – would be

inadequate to reasonably address the danger posed by appellant.  On remand,

however, the district court simply reiterated its earlier findings regarding the

danger appellant posed to the community and concluded that this danger

"transcends the magistrate's restrictions."  This was inadequate.  *See United States*

*v. Wheeler*, 795 F.2d 893, 841 (9th Cir. 1986) (order) ("[A] district court's reasons

for its [detention] decision must be adequately explained; conclusory statements

KWH/MOATT

are insufficient.").  The district court did not discuss the specific conditions of release imposed by the magistrate judge let alone explain why they were inadequate.  Accordingly, we reverse the district court's April 2, 2021, detention order.  On remand, the district court shall place appellant on pre-trial release subject to the conditions imposed by the magistrate judge in her February 26, 2021 order.

Nothing in this order shall be construed as preventing the district court from addressing any violation of pre-trial release.

The mandate shall issue forthwith.  *See* Fed. R. App. P. 41(b).

**REVERSED and REMANDED.**