TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
Assistant United States Attorney
Terrorism Export Crimes Section
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3591
     Facsimile: (714) 338-3561
     E-mail:   mark.takla@usdoj.gov
CHRISTINE M. RO (Cal. Bar No. 285401)
Assistant United States Attorney
Terrorism Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4496
     Facsimile: (213) 894-2927
     E-mail:   christine.ro@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>JASON FONG,<br>  aka "asian_ghazi",<br><br>          Defendant. | No. SA CR 20-00146-DOC(KES)<br><br>GOVERNMENT'S EX PARTE APPLICATION TO CONFORM DEFENDANT'S CONDITIONS OF RELEASE ON DETENTION FORM TO THOSE STATED ORALLY AT DEFENDANT'S DETENTION HEARING |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and undersigned counsel, hereby files this ex parte

application to clarify the conditions of defendant's release.  This application is based on the attached Memorandum of Points and Authorities, the files and records in this case, and any additional evidence and argument that the Court may receive at the hearing.

Dated: August 9, 2021           Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

*/s/ Mark Takla*
_____
MARK TAKLA
CHRISTINE M. RO
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

The government moves <u>ex parte</u> to conform defendant's detention order to the conditions of release as stated in the Court's oral order.

On February 26, 2021, the Court held a hearing and set an appearance bond and various conditions for defendant's pretrial release.  In setting those conditions, the Court stated the following:

> The Court will also direct Mr. Fong that while you're at your parents' house that you not possess or have access to a device that offers internet access except a device that is approved by Pretrial Services.
>
> So you'll need to identify for them any phone or any computer that you might be using.  <u>And the Court's expectation is that they would have software there that can be used for remote monitoring</u>.  So, you'll realize that while you continue to use those devices that your communications using those devices will not necessarily be private if you're looking up things on the internet.

(Dkt. 50, 2/26/2021 RT 35-36 (emphasis added).)  While he detention order required defendant to submit to search and seizure, the order did not specifically allow for the search of computer devices, nor the use of monitoring software on defendant's devices.  (Dkt. 40, at 4.)

Further, with respect to defendant's ability to leave his house, the Court's stated:

> Essentially you're going to be restricted to your residence every day as directed by pretrial services.  You and your attorney can work with Pretrial Services so . . . if there's a need to leave your house for medical treatment or attorney visits or court appearances, that sort of thing, that would be permitted.  But the expectation would be that other than those sorts of essential activities, that you would be staying home.

(2/26/2021 RT 36.)  With this order, the government believes that the Court may have intended to check the next box on the detention order, stating that defendant was "restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances," but defers to the Court as to its intent.

## II.  ANALYSIS

"In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this court has uniformly held that the oral pronouncement, as correctly reported, must control.  The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant."  United States v. Hicks, 997 F.2d 594, 597 (9th Cir. 1993) (quoting United States v. Munoz-Dela Rosa, 495 F.2d 253, 256 (9th Cir. 1974)).  The government did not find any case law addressing this rule in the pretrial release conditions context, however the government believes that it is reasonable to apply this principle here.

## III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court to signed the proposed order in order to conform the pretrial detention order to the oral conditions set orally by the Court at the hearing.

DECLARATION OF MARK TAKLA

I, Mark Takla, declare as follows:

1. I am an Assistant United States Attorney in the Central District of California. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness. I represent the United States in the case, United States v. Fong, SA CR 20-146-DOC.

2. On August 5, 2021, officers with the United States Probation and Pretrial Services Office expressed concerns that the Court's oral pronouncement of conditions did not exactly match the Detention Order.

3. On August 5, 2021, I asked defendant's counsel, Ms. Karren Kenney, via email whether she would stipulate to a modification of the Detention Order to match the Court's oral pronouncement of the conditions. As of the filing of this application, counsel has not responded. However, I expect that she would oppose this application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Santa Ana, California, on August 9, 2021.

/s/
_____
MARK TAKLA