UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.  SA 20-CR-00146-DOC                                Date: August 10, 2021

Present: The Honorable:   DAVID O. CARTER, United States District Judge

Interpreter  N/A

| Kelly Davis | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: |
|---|---|---|---|---|
| Jason Fong | NOT | X | N/A | |

**Proceedings:  (IN CHAMBERS ORDER) DENYING MOTION TO RECUSE [77]**

### I.     INTRODUCTION

Before the Court is Defendant Jason Fong's ("Defendant") Motion to Recuse the Honorable David O. Carter ("Motion") (Dkt. 77). Having reviewed the moving papers submitted by the parties, the Court DENIES the motion.

On October 6, 2020, a complaint was filed against Defendant in the U.S. District Court for the Central District of California for violation of 18 U.S.C. § 2339C(c): Concealing the Provision of Material Support and Resources and Funds. Mot. at 2. During the charged offense, Defendant was a Sergeant in the United States Marine Corps Reserve. Opp'n at 1. From February to May 2020, Defendant communicated with undercover government agents, expressing support for two foreign terrorist organizations. *Id*. Defendant stated that he wanted to travel to Syria to join opposition groups and die as a martyr. *Id*. at 2. He further expressed a willingness to "blow up an Air Force base" and advocated "committing violence against the United States government; law enforcement; members of the lesbian, gay, bisexual, transgender and queer or questioning ('LGBTQ') community; and one of his high school teachers." *Id*. When law enforcement searched Defendant's residence in May 2020, they discovered a gas mask, body armor, several thousand rounds of ammunition, an assault weapon, and several high-capacity magazines. *Id*. at 2–3.

On February 25, 2021, the magistrate judge ordered Defendant released on bond subject to specific conditions, including electronic monitoring and limited access to the internet. Dkt. 40. On March 22, 2021 and April 2, 2021, the Court held a bail review hearing at the Government's request and denied bail. The Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Circuit reversed the Court's decision on July 21, 2021 and ordered Defendant to be released subject to the magistrate judge's conditions. Dkt. 76.

Defendant filed this Motion to Recuse on July 25, 2021 (Dkt. 77). Plaintiff USA opposed the Motion on August 3, 2021 ("Opposition") (Dkt. 79).

## II.   ARGUMENT

### a.  STANDARD

Section 455 provides that a federal judge shall "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The section is subject to an objective standard, and recusal is appropriate when a knowledgeable member of the public would reasonably question the judge's impartiality. *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001). The Supreme Court has held that judicial rulings alone are almost never an appropriate basis for determining partiality. *See Liteky v. United States*, 510 U.S. 540, 554-55, 114 S. Ct. 1147 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. Any such "manifestations of animosity must be much more than subtle to establish bias." *Id*. at 555 n.3. Judges are afforded "a presumption of honesty and integrity." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).

### b.  DISCUSSION

Defendant asserts that "statements by Judge Carter made during the April 2, 2021 hearing for review of the magistrate court's order setting bond conditions" coupled with "Judge Carter's military history" indicate that the Court is biased against Defendant and must therefore recuse. Mot. at 2–3.

In support of his motion, Defendant cites comments from the Court regarding the specific training and skills that Defendant developed as a result of his Marine Corps service. Mot. at 5–7. These comments include the fact that people in the Marine Corps understand the term "banana clipped" rifle, while civilians may not; that Defendant is "trained in bomb techniques," representing a "unique ability"; and that the Court ultimately found Defendant to be "an extraordinary risk beyond clear and convincing." *Id*. at 5–8.

A bail review hearing requires the Court to consider the weight of the evidence and ultimately determine the danger that a Defendant poses to the community based on his history and the nature of his offense. *See* 18 U.S.C. § 3142(g) (specifying the factors the Court must consider when determining whether to grant bail); *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). Rather than demonstrating bias towards the Defendant, the Court's ruling represented its assessment of the danger Defendant posed to the community, as it was required to determine in the context of a bail review hearing. The Court's determination that Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

posed a serious danger that could not be mitigated by conditions such as electronic monitoring was based solely on the overwhelming evidence before it, including Defendant's "demonstrated ability to purchase an untraceable ghost gun and turn it into an assault rifle"; Defendant's comments regarding "his desire to die violently in the United States" and "his desire to kill others"; and the fact that Defendant's own family had previously called the police to express concern over Defendant's anger issues. *See* Def. Exh. A, RT 13:4–13; 14:1–4, 6–9; 15:2–15. The Court found that this evidence satisfied the clear and convincing standard of proof required by 18 U.S.C. § 3142(g).

Defendant further argues that the Court exhibited bias when it said "I don't want you to speak to me" after the Court read out some of Defendant's communications regarding joining a group in Syria. Mot. at 7. However, the Court's comment was made in the context of attempting to prevent Defendant from agreeing with any of the facts of the case before conferring with counsel, as Defendant's admissions "could later be used . . . against [D]efendant at trial." Opp'n at 10.

The Court's comments during the bail review hearing do not establish a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Litecky*, 510 U.S. at 555. Further, courts have found that "[d]istant military or governmental service, with no financial connection to the instant litigation, does not raise any reasonable question as to . . . impartiality." *McBrien v. United States*, 86 Fed. Cl. 390, 391 (2009) (unpublished); *Zahn v. Applebury*, 2006 WL 8438083 (E.D. Wash. May 12, 2006) (finding that the court's prior Army service was not grounds for recusal in a case involving defendants who had all served in the Army Corps of Engineers).

Finally, the fact that the Ninth Circuit reversed this Court's decision to detain Defendant does not support Defendant's Motion. "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand." *United States v. McTiernan*, 695 F.3d 882 (9th Cir. 2012).

Therefore, the Court hereby DENIES Defendant's Motion to Recuse.

:
**Initials of Deputy Clerk**  kd