KARREN KENNEY – SBN 174872
KENNEY LEGAL DEFENSE
2900 BRISTOL STREET, SUITE C204
COSTA MESA, CA 92626
TELEPHONE: 855-505-5588
FACSIMILE: 855-505-5508
E-MAIL: KARREN.KENNEY@GMAIL.COM

Attorney for **Jason Fong**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JASON FONG,<br><br>　　　　Defendant | Case No.: SACR 20-00146-DOC<br><br>NOTICE OF MOTION; MOTION TO CONTINUE TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KARREN KENNEY |

　　　　PLEASE TAKE NOTICE that Defendant Jason Fong, by and through his attorney of record, Karren Kenney, hereby moves this Court for an order continuing Mr. Fong's trial from October 7, 2021 to January 25, 2022.

　　　　This motion is based on these moving papers including the attached Points and Authorities, declaration of Karren Kenney, any physical or documentary evidence presented at a hearing (if one is set), and any argument of counsel.

DATED: August 19, 2021　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　**KENNEY LEGAL DEFENSE**

　　　　　　　　　　　　　　　　s/Karren Kenney

　　　　　　　　　　　　　　　　Karren Kenney
　　　　　　　　　　　　　　　　*Attorney for Fong*

-1-

# MOTION

## I.

## POINTS, AUTHORITIES AND ARGUMENT

**A.   Failure to Grant Mr. Fong a Continuance of His Trial Date Will Result in a Miscarriage of Justice.**

The Speedy Trial Act, 18 U.S.C. 3161, requires that the trial be set 70 days from the indictment, or from the date defendant has appeared before a judicial officer of the court in which such charge is pending, whichever is later. 18 U.S.C. section 3161(c)(1). 18 U.S.C. section 3161 permits in pertinent part for continuance and excludes any period of delay resulting from a continuance granted by a judge at the request of defendant, if the judge grants such a continuance on the basis of his or her findings that the ends of justice are served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. 3161(h)(7).

In determining whether to grant a continuance the judge shall consider *inter alia*: 1) whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in the miscarriage of justice, 2) whether the case is so unusual or complex, due to a variety of factors, that would make it unreasonable to expect adequate preparation for pretrial proceedings or for trial within the time limits established by 18 U.S.C. section 3161, or 3) whether, in  the failure to grant a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, even if the case is not unusual or complex. 18 U.S.C. § 3161(h)(7)(B)(i),

(ii), (iv). Furthermore, if this request is denied, Mr. Fong's Due Process rights will be violated which will result in a fundamentally unfair trial.

Up until this point, a substantial amount of time was expended by the defense in order to obtain Mr. Fong's release from custody, which included proceedings in the Ninth Circuit. Additional time was spent regarding the recent recusal motion which is anticipated to also be presented to the Ninth Circuit by means of a Writ of Mandamus.

This is a complicated material support case with an undetermined number of witnesses due to heavily redacted discovery provided by the Government involving Undercover Agents, Confidential Human Sources, Confidential Informants, Agent Provocateurs, and Tipsters. The identification of all of these types of players is still unknown to the defense and pretrial motions may need to be filed once all of the discovery is reviewed.

Since July 6, 2021, counsel has received more than 4400 pages of additional discovery and numerous recordings, including heavily redacted discovery that will need to be litigated. The total amount of discovery now exceeds 11,000 pages, including discovery in other languages that needs to be interpreted. Not granting this continuance would absolutely result in a miscarriage of justice for Mr. Fong. 18 U.S.C. § 3161(h)(7)(B)(i).

To complicate defense efforts to adequately prepare for trial, the Government has been engaged in an ongoing surveillance expedition of Mr. Fong, while he was in custody (all phone calls and mail) and has now continued surveilling him since his recent release on strict bond conditions. Upon Mr. Fong's release, a light pole camera was reinstalled in front of my client's house that appears to be positioned to

view all activities around my client's home where he lives with his parents.

At this time, counsel has not made substantial progress in preparing this case for trial due to the Government's overreaching monitoring activities of Mr. Fong in and out of custody. Mr. Fong does not have the ability to drive to defense counsel's office without scheduling a time with the person in charge of his location monitoring. Due to the strict terms of 2 separate protective orders the defense did not agree to, Mr. Fong was not able to view any discovery in custody. In addition, defense counsel had legitimate concerns regarding AUSA Mark Takla and his team monitoring Mr. Fong's review of the discovery, and seize any notes taken that would be provided to defense counsel in preparation for trial.

In addition, on August 13, 2021, defense counsel received the Government's expert witness disclosures, which includes 4 potential expert witnesses. The defense now needs to investigate and possibly retain defense experts, Defense counsel reached out to AUSA Takla on August 17, 2021 to inquire if he would stipulate to a continuance, but he did not respond.

Denying the requested continuance for trial would result in a miscarriage of justice. Mr. Fong is constitutionally afforded *effective* assistance of counsel. *Holloway v. Arkansas,* 435 U.S. 475 (1978); *Geders v. United States,* 425 U.S. 80 (1976); *Gideon v. Wainwright*, 372 U.S. 335 (1963). In fact, this right is fundamental to a fair trial. *Gideon, supra* at 344. Mr. Fong through no fault of his own is now requesting this continuance so that he may be afforded effective representation.

///

**B.     Mr. Fong Is Willing To Waive His Right To A Speedy Trial**

Mr. Fong will attend the hearing on this matter, if one is actually set, and intends to inform the court despite his status on home confinement and strict release conditions, that he agrees to waive his right to a speedy trial to the requested trial date so that he may be afforded effective assistance of counsel and the opportunity to present a complete defense at trial.

**C.     The Government Will Not Be Prejudiced By A Continuance**

In this case, Mr. Fong is asking for such a continuance in order to be afforded effective assistance of counsel by permitting counsel additional time to review the additional discovery (4400 pages, including messages in foreign languages, and audios) that was produced since July 6, 2021, formulate defenses, hire experts, and most importantly file pretrial motions.

## III.
## CONCLUSION

Based on the foregoing, Mr. Fong respectfully requests this Court grant this motion to continue trial to January 25, 2022, or any other mutually agreeable date thereafter that does not conflict with defense counsel's preset trial calendar.

DATED: August 19, 2021          Respectfully Submitted,

s/Karren Kenney
*Attorney for Fong*

## DECLARATION OF KARREN KENNEY

I, Karren Kenney, declare as follows:

1. I am the attorney of record for Jason Fong in this matter.
2. From February 23, 2021 to July 21, 2021, a substantial amount of time was expended by the defense in order to obtain Mr. Fong's release from custody, which included proceedings in the Ninth Circuit. Additional time was spent regarding the recent recusal motion which is currently in the process of being presented to the Ninth Circuit by means of a Writ of Mandamus, with the assistance of appellate counsel.
3. This is a complicated material support case with an undetermined number of witnesses which involves heavily redacted discovery provided by the Government involving Undercover Agents, Confidential Human Sources, Confidential Informants, Agent Provocateurs, and Tipsters. The identification of all of these types of players is still unknown to the defense and pretrial motions may need to be filed once all of the discovery is reviewed and analyzed. There is also a pending defense discovery request the government has not yet responded to.
4. Since July 6, 2021, counsel has received more than 4400 pages of additional discovery and numerous recordings, including heavily redacted discovery that will need to be litigated. The total amount of discovery now exceeds 11,000 pages, including discovery in other languages that needs to be interpreted.
5. To complicate defense efforts to adequately prepare for trial, the Government has been engaged in ongoing surveillance of Mr. Fong, while he was in custody (all phone calls and mail), and has

now continued since his recent release on strict bond conditions after the state court bail of $1,000,000 was reduced to only $100 and posted by my client's family.  Upon Mr. Fong's recent release, a light pole camera was reinstalled in front of my client's house that appears to be positioned to view all activities around my client's home where he lives with his parents.

6. At this time, I have not been able to make substantial progress in preparing this case for trial given the amount of time spent on fighting for my client's release on bond, and my obligations on other federal and state court matters.  Mr. Fong does not have the ability to drive to defense counsel's office without scheduling a time with the person in charge of his location monitoring.

7. Due to the strict terms of 2 separate discovery protective orders the defense did not agree to, Mr. Fong was not able to view any discovery in custody.  Defense counsel had legitimate concerns regarding AUSA Mark Takla and his team monitoring Mr. Fong's review of the discovery while in custody, potentially seizing or copying any notes taken that would be provided to defense counsel in preparation for trial.

8. In addition, on August 13, 2021, defense counsel received the Government's expert witness disclosures, which includes 4 potential expert witnesses. The defense now needs to investigate and possibly retain defense experts,  Defense counsel reached out to AUSA Takla on August 17, 2021 to inquire if he would stipulate to a continuance, but he did not respond (See attached Exhibit A which is a true and correct copy of the email I sent to Mr. Takla).

1  I declare under penalty of perjury, under the laws of the United
2  States, that the foregoing is true and correct except for those
3  statements based upon information and belief.
4
5  DATED: August 19, 2021
6  /s/Karren Kenney

# EXHIBIT A



Karren Kenney <karren.kenney@gmail.com>

## US v Fong
1 message

**Karren Kenney** <karren.kenney@gmail.com>　　　　　　　　　　　　　　　　　　　Tue, Aug 17, 2021 at 3:15 PM
To: "Takla, Mark (USACAC)" <Mark.Takla@usdoj.gov>

Counsel:

I just received your latest discovery letter dated August 10, 2021, which was sent while I was out of town on the East Coast from 8/11-8/17.  Since July 6, 2021, we have received over 4,400 additional pages of discovery as well as audio files.  My client is now out of custody and there are burdensome protective order constraints placed upon the defense which affect the ability of my client to review the discovery, consult with me regarding potential suppression and other pretrial motions, seek experts in light of your expert disclosures, and prepare for trial. In addition, we are currently in the process of seeking a Writ of Mandate regarding Judge Carter's denial of the recusal motion in order to properly preserve all appellate issues.  Given the above and my current trials scheduled for other federal and state criminal matters, we are seeking to continue the trial into 2022.  This continuance is necessary in order to allow my client and me adequate time to prepare for and present a complete defense so that he will not be denied his right to competent and prepared counsel for trial.  If you refuse to agree to this continuance request, please provide your reasons so that we may file the appropriate motion for the continuance.

Karren Kenney
Founding Attorney
Kenney Legal Defense Corporation
http://kenneylegaldefense.us

This message is a confidential communication. It may be an attorney-client communication and, as such, privileged and confidential. If you are not the intended recipient, please do not read, copy or use it and do not disclose it to others. Notify the sender of the error by replying to this message, then delete it from your system.