TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
Assistant United States Attorney
Terrorism Export Crimes Section
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3591
     Facsimile: (714) 338-3561
     E-mail:    mark.takla@usdoj.gov
CHRISTINE M. RO (Cal. Bar No. 285401)
Assistant United States Attorney
Terrorism Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4496
     Facsimile: (213) 894-2927
     E-mail:    christine.ro@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 20-00146-DOC |
| Plaintiff, | GOVERNMENT'S NON-OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE THE TRIAL; DECLARATION OF MARK TAKLA |
| v. | |
| JASON FONG, aka "asian_ghazi", | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and undersigned counsel, hereby files this non-

opposition to continue the trial date.  This non-opposition responds to some of the factual representations made by defense counsel and is based on the attached filing, the files and records in this case, and any additional evidence and argument that the Court may receive at the hearing.

Dated: August 23, 2021          Respectfully submitted,

                                TRACY L. WILKISON
                                Acting United States Attorney

                                CHRISTOPHER D. GRIGG
                                Assistant United States Attorney
                                Chief, National Security Division

                                */s/ Mark Takla*
                                _____
                                MARK TAKLA
                                CHRISTINE M. RO
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

The government does not oppose defendant's motion to continue the trial date to January 25, 2022, or date thereafter available for the Court. However, the government responds to a number of factual inaccuracies in defendant's motion.

**A.   Good Cause Exists for a Continuance**

Defendant's motion establishes good cause for a continuance. The government agrees it has provided approximately 4,000 pages of discovery since July, that defendant has spent several months litigating his release from custody, that defendant filed a motion to disqualify the district judge, that the government has provided notice of several experts, and that defendant sent a discovery request to the government on August 13, 2021, which the government is still evaluating. The government also represents that the audio, video, and documentary evidence in this case is in several languages to include Arabic and Russian, and that defendant will likely want to check the government's translations for accuracy. These facts establish good cause for a continuance and the exclusion of time under the Speedy Trial Act.

Once a new trial date is established, the government can file a proposed order.

///

**B.   Defendant Makes Several Incorrect Statements in His Motion**

First, defendant erroneously claims that the defense did not agree to the original protective order.  (Def's Mot. at 4.)  After conferring with his prior counsel, Katherine Corrigan, defendant agreed to the protective order:

> q.   Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.
>
> r.   Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.
>
> IT IS SO STIPULATED.
>
> DATED: October 1, 2020          NICOLA T. HANNA
>                                 United States Attorney
>
>                                 CHRISTOPHER D. GRIGG
>                                 Assistant United States Attorney
>                                 Chief, National Security Division
>
>                                 /s/ Mark Takla
>                                 MARK TAKLA
>                                 Assistant United States Attorney
>
>                                 Attorneys for Plaintiff
>                                 UNITED STATES OF AMERICA
>
> DATED: 10/2/20                  KATHERINE CORRIGAN
>                                 Attorney for Defendant
>                                 Jason Fong

(Dkt. 12, at 10.)

Second, defendant claims that the modified protective order prevented him from viewing discovery.  (Def's Mot. at 4.)  This statement is similarly inaccurate.  In fact, the government moved <u>ex parte</u> for the modification for the very purpose of allowing defendant access to discovery.  (Dkt. 65, at 4 (stating the purpose was to allow "defendant to view discovery outside the presence of counsel"

2

at the Santa Ana Jail).) The Court signed the protective order on May 5, 2021 with the following language:

> (1) Defense counsel is authorized to provide copies of the CII and PII Materials in an electronic and password protected encrypted format to defendant at the Santa Ana Jail. Other than what is

(Dkt. 70, at 2.)[1] Further, at the detention hearing on April 2, 2021, the Court offered to bring defendant to the courtroom so that defense counsel could have meetings with defendant, noting "[a]ccess is never gonna be a problem in my court." (4/02/2021 RT 83.) Defendant's claim that the current protective orders prevented him from viewing discovery is incorrect.[2]

Third, defendant suggests that the government is monitoring his legal calls and legal mail. (Mot. at 3 ("To complicate defense efforts to adequately prepare for trial, the Government has been engaged in an ongoing surveillance expedition of Mr. Fong, while he was in custody (all phone calls and mail) and has now continued surveilling him since his recent release on strict bond conditions.").) Defense counsel knows the government is not monitoring his legal calls and legal mail. The government has provided defendant all jail calls and mail collected from the Santa Ana Jail, none of which included attorney communications. (Exh. A.) The government has not reviewed any attorney-client privileged communications with counsel.

---

[1] While subsection (2) of this order placed more restrictions on Highly Sensitive Protective Order Material ("HS-POM"), the government has not yet designated any such material in this case as HS-POM.

[2] To the contrary, the government believes defendant has violated the terms of the Court's protective order on two occasions by disclosing discovery to third parties and will be bringing this issue to the Court's attention in a separate filing.

Finally, defendant claims that government monitoring has "complicate[d]" his ability to prepare for trial. While the government does not confirm that law enforcement placed a pole camera near defendant's house, defendant has not shown how such a camera interferes with his ability to meet with counsel. Similarly, defendant has failed to show how the requirement to notify the Probation and Pretrial Services Officer when he leaves the house is government "overreaching."

### C. Conclusion

The government agrees there is good cause to continue the trial date. The government can provide a proposed order once a new trial date is determined.

DECLARATION OF MARK TAKLA

I, Mark Takla, declare as follows:

1. I am an Assistant United States Attorney in the Central District of California. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness. I represent the United States in the case, <u>United States v. Fong</u>, SA CR 20-146-DOC.

2. On February 24, 2021, the government began disclosing to defendant in discovery the calls and mail it received from the Santa Ana Jail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Santa Ana, California, on August 23, 2021.

/s/ Mark Takla
_____
MARK TAKLA

5