TRACY WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
Assistant United States Attorney
Terrorism and Export Crimes Section
     United States Attorney's Office
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3591
     Facsimile: (714) 338-3561
     Email:     mark.takla@usdoj.gov
CHRISTINE M. RO (Cal. Bar No. 285401)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4496
     Facsimile: (213) 894-2927
     Email:     christine.ro@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>             v.<br><br>JASON FONG,<br><br>        Defendant. | No. SA CR 20-146-DOC<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT DATES:**<br>TRIAL: 1/25/2022 at 8:30 a.m.<br>STAT. CONF.: 1/10/2022 at 1:30 p.m.<br><br>**PROPOSED DATES:**<br>TRIAL: 10/25/2022 at 8:30 a.m.<br>STAT. CONF.: 10/10/2022 at 1:30 p.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Christine M. Ro and Mark Takla, and defendant JASON FONG ("defendant"), by and through his counsel of record, Karren Kenney, hereby stipulate as follows:

1. The Information in this case was filed on October 6, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 19, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 28, 2020.

2. On August 25, 2021, the Court set a trial date of January 25, 2022 and a status conference date of January 10, 2022.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately 10 days. On August 27, 2021, defendant filed a notice of appeal regarding Judge Carter's denial of defendant's motion for recusal. On November 10, 2021, the Ninth Circuit dismissed defendant's appeal. On December 2, 2021, the Ninth Circuit filed its formal mandate.

4. By this stipulation, defendant moves to continue the trial date to October 25, 2022 and the status conference to October 10, 2022. The Court previously continued the case to January 25, 2022. This is the fourth request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of 18 U.S.C. § 2339C(c): Concealing the Provision of Material Support and Resources and Funds. The government has produced discovery to the

defense, including approximately 18,155 pages of written reports, audio and video recordings, and defendant's digital devices.  This includes the most recent set of discovery the government produced to the defense: On November 18, 2021, the government produced approximately 6,836 pages of written reports, audio recordings, digital device extractions, and document; and on December 10, 2021, the government produced approximately 300 pages of additional discovery.  In addition, the government plans to produce additional discovery to the defense and hopes to produce them by the end of the year.

   b. On November 19, 2020, defendant's current counsel appeared as counsel of record.  Defense counsel is presently scheduled to be in trial in the following cases:

    i. <u>United States v. Wunderlin</u>, Case No. 21-CR-00344, trial scheduled for January 18, 2022; <u>California v. John Bauche</u>, Case No. 20HM06199, trial scheduled for January 12, 2022; <u>California v. Lindenberger</u>, Case No. 19WM00707, trial scheduled for January 27, 2022; <u>United States v. Weiss</u>, Case No. 21-CR-00019, trial scheduled for February 22, 2022; <u>California v. Forootan</u>, Case No. 20WF0177, trial scheduled for March 1, 2022; <u>California v. Alcaraz</u>, Case No. 19CF1053, trial scheduled for March 14, 2022; <u>United States v. Martinez, et al.</u>, Case No. 21-CR-00113, trial scheduled for April 19, 2022; <u>United States v. Javier Rodriguez</u>, Case No. 21-CR-00105, trial scheduled for May 3, 2022; <u>United States v. Maria Baltazar</u>, Case No. 18-CR-00094, trial scheduled for June 14, 2022; and <u>United States v. Amador, et al.</u>, Case No. 19-CR-00328, August 2, 2022.

1    Accordingly, counsel represents that she will not have the time
2 that she believes is necessary to prepare to try this case on the
3 current trial date.
4         c.   In addition, as stated above, the government recently
5 produced approximately 7,000 additional pages of discovery, including
6 audio and video files and expects to produce additional discovery to
7 the defense.  Also, from April 16, 2021 to December 2, 2021, the
8 Ninth Circuit had two appeals under review.  Further, when defendant
9 was in custody from approximately October 6, 2020 to approximately
10 July 21, 2021, defense counsel previously represented to the Court
11 that access to her client was impaired due to COVID restrictions at
12 the Santa Ana Jail and protective order over the discovery that is
13 currently in place.[1]
14        d.   In light of the foregoing, counsel for defendant also
15 represents that additional time is necessary to confer with
16 defendant, conduct and complete an independent investigation of the
17 case, conduct and complete additional legal research including for
18 potential pre-trial motions, review the recently produced discovery
19 and potential evidence in the case, and prepare for trial in the
20 event that a pretrial resolution does not occur.  Defense counsel
21 represents that failure to grant the continuance would deny him
22 reasonable time necessary for effective preparation, taking into
23 account the exercise of due diligence.

---

[1] The government agrees that access was made more difficult with the COVID protocols, but does not agree that access was interfered with in any Constitutional way.

4

    e. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

    f. The government does not object to the continuance.

    g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of January 25, 2022, to October 25, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: December 20, 2021          Respectfully submitted,

TRACY WILKISON
Acting United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, Criminal Division

*/s/ Christopher*

CHRISTINE M. RO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am JASON FONG's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than October 25, 2022 is an informed and voluntary one.

*Karren Kenney*  December 21, 2021
KARREN KENNEY    Date
Attorney for Defendant
Jason Fong

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 25, 2022.  I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 411 West Fourth Street, Santa Ana, CA 92701 on October 25, 2022 at 8:30 a.m. for trial and October 10, 2022 at 1:30 p.m. for the status conference.

*Jason Fong*  12/21/2021
ID ZgVY9HwU5AnipV2zgzSy6NGb
JASON FONG    Date
Defendant

7