STEPHANIE S. CHRISTENSEN
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
CHRISTINE M. RO (Cal. Bar No. 285401)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4496
    Facsimile: (213) 894-2927
    E-mail:   christine.ro@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
National Security Division
JOHN CELLA (D.C. Bar No. 1035356)
Trial Attorney
Counterterrorism Section
    950 Pennsylvania Ave, NW
    Washington, DC 20530
    Telephone: (202) 305-1601
    Email:    John.Cella@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 20-00146(A)-DOC |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO RECONSIDER THE PARTIES' STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE; (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT; (3) DISCLOSURE AND DISCOVERY PLAN; AND (4) PRETRIAL BRIEFING SCHEDULE |
| v. | |
| JASON FONG, aka "asian_ghazi," aka "Jason Asian Ghazi," aka "Mustafa Ahmed Al-Hakim," | |
| Defendant. | **CURRENT TRIAL DATE:** 10/25/2022 **PROPOSED TRIAL DATE:** 3/7/2023 **RECONSIDERATION HEARING DATE:** 9/26/2022 |

1    Plaintiff United States of America, by and through its counsel

2 of record, the Acting United States Attorney for the Central District

3 of California and Assistant United States Attorney Christine M. Ro

4 and National Security Division Counterterrorism Section Trial

5 Attorney John Cella, and defendant Jason Fong ("defendant"), both

6 individually and by and through his counsel of record, Karren Kenney

7 and Charles D. Swift, hereby file this Notice of Motion and Motion to

8 Reconsider the Parties' Stipulation for (1) Continuance of the Trial

9 Date; (2) Findings of Excludable Time Periods Pursuant to Speedy

10 Trial Act; (3) Disclosure and Discovery Plan; and (4) Pretrial

11 Briefing Schedule.

12    The parties stipulate as follows:

13    1.   The Information in this case was filed on October 6, 2020.

14 Defendant first appeared before a judicial officer of the court in

15 which the charges in this case were pending on October 19, 2020.  The

16 Speedy Trial Act, 18 U.S.C. § 3161, originally required that the

17 trial commence on or before December 28, 2020.

18    2.   Defendant is released on bond pending trial.  The parties

19 estimate that the trial in this matter will last approximately five

20 days.

21    3.   The Court has previously continued the trial date in this

22 case from December 8, 2020, to October 25, 2022, and found the

23 interim period to be excluded in computing the time within which the

24 trial must commence, pursuant to the Speedy Trial Act.

25    4.   By this stipulation, defendant moves to continue the trial

26 date to March 7, 2023, and the parties jointly request that the Court

27 incorporate into its Order granting the requested continuance and the

28

deadlines described in **Attachment A**.  This is the fifth request for a continuance.

5.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

6.    Defendant was originally charged in an Information with a violation of 18 U.S.C. § 2339C(c): Concealing the Provision of Material Support and Resources and Funds.  On December 22, 2021, the Court continued the trial date from January 25, 2022, to October 25, 2022.

7.    On April 27, 2022, the government filed the First Superseding Indictment where defendant is charged with four-counts of 18 U.S.C. § 2339B(a)(1): Attempting to Provide Material Support to a Foreign Terrorist Organization.  After the government filed the First Superseding Indictment, the trial date remained for October 25, 2022.

    a.    The government has produced discovery to the defense, including approximately 18,387 pages of written reports, audio and video recordings, and defendant's digital devices.

    b.    On November 19, 2020, current defense counsel, Karren Kenney, substituted in as counsel of record.  Ms. Kenney is presently scheduled to be in the following trials: United States v. Acosta-Lemus (Southern District of California), Case No.: 22-cr-00032, with a trial scheduled for December 8, 2022; United States v. Mendoza-Rueda, Case No.: 8:20-cr-00171-JVS-12, with a trial scheduled for January 17, 2023; United States v. Waldrop, trial scheduled for March 13, 2023; United States Weiss, Case No.: 21-cr-00019-JVS, with a trial scheduled for May 9, 2023; and United States v. Duarte, Case No.: 8:22-cr-00056-DOC-2, with a trial scheduled for May 23, 2023.

1         c.  Accordingly, counsel represents that she will not have

2    the time that she believes is necessary to prepare this case on the

3    current trial date.

4         d.  On March 29, 2022, approximately one-month prior to

5    the First Superseding Indictment, defendant's current co-counsel,

6    Charles D. Swift, substituted in as co-counsel of record.  Mr. Swift

7    is presently scheduled to be in the following trial:  <u>United States</u>

8    <u>v. Wadi</u> (Western District of Texas), Case No.: 21-cr-00244, a three-

9    week trial scheduled for February 13, 2023.

10        e.  Accordingly, co-counsel represents that he will not

11   have the time that she believes is necessary to prepare this case on

12   the current trial date.[1]

13        f.  In light of the foregoing, counsel for defendant also

14   represents that additional time is necessary to confer with

15   defendant, conduct and complete an independent investigation of the

16   case, conduct and complete additional legal research including for

17   potential pre-trial motions, review the discovery and potential

18   evidence in the case, and prepare for trial in the event that a

19   pretrial resolution does not occur.

20     8.  On September 2, 2022, defense counsel filed a Motion for a

21   Continuance of Due Date for Defense's Notice of Affirmative Defenses

22   due to their ability to secure a mental health expert and complete an

23   evaluation of the defendant in the short timeframe between this Court

24   and the Ninth Circuit's approval of funding for such an expert, which

25   was received by the defense on August 31, 2022.  (Dkt. No. 133.)

26   According to their motion, defense counsel represent that they need

27   _____

28      [1] While Ms. Kenney is in trial, Mr. Swift will handle any
hearings in January 2023.

additional time to adequately examine the possibility of a mental health defense and provide adequate opportunity for defendant to be examined by an expert. (Id.) Defense counsel represent the failure to adequately address this will amount to ineffective assistance of counsel in this case. (Id.)

9. On September 12, 2022, the parties filed a Stipulation for (1) Continuance of the Trial Date; (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act; (3) Disclosure and Discovery Plan; and (4) Pretrial Briefing Schedule, and requested the Court to continue the trial date from October 25, 2022, to April 4, 2023. (Dkt. No. 135.) The Court denied the parties' stipulation. (Dkt. No. 136.)

10. The parties now file this Notice of Motion and Motion to Reconsider a Stipulation for (1) Continuance of the Trial Date; (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act; (3) Disclosure and Discovery Plan; and (4) Pretrial Briefing Schedule, and request the Court to continue the trial date from October 25, 2022, to March 7, 2023.

a. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act and which supplement additional information that defendant will provide to the Court in an ex parte, in camera filing, which is incorporated herein by reference:

i. Defense counsel represent that they have identified an expert to evaluate defendant in connection with any affirmative mental health defenses. According to defense counsel, the expert's earliest availability to examine defendant is in

November 2022.  If the identified expert reports a preliminary diagnosis, another physician/mental health expert will need to evaluate defendant to support a conclusory diagnosis.

            ii.  In July 2022, the defense team identified that defendant required a mental health examination.  Although the Information in this case was filed in 2020, defendant's current defense team did not finalize until March 29, 2022.  And approximately three months after the government filed the First Superseding Indictment on April 27, 2022, defendant's current counsel identified that there was reason to believe that defendant required a mental health examination to explore potential affirmative defenses. Defense counsel represent that failure to have a mental health expert examine defendant will amount to ineffective assistance of counsel. Defendant will outline additional and specific details in their <u>ex parte</u>, <u>in camera</u> filing to support this fifth and final request for a continuance.

11.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12.  Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

13.  The government does not object to the continuance.

14.  The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

15.  This stipulation is requesting a continuance of approximately five months from the current trial date.  The

previously denied stipulation requested a continuance of approximately six months.

16.  For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 25, 2022 to March 7, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//
//
//
//
//
//
//
//
//
//
//

17.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 16, 2022          Respectfully submitted,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division


_____/s/_____
CHRISTINE M. RO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DocuSign Envelope ID: E25223DB-5A68-4D75-9254-940E8730BF36

1    I am Jason Fong's attorney.  I have carefully discussed every

2   part of this stipulation and the continuance of the trial date with

3   my client. I have fully informed my client of his Speedy Trial

4   rights.  To my knowledge, my client understands those rights and

5   agrees to waive them.  I believe that my client's decision to give up

6   the right to be brought to trial earlier than March 7, 2023 is an

7   informed and voluntary one.

8

9   KARREN KENNEY                           Date   9/16/2022
    CHARLES D. SWIFT
10  Attorney for Defendant
    JASON FONG

11

12

13   I have read this stipulation and have carefully discussed it

14  with my attorney.  I understand my Speedy Trial rights.  I

15  voluntarily agree to the continuance of the trial date, and give up

16  my right to be brought to trial earlier than March 7, 2023.  I

17  understand that I will be ordered to appear in Courtroom 10A of the

18  Ronald Reagan Federal Building and United States Courthouse, 411 W.

19  4th Street, Santa Ana, California on March 7, 2023 at 7:30 a.m.

20  DocuSigned by:                           9/16/2022

21  JASON FONG                               Date
    68B00E8533F1425...

22

23

24

25

26

27

28