KARREN KENNEY, CA. SBN 174872
KENNEY LEGAL DEFENSE
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
TELEPHONE:(855) 505-5588
E-MAIL: KARREN.KENNEY@GMAIL.COM


CHARLES D. SWIFT, WA Bar No. 41671
CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA
100 N. Central Expy. Suite 1010
Richardson, TX  75080
TELEPHONE: (972) 914-2507
FAX: (972) 692-7454
EMAIL: CSWIFT@CLCMA.ORG


ATTORNEYS FOR THE DEFENDANT

JASON FONG

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　Plaintiff(s),<br><br>　vs.<br><br>JASON FONG<br><br>　　　　　　Defendant(s). | Case No.: SACR 20-00146-DOC<br><br>***Ex Parte* Application to File Documents In Camera; Memorandum of Points and Authorities; Affidavit of Counsel Charles D. Swift In Support of Motion to Reconsider (Doc. 137) (*under seal and ex parte*)** |

|   |   |
|---|---|
| 1 | Defendant Jason Fong, through counsel, applies to this Honorable Court for an order that files defendant's concurrently filed Affidavit of Defense Counsel Charles D. Swift in Support of Motion to Reconsider the Parties' Stipulation Regarding Request for (1) Continuance of Trial Date; (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act; (3) Disclosure and Discovery Plan; and (4) Pretrial Briefing Schedule (Doc. 137) *in camera.* This application is based on the attached memorandum of points and authorities, and the affidavit/declaration of counsel emailed to chambers on September 16, 2022. |

Respectfully submitted,

Charles D. Swift
Co-Counsel for Defendant Jason Fong

Dated: September 19, 2022          By: /s/ Charles D. Swift
                                       Charles D. Swift
                                       Co-counsel for Defendant Jason Fong

## MEMORANDUM OF POINTS AND AUTHORITIES

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987). Local Rule 79-5.1 provides that a party may request that documents be filed *in camera*. Defendant Jason Fong requests that the Court file *in camera* this application and Affidavit of Defense Counsel in Support of Joint Motion to Reconsider the Parties' Stipulation Regarding Request for (1) Continuance of Trial Date; (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act; (3) Disclosure and Discovery Plan; and (4) Pretrial Briefing Schedule (Doc. 137) because the contents of these documents contain information relevant to the theory of defense and defense strategy.

The Ninth Circuit has approved of filing items *ex parte* and *in camera* where a party has "no obligation to disclose them." *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003) (quoting *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998)); *see also United States v. Peltier*, 693 F.2d 96, 97-98 (9th Cir. 1982) (per curiam) (reviewing offer of proof made *in camera* by defendant's counsel below); *United States v. Williams*, 791 F.2d 1383, 1387 (9th Cir. 1986) (reviewing oral and written offers of proof made *in camera* below).

Here, the defense's documents should be filed *in camera* because it references litigation strategy, which the defense is not obligated to disclose to the government until much later. *See Gurolla*, 333 F.3d at 953 n.11 (approving of *in camera* submission regarding testimony and entrapment defense in order to balance rights under the Fifth and Sixth Amendments). In particular, the declaration explains at great length the theories of defense that the defense team in pursuing. It describes the type of experts that the defense anticipates retaining, and the reasons for their retainer.

The need for *in camera* review of a criminal defendant's filings containing privileged information is critical to protecting a defendant's Sixth Amendment right to due process. *United States v. Tomison*, 969 F. Supp. 587, 592-93 (E.D. Cal. 1997). That a defendant has "a right to protect his trial strategy [may contraindicate] a noticed motion practice requiring disclosure to the Government of the defendant's theory of the case as a precondition to obtaining" access to the courts. *Id*. at 593. But requiring a defendant to divulge his theory of defense in order to avail himself of constitutional protections would undermine that defendant's right to a fair trial. *Id*. Ultimately, when a prosecutor's request to access privileged communications competes with a defendant's right to representation, "the conflict must, under the Sixth Amendment, be resolved in favor of the right to the assistance and guidance of counsel." *Geders v. United States*, 425 U.S. 80, 91 (1976) (citing *Brooks v. Tennessee*, 406 U.S. 605 (1972)).

Similarly, the law endorses a defendant's right to protect his theory of defense in his communications with the Court. In *United States v. Hicks*, 103 F.3d 837, 842 (9th Cir. 1996), for example, the district court was held to have erroneously, though harmlessly, required parties to exchange witness lists and tentative summaries of testimony in advance of trial. Other cases are in accord where the secrecy of the defense strategy is threatened by a public filing. *See also United States v. Eshkol*, 108 F.3d 1025, 1028 (9th Cir. 1997) (approving of *in camera* memoranda to prevent disclosure of defense theory); *United States v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984) (court should allow defendant's *in camera* offer of proof "where the attorney-client privilege, the privilege against self-incrimination, the fear of impeachment by a prior conviction, apprehension over having to change attorneys, the revelation of work product, trial tactics, or legal theories of defense counsel may be involved"); *United States v. Poindexter*, 727 F. Supp. 1470, 1479 n.16 (D.D.C. 1988) ("The Court considers the ex parte nature of the showing to be appropriate at this time because it does not wish to require the defendant to reveal to the prosecution the theories of his defense as a prerequisite to attempting to secure the discovery to

which he may be entitled."); *United States v. Beckford*, 964 F. Supp. 1010, 1031 (E.D. Va. 1997) ("*ex parte* process is proper because the defendants' various Nixon disclosures implicate the rights of defendants not to disclose their trial strategy and to maintain the privacy of their confidential records."); *United States v. McVeigh*, 954 F. Supp. 1441, 1444–45 (D. Colo. 1997) (approving the *ex parte* filing of supporting documents for a defense discovery request, where the documents disclosed portions of the defense strategy).

In short, the practice of *in camera* filings where defense included litigation strategy and other privileged information is at stake is rooted in fundamental principles of due process, and has long been upheld. For these reasons, the defendant asks that the Court grant his application to file the requested document *in camera*.

Respectfully submitted,

Charles D. Swift
Co-Counsel for Defendant Jason Fong

Dated: September 19, 2022

By: /s/ *Charles Swift*
Charles D. Swift, CLCMA
*Pro Hac* Attorney for Fong
100 N. Central Expy, Suite 1010
Richardson, TX 75080
(972) 914-2507