E. MARTIN ESTRADA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
CHRISTINE M. RO (Cal. Bar No. 285401)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4496
     Facsimile: (213) 894-2927
     E-mail:    Christine.Ro@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
National Security Division
JOHN CELLA (D.C. Bar No. 1035356)
Trial Attorney
Counterterrorism Section
     950 Pennsylvania Ave, NW
     Washington, DC 20530
     Telephone: (202) 305-1601
     Email:     John.Cella@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. SA CR 20-146(A)-DOC |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* #3: MOTION TO PRECLUDE DEFENDANT FROM INTRODUCING HIS OWN HEARSAY STATEMENTS |
| v. | |
| JASON FONG,<br>   aka "asian_ghazi,"<br>   aka "Jason Asian Ghazi,"<br>   aka "Mustafa Ahmed Al-Hakim," | Hearing Date: TBA<br>Hearing Time: TBA<br>Location: Courtroom of the Hon.<br>            David O. Carter |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California and Assistant United States Attorney Christine M. Ro and National Security Division Counterterrorism Section Trial Attorney John Cella, hereby files its Motion in Limine to preclude defendant Jason Fong from introducing any portion of his out-of-court hearsay statements at trial.

This motion is based on the attached Memorandum of Points and Authorities, the files and records of this case, and on such other evidence and argument as this Court may entertain on this motion.

Dated: September 20, 2022            Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

          /s/
CHRISTINE M. RO
Assistant United States Attorney

JOHN CELLA
Trial Attorney
Counterterrorism Section
National Security Division

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

At trial in this case, the government intends to introduce statements made pre-arrest and post-arrest by defendant Jason Fong ("defendant") as evidence of his charged offenses. In some instances, primarily in his post-arrest statements, defendant also made self-serving statements that the government anticipates he might seek to introduce on cross-examination or otherwise. The government hereby moves to preclude defendant from improperly introducing his own out-of-court statements in any manner.

**II.   ARGUMENT**

Rule 801(c) of the Federal Rules of Evidence defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A defendant's own out-of-court statements, offered by and for himself, constitute inadmissible hearsay. The rules of evidence do not provide an exception for self-serving, exculpatory statements made by a defendant seeking to introduce the statements. See Williamson v. United States, 512 U.S. 594, 599 (1994); United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000). Accordingly, defendant should not be permitted to introduce his own inadmissible hearsay statements in his cases-in-chief, or "back door" these statements by eliciting them from the government's witnesses on cross-examination. See United States v. Mitchell, 502 F.3d 931, 964-65 (9th Cir. 2007) (upholding district judge's ruling precluding on hearsay grounds defense counsel from attempting to elicit defendant's exculpatory statements, on cross-examination, from law enforcement officers); Ortega, 203 F.3d

at 682 (same); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988) (district court properly precluded defense counsel from eliciting, on cross-examination, defendant's post-arrest statements denying participation in robbery).

This is true even when defendant's own non-inculpatory statements are coupled with other contemporaneous statements that are self-inculpatory. Williamson, 512 U.S. at 599 (exception to hearsay rule for statements against penal interest does not allow admission of non-self-inculpatory statements, even if made within broader narrative that is generally self-inculpatory); see also Mitchell, 502 F.3d at 964-65; Ortega, 203 F.3d at 682. This is because the self-inculpatory statements constitute admissions of a party opponent, Fed. R. Evid. 801(d)(2), whereas defendant's post-arrest, non-self-inculpatory statements constitute garden-variety hearsay, Ortega, 203 F.3d at 682 (citing Williamson, 512 U.S. at 605). Otherwise, defendants would be permitted to place their own statements "before the jury without subjecting [themselves] to cross-examination, precisely what the hearsay rule forbids." Fernandez, 839 F.2d at 640; Ortega, 203 F.3d at 682.

Rule 801, however, permits the government, as a party opponent in this case, to introduce defendant's own statements (and co-conspirators' statements) made during and in furtherance of the conspiracy as non-hearsay. Fed. R. Evid. 801(d)(2)(A), (E). The government also may introduce statements which are not being admitted for the truth of the matter asserted but rather to show the effect on the person who heard the statement. Fed. R. Evid. 801(c); United States v. Valerio, 441 F.3d 837, 844 (9th Cir. 2006) (informant's statements on a recording are admissible to give context to

defendant's statements).  Further, it is entirely proper to admit portions of a statement, whether oral or written, without introducing the entire statement.  <u>Ortega</u>, 203 F.3d at 682; <u>United States v. Collicott</u>, 92 F.3d 973, 983 (9th Cir. 1996).

 Defendant, however, is not entitled to offer additional portions of his statements just because they were spoken or written next to the admitted statements.  The rule of completeness, codified in Rule 106 of the Federal Rules of Evidence, does not mandate a different result.  This rule is applicable where one party seeks to introduce a misleadingly tailored snippet of a statement that creates a misleading impression by being taken out of context.  See, e.g., <u>United States v. Poschwatta</u>, 829 F.2d 1477, 1483 (9th Cir. 1987) (affirming decision declining to apply Rule 106 because portions introduced were not misleading); <u>United States v. Dorrell</u>, 758 F.2d 427, 434-35 (9th Cir. 1985) (same).  <u>See also</u> <u>United States v. Sutton</u>, 801 F.2d 1346, 1369 (D.C. Cir. 1986) ("In almost all cases we think Rule 106 will be invoked rarely and for a limited purpose."). As noted, it is entirely proper, however, for the government to admit segments of defendant's statements without introducing everything, and defendant is not entitled to offer additional statements just because the statements exist and the government has not offered them. <u>Collicott</u>, 92 F.3d at 983.  Thus, Rule 106 may not be invoked by defendant to require the government to introduce other portions of documents or recordings simply because defendant would like them to be introduced during the government's case.  If, after the government's introduction of the excerpted statements and recordings, defendant believes that the excerpts are misleading because of a lack of context, he can so argue to the Court, at which time the Court

"can, in its discretion, permit such limited portions to be contemporaneously introduced as will remove the distortion that otherwise would accompany the prosecution's evidence." Sutton, 801 F.2d at 1368-69. Moreover, Rule 106 does not render admissible evidence which is otherwise inadmissible under the hearsay rules. United States v. Sine, 493 F.3d 1021, 1037 & n.17 (9th Cir. 2007); Collicott, 92 F.3d at 983. Thus, unless defendant can establish some hearsay exception for any of his own statements that he wishes to introduce, they are inadmissible, regardless of Rule 106. Collicott, 92 F.3d at 983.

In this case, the government does not believe that the portions of defendant's statements and conversations that it will seek to introduce will be misleadingly tailored so as to warrant application of Rule 106. See United States v. Weisman, 624 F.2d 1118, 1128-29 (2d Cir. 1980) (affirming district court's denial of defendant's requests, under Rule 106 and residual hearsay exceptions, to compel government to play tape-recorded conversations in their entirety and to admit other tape recordings that the government did not intend to use, where omitted portions were not "necessary to clarify, or make not misleading, that which [was] introduced" and recordings were not "more probative" than defendant's own testimony), abrogated on other grounds by United States v. Indelicato, 865 F.2d 1370, 1381-10 (2d Cir. 1989) (en banc). Moreover, even if the rule of completeness were to apply, defendant's exculpatory statements must still be excluded as inadmissible hearsay.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully submits that the Court should preclude defendant from introducing or

4

eliciting in any manner his own out-of-court statements made before or after his arrest.  The Court also should preclude any questioning by defense counsel that would prompt a witness (including defendant) to testify about any prior exculpatory statement made by defendant.