E. MARTIN ESTRADA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
CHRISTINE M. RO (Cal. Bar No. 285401)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4496
    Facsimile: (213) 894-2927
    E-mail:    christine.ro@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
National Security Division
JOHN CELLA (D.C. Bar No. 1035356)
Trial Attorney
Counterterrorism Section
    950 Pennsylvania Ave, NW
    Washington, DC 20530
    Telephone: (202) 305-1601
    Email:     John.Cella@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 20-146(A)-DOC |
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* #4: MOTION TO PRECLUDE CHALLENGE TO THE VALIDITY OF THE SECRETARY OF STATE'S DESIGNATION OF TWO FOREIGN TERRORIST ORGANIZATIONS |
| v. | |
| JASON FONG, <br>   aka "asian_ghazi," <br>   aka "Jason Asian Ghazi," <br>   aka "Mustafa Ahmed Al-Hakim," | Hearing Date: TBA <br> Hearing Time: TBA <br> Location: Courtroom of the Hon. David O. Carter |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California and Assistant United States Attorney Christine M. Ro and National Security Division Counterterrorism Section Trial Attorney John Cella, hereby moves in limine to preclude defendant from presenting evidence or argument at trial challenging the validity of the Secretary of State's designation of two Foreign Terrorist Organizations.

This motion is based upon the attached Memorandum of Points and Authorities, the files and records of this case, and on such other evidence and argument as this Court may entertain on this motion.

Dated: September 20, 2022        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

          /s/
CHRISTINE M. RO
Assistant United States Attorney

JOHN CELLA
Trial Attorney
Counterterrorism Section
National Security Division

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The Secretary of State has designated the following two groups as Foreign Terrorist Organizations ("FTOs"):

(1) HAMAS and its aliases, the Islamic Resistance Movement, Harakat al Muqawama al-Islamiya, Students of Ayyash, Students of the Engineer, Yahya Ayyash Units, Izz Al-Din Al-Qassim Brigades, Izz Al-Din Al-Qassim Forces, Izz Al-Din Al Qassim Battalions, Izz al-Din Al Qassam Brigades, Izz al-Din Al Qassam Forces, and Izz al-Din Al Qassam Battalions (collectively "HAMAS"); and

(2) Hay'at Tahrir al-Sham ("HTS").

At trial, the government is required to prove that each is an FTO. See 18 U.S.C. § 2339B.  The government is not required to prove the validity of the FTO designation, nor, by statute and under well-settled case law, can the defense contest or challenge in any way the Secretary of State's designation.  Accordingly, the government moves this Court to preclude defendant from presenting evidence or argument at trial challenging the validity of the Secretary of State's designation of HAMAS and HTS as FTOs.

**II.  ARGUMENT**

**Defendant Is Prohibited by Statute from Challenging the Secretary of State's FTO Designation**

Defendant simply cannot collaterally attack the Secretary of State's designation of HAMAS and HTS as FTOs.  The Antiterrorism and Effective Death Penalty Act of 1996 authorizes the Secretary of State to designate an entity as an FTO.  8 U.S.C. § 1189(a)(1).  Once the designation becomes effective, a defendant in a criminal case is

prohibited from challenging in any manner the validity of the Secretary of State's designation.  Congress has expressly provided that "a defendant in a criminal action...shall not be permitted to raise any question concerning the validity of the issuance of such designation or redesignation as a defense or an objection at any trial or hearing."  8 U.S.C. § 1189(a)(8).  Multiple courts have upheld the application of this bar against defendants seeking to attack the validity of such a designation in a criminal case.  See, e.g., United States v. Afshari, 426 F.3d 1150, 1155-1159 (9th Cir. 2005); United States v. Hammoud, 381 F.3d 316, 331 (4th Cir. 2004) (en banc); United States v. Afshari, 2009 WL 1033791 (C.D. Cal. April 14, 2009).

In Afshari, the Ninth Circuit ruled that defendants in a criminal proceeding have no due process right to collaterally attack the Secretary of State's FTO designation.  "Congress clearly chose to delegate policymaking authority to the President and Department of State with respect to designation of terrorist organizations."  426 F.3d at 1155.  Such policymaking authority does not lie with defendants in criminal cases.  Defendants are prohibited from arguing as a defense to charges under § 2339B "that the designated terrorist organization is not really terrorist at all."  Id.  The validity or propriety of the Secretary of State's designation is simply not relevant to a § 2339B prosecution.  Indeed, the government need only prove the fact of the designation as an FTO, not its validity.  See Afshari, 426 F.3d at 1158 (fact of organization's designation as FTO is element of § 2339B, but validity of designation is not).

Therefore, the Court should prohibit defendant from introducing evidence or argument at trial challenging in any fashion the validity of HAMAS's and HTS's designations as FTOs.

**III. CONCLUSION**

Accordingly, for all the foregoing reasons, the Court should grant the government's motion and preclude any evidence or argument attacking the validity of the FTO designations.