1  E. MARTIN ESTRADA
   United States Attorney
2  CHRISTOPHER D. GRIGG
   Assistant United States Attorney
3  Chief, National Security Division
   CHRISTINE M. RO (Cal. Bar No. 285401)
4  Assistant United States Attorney
   Terrorism and Export Crimes Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-4496
7       Facsimile: (213) 894-2927
        E-mail:    Christine.Ro@usdoj.gov
8
   MATTHEW G. OLSEN
9  Assistant Attorney General
   National Security Division
10 JOHN CELLA (D.C. Bar No. 1035356)
   Trial Attorney
11 Counterterrorism Section
        950 Pennsylvania Ave, NW
12      Washington, DC 20530
        Telephone: (202) 305-1601
13      Email:     John.Cella@usdoj.gov

14 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

15
                     UNITED STATES DISTRICT COURT
16
           FOR THE CENTRAL DISTRICT OF CALIFORNIA
17
                        SOUTHERN DIVISION
18

19
   UNITED STATES OF AMERICA,          No. SA CR 20-146(A)-DOC
20
                  Plaintiff,          GOVERNMENT'S MOTION TO EXCLUDE
21                                    TESTIMONY OF DEFENSE EXPERTS AND
                  v.                  REQUEST FOR DAUBERT HEARING;
22                                    DECLARATION OF CHRISTINE M. RO;
   JASON FONG,                        EXHIBITS
23   aka "asian_ghazi,"
     aka "Jason Asian Ghazi,"         Hearing Date: TBA
24   aka "Mustafa Ahmed Al-Hakim,"    Time estimate: 1 hour

25                  Defendant.

26

27      Plaintiff United States of America, by and through its counsel

28 of record, the United States Attorney for the Central District of

1   California and undersigned counsel, hereby files this Motion to

2   Exclude the Testimony of Defense Experts.  This Motion is based on

3   the attached Memorandum of Points and Authorities, the attached

4   declaration and exhibits, the files and records in this case, and

5   additional evidence and argument that the Court receives at the

6   hearing.

7   Dated: September 20, 2022      Respectfully submitted,

8                                   E. MARTIN ESTRADA
United States Attorney

9

CHRISTOPHER D. GRIGG

10                                  Assistant United States Attorney
Chief, National Security Division

11

12                                    /s/
                                CHRISTINE M. RO

13                                  Assistant United States Attorney

14                                  JOHN CELLA
                                 Trial Attorney

15                                  Counterterrorism Section
                                 National Security Division

16

                                 Attorneys for Plaintiff

17                                  UNITED STATES OF AMERICA

18

19

20

21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3          Defendant's expert notice fails to meet the minimal standard

4    required by Rule 16.  Defendant has provided topics of testimony

5    rather than actual expert opinions and failed to provide the bases

6    and reasons for the non-opinions.  The notice is so deficient that

7    the government cannot determine whether his experts have provided a

8    reliable methodology under Daubert v. Merrell Dow Pharmaceuticals,

9    509 U.S. 579 (1993).  The government requests that the Court (1)

10   exclude the defendant's expert testimony for lack of notice; (2)

11   exclude that testimony under Daubert; or (3) in the alternative,

12   order a Daubert evidentiary hearing for defendant's experts.[1]

13

**II.   FACTS**

14          On June 22, 2022, the parties agreed to provide expert notice on

15   July 30, 2022.  (Dkt. Nos. 117-118.)  On July 29, 2022, defendant

16   filed his Notice of Expert Witness Disclosure.  (Dkt. No. 124.)  On

17   July 30, 2022, the government provided their expert notice to

18   defendant via email communication.  (Ro Decl. ¶ 4; Exs. A-B.)  Other

19   than the notice in Dkt. No. 124, defendant has provided no other

20   discovery or information related to his experts.  (Id. ¶ 5.)

21   Defendant has not provided reports, notes, emails, or testing

22   information.

23

24

25   [1] The parties filed a Notice of Motion and Motion for
     Reconsideration on the Parties Stipulation Regarding Request for
     (1) Continuance of the Trial Date; (2) Findings of Excludable Time
26   Periods Pursuant to the speedy Trial Act; (3) Disclosure and
     Discovery Plan; and (4) Pretrial Briefing Schedule.  (Dkt. No. 137.)
27   If the Court grants the requested continuance, the government will
     accept any supplement to defendant's expert notice defendant
28   provides, and re-evaluate whether any such supplemental expert notice
     is sufficient.

1    On August 31, 2022, the government sent a letter identifying the

2  areas in which the government believed defendant's expert notice was

3  deficient.  (Id.; Ex. C.)  The government has received no response to

4  its letter.  (Id.)

5  **III.  LEGAL STANDARD**

6         **A.    Disclosure Standard Under Rule 16(b)(1)(B)**

7         Proper expert disclosures are not a mere technicality with which

8  compliance may be made or not -- they are required by Rule 16 of the

9  Federal Rules of Criminal Procedure.  United States v. Ulbricht, 2015

10  WL 413318, at *2 (S.D.N.Y. Feb. 1, 2015); United States v. Grace, 526

11  F.3d 499, 510 (9th Cir. 2007).  If a defendant requests disclosure of

12  the government's expert opinions under Rule 16 and the government

13  complies, defendant must also provide the "results and reports" of

14  any physical or mental examination and of any scientific tests if (1)

15  the items are in the defendant's possession; and (2) defendant

16  intends to use the items in his case-in-chief or intends to call the

17  witnesses who created the reports.  Fed. R. Crim. P. 16(b)(1)(B).

18         Defendant must also provide written expert notice that describes

19  the bases and reasons for the expert opinions and the witness'

20  qualifications.  Fed. R. Crim. P. 16(b)(1)(C).  The disclosure

21  requirement "is intended to minimize surprise that often results from

22  unexpected expert testimony, reduce the need for continuances, and to

23  provide the opponent with a fair opportunity to test the merit of the

24  expert's testimony."  Fed. R. Crim. P. 16 advisory committee's note

25  to 1993 amendment.

26         The requirement to summarize the expert's bases and reasons,

27  "cover[s] not only written and oral reports, tests, reports and

28  investigations, but any information that might be recognized as a

2

1   legitimate basis for an opinion under Federal Rule of Evidence 703,

2   including opinions of other experts."  Fed. R. Crim. P. 16, Advisory

3   Comm. Notes, 1993 Amendment.  A list of topics for the expert is per

4   se inadequate.  United States v. Duvall, 272 F.3d 825, 828 (7th Cir.

5   2001)

6        Rule 16 requires that "each specific opinion" must be

7   summarized.  United States v. Cervantes, 2015 WL 7734281, at *2 (N.D.

8   Cal. Dec. 1, 2015).  A "general description of possible bases [for a

9   defense expert's opinion] does not meet the requirements of Rule

10  16(b)(1)(C)."  United States v. Sturman, 1998 WL 126066, at *1

11  (S.D.N.Y. Mar. 20, 1998).

12       The touchstone for whether an expert disclosure complies with

13  Rule 16 is whether "the summary—in light of the complexity of the

14  expert testimony—[ ] enable[s] the [opposing party] to prepare for

15  cross-examination."  United States v. Caputo, 382 F. Supp. 2d 1045,

16  1049 (N.D. Ill. 2005).  At a minimum, the disclosed "bases and

17  reasons must be sufficient to allow counsel to frame a Daubert motion

18  (or other motion in limine), to prepare for cross-examination, and to

19  allow a possible counter-expert to meet the purport of the case-in-

20  chief testimony."  United States v. Cerna, 2010 WL 2347406, *8 (N.D.

21  Cal. June 8, 2010).

22       Where a party violates Rule 16, the Court may "prohibit that

23  party from introducing the undisclosed evidence" or "enter any other

24  order that is just under the circumstances."  Fed. R. Crim. P.

25  16(d)(2).  And such an order is "well within the bounds" of the

26  district court's authority under Rule 16.  Grace, 526 F.3d at 503-16.

27       Courts have also precluded expert testimony when the Rule 16

28  disclosures fail to specify the expert's bases, reasons, and sources

1 │ for their opinions.  United States v. Ulbricht, 2015 WL 413318, at *5

2 │ (S.D.N.Y Feb. 1, 2015).)  "This is both sensible and fair."

3 │ Ulbricht, 2015 WL 413318, at *6.  "It is sensible because without the

4 │ appropriate detail, a Court cannot possibly assess admissibility, an

5 │ opposing party cannot prepare a response or for proper cross-

6 │ examination, and a trial devolves into jungle warfare by ambush."

7 │ Id.  "The various rules and the case law interpreting them are

8 │ designed to avoid that outcome."  Id.

9 │      Defendant's proffered expert "opinion" violate Rule 16's

10 │ requirements.  For the reasons stated above and below, the government

11 │ respectfully requests that the Court preclude those areas of expert

12 │ testimony.

13 │      **B.    Daubert Legal Standard**

14 │      In Daubert, the Supreme Court established a "liberal standard of

15 │ admissibility" for expert testimony.  Dorn v. Burlington N. Santa Fe

16 │ R.R. Co., 397 F.3d 1183, 1196 (9th Cir. 2005).  Federal Rule of

17 │ Evidence 702, which incorporates the holding in Daubert, governs

18 │ admissibility of expert testimony.  Under Rule 702, a qualified

19 │ witness may testify in the form of an opinion if: (a) the expert's

20 │ scientific, technical, or other specialized knowledge will help the

21 │ trier of fact to understand the evidence or to determine a fact in

22 │ issue; (b) the testimony is based on sufficient facts or data; (c)

23 │ the testimony is the product of reliable principles and methods; and

24 │ (d) the expert has reliably applied the principles and methods to the

25 │ facts of the case.

26 │           1.    Qualifications of the Expert

27 │      A witness can qualify as an expert on the basis of "knowledge,

28 │ skill, experience, training, or education."  Fed. R. Evid. 702.  "The

4

1   threshold for qualification is low for purposes of admissibility;

2   minimal foundation of knowledge, skill, and experience suffices." In

3   re ConAgra Foods, Inc., 90 F. Supp. 3d 919, 953 (C.D. Cal. 2015),

4   aff'd sub nom. Briseno v. ConAgra Foods, Inc., 844 F.3d 1121 (9th

5   Cir. 2017); see also Fed. R. Evid. 702 advisory committee's note

6   ("[T]he rejection of expert testimony is the exception rather than

7   the rule.").

8                2.    Reliability of the Opinions

9        The Supreme Court provided a list of non-mandatory and non-

10  exclusive factors for the trial court to consider in determining

11  whether proffered expert testimony is the product of reliable

12  principles and methods.  Daubert, 509 U.S. at 592-96.  The Supreme

13  Court also stated that "no one denies that an expert might draw a

14  conclusion from a set of observations based on extensive and

15  specialized experience."  Kumho Tire Co., Ltd. v. Carmichael, 526

16  U.S. 137, 156 (1999); see also Fed. R. Evid 702, Advisory Committee

17  Notes on 2000 Amendment ("Nothing in this amendment is intended to

18  suggest that experience alone – or experience in conjunction with

19  other knowledge, skill, training or education – may not provide a

20  sufficient foundation for expert testimony.").  In this area, the

21  Ninth Circuit has held that "in considering the admissibility of

22  testimony based on some 'other specialized knowledge,' Rule 702

23  generally is to be construed liberally."  United States v. Hankey,

24  203 F.3d 1160, 1168 (9th Cir. 2000).

25       As the "gatekeeper" of expert witness testimony, the district

26  court is charged with making a "preliminary assessment of whether the

27  reasoning or methodology underlying the testimony is . . . valid and

28  of whether that reasoning or methodology properly can be applied to

1   the facts in issue."  United States v. Harmanek, 289 F.3d 1076, 1093

2   (9th Cir. 2002) (citing Daubert, 509 U.S. at 592-93).   The

3   gatekeeping function applies not only to scientific testimony, but to

4   expert testimony of any kind.  Kumho Tire, 526 U.S. at 147.

5       "When evaluating specialized or technical expert opinion

6   testimony, 'the relevant reliability concerns may focus upon personal

7   knowledge or experience.'"  United States v. Sandoval-Mendoza, 472

8   F.3d 645, 655 (9th Cir. 2006) (quoting Kumho Tire, 526 U.S. at 150).

9   Accordingly, if the expert testimony is based on "specialized

10  knowledge" (as opposed to novel "scientific knowledge"), a trial

11  court should focus on the proffered expert's personal experience and

12  methodology because "the Daubert factors are not intended to be

13  exhaustive or unduly restrictive."  Id. (citing Sullivan v. U.S.

14  Dept. of Navy, 365 F.3d 827, 834 (9th Cir. 2004)).

15  **IV.   ARGUMENT**

16      **A.   Defendant's Expert Notice is Insufficient**

17      Defendant's expert notice provided no opinion, let alone any

18  bases, reasons, or methodology for any potential opinion.  Defendant

19  also failed to provide any notes or discovery relating to his experts

20  from which the government can glean what the bases, reasons, or

21  methodology are.  Because of defendant's vague and deficient expert

22  notice, whether the opinions he intends to offer —-to the extent they

23  are opinions -- qualify as scientific, technical, or specialized is

24  entirely unclear.

25      Defendant did not identify a specific expert, outline an expert

26  opinion, and did not provide any basis for his noticed experts.

27  Defendant merely stated they would call one of the four "experts"

28  identified in their attached CVs.  (Dkt. No. 124.)  And stated the

6

1    "qualifications for the staff at ROLOFF Digital Forensics, LLC to

2    testify as an expert witness are contained in the attached CV."

3    (Id.)   Specifically, defendant noticed:

4        "The defense gives notice of its intension to call a member of
         ROLOFF Digital Forensics, LLC as a forensic data expert to
5        provide expert testimony in support of the admission of
         statements made by Jason Fong, the defendant in this case, and
6        the admission of statements made by undercover and online cover
         employees that interacted with him on various encrypted
7        platforms.  The forensic expert will potentially also offer
         testimony concerning internet searches performed by Mr. Fong and
8        testimony concerning the accessibility of internet links and
         materials provided by Mr. Fong to undercover agents and online
9        covert employees.  The qualifications for the staff at ROLOFF
10       Digital Forensics, LLC to testify as an expert witness are
         contained in the attached CV."
11

12   (Id.)

13       Based on this vague notice, defendant has not noticed or

14   described an expert opinion.  The notice is insufficient in that it

15   does not identify which statements and internet searches the expert

16   is referring to.  This is a mere topic of testimony.  Defendant's

17   failure to provide actual opinions limits the government's ability to

18   determine whether there is a proper bases, reasons, or methodology

19   for what the witness is going to testify to.

20       Furthermore, defendant fails to indicate what his witness's

21   interpretations actually are.  And it is entirely unclear how someone

22   from the ROLOFF Digital Forensics team, or any third-party

23   individual, can testify to statements made by others -- let alone of

24   the defendant or the Undercover Witnesses in this case.

25       Defendant also claims that a forensic expert will "potentially

26   also offer testimony concerning internet searches performed by Mr.

27   Fong and testimony concerning the accessibility of internet links and

28   materials provided by Mr. Fong to undercover agents and online covert

7

1  employee."  Again, defendant does not identify which internet

2  searches and what conclusions a forensic expert would testify to.

3       Finally, defendant does not identify his expert.  Defendant

4  attaches four CVs to his notice, but the individuals identified in

5  these CVs vary in their education, experience, and training.  With

6  this insufficient notice, the government cannot adequately prepare

7  for cross-examination and the Court cannot possibly assess

8  admissibility.

9       **B.    Exclusion Is Warranted Here**

10            1.    Defendant's Rule 16 Violations

11       Where a party violates Rule 16, the Court may "prohibit that

12  party from introducing the undisclosed evidence" or "enter any other

13  order that is just under the circumstances."  Fed. R. Crim. P.

14  16(d)(2).  Courts have also precluded expert testimony when the Rule

15  16 disclosures fail to specify the expert's bases, reasons, and

16  sources for their opinions.  Ulbricht, 2015 WL 413318, at *5).  "This

17  is both sensible and fair."  Ulbricht, 2015 WL 413318, at *6.  In

18  Ulbricht, the district court excluded defendant's experts when

19  defendant failed to provide proper Rule 16 expert notice.  Id.  The

20  court noted "[t]he lack of any opinions in defense counsel's initial

21  disclosures is a flagrant failure to comply with Rule 16."  Id.

22  Further, exclusion is proper when the violation is "willful and

23  motivated by a desire to obtain a tactical advantage."  United States

24  v. Finley, 301 F.3d 100, 1018 (9th Cir. 2002).

25       Here, defendant has provided topics of testimony -- not expert

26  opinions.  And, defendant has not supported any opinion by specific

27  bases or reasons.  Therefore, their "expert testimony" should be

28  excluded.

8

1          2.   Defendant's Failure to Meet the Daubert Standard

2          Defendant's lack of notice makes it difficult for the government

3  to determine whether defendant's experts meet Daubert's requirements.

4  Under Daubert, Kumho Tire, and Rules 702, 401 and 403, the Court must

5  act as a gatekeeper when expert testimony is proposed in a federal

6  trial.  When the factual basis, data, principles, methods or their

7  application are called sufficiently into question, . . . the trial

8  judge must determine whether the testimony has a "reliable basis in

9  the knowledge and experience of the relevant discipline."  Kumho

10 Tire, 526 U.S. at 149.  The government has made that showing here and

11 asks that the Court exclude defendant's experts from testifying.

12         The government has shown that defendant's proposed experts must

13 be excluded under the law due to deficient disclosures under Rule

14 16(b)(1)(b), and that their proposed "topics of testimony" are not

15 true expert opinions that are relevant to the issues in this case.

16 **V.    CONCLUSION**

17         The government respectfully requests that the motion be granted.

18

19

20

21

22

23

24

25

26

27

28