

# United States Department of Justice

### United States Attorney's Office
### Central District of California

---

*Mark Takla*
*Assistant United States Attorney*
*Phone:  (714) 338-3591*
*Email:   mark.takla@usdoj.gov*
*Ronald Reagan Federal Bldg./U.S. Dist. Courthouse*
*411 W. 4th St., Suite 8000*
*Santa Ana, California 92701*

*Christine M. Ro*
*Assistant United States Attorney*
*Phone:(213) 894-4496*
*Email: christine.ro@usdoj.gov*
*1500 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

July 30, 2022

**VIA EMAIL**

Karren Kenney
Kenney Legal Defense Firm
2900 Bristol St., Ste C204
Costa Mesa, CA 92626
karren.kenney@gmail.com

Charles D. Swift
Constitutional Law Center
for Muslims in America
100 North Central Expressway, Ste 1010
Richardson, TX 75080
cswift@clcma.org

     Re:    United States v. Jason Fong, No. SA CR 20-146-DOC

Dear Ms. Kenney and Mr. Swift:

    Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the government hereby discloses that at trial in the above-captioned matter the government presently intends to elicit expert testimony from the following witness under Federal Rules of Evidence 702, 703, and 705.  Pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, the government hereby requests reciprocal disclosure from the defense of any evidence that defendant intends to introduce at trial under Rules 702, 703, and/or 705 of the Federal Rules of Evidence.  The government reserves the right to supplement this notice with additional experts and/or additional expert testimony by the below-noticed expert and additional experts, provide you with any expert reports prepared, and/or provide you with any supplemental information related to the below-noticed expert.  The government notes that some of this testimony might not be expert testimony, however provides the following information in an abundance of caution.

**Joseph Jun, Computer Forensics**

    The qualifications of this expert are set forth in his/her/their curriculum vitae which is enclosed with this notice.  The government anticipates calling the above listed individual to assist in laying the appropriate foundations for admissibility of materials found on the digital

July 30, 2022
Re:     <u>United States v. Jason Fong</u>, No. SA CR 20-146-DOC
Page 2

devices seized pursuant to the search warrants executed in this case. Additionally, while the government does not believe testimony of this witness falls within the scope of Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure or Rule 702 of the Federal Rules of Evidence, the government is nonetheless providing this disclosure in an abundance of caution, in the event that the proposed testimony may be construed to qualify as expert testimony.

The government expects this witness will testify regarding the Orange County Regional Computer Forensic Laboratory's procedures and methods related to computer forensics, the imaging and duplication of data storage devices, the processing of device images with forensic tools, verifying the process of imaging and copying, providing agents with access to an exact copy of the original devices, and extracting specific portions of forensic copies at the request of agents.

Specifically, he will testify about the imaging, duplication, and processing of the digital images of the digital devices, and images seized in this investigation, including the date and time that files were created or modified based on forensic analysis. He will testify about the imaging, duplication, and processing of the digital images of the computers and external hard drives seized during this investigation, as well as the extraction of specific portions of forensic copies at the request of reviewing agents, and the date and time that files were created or modified based on forensic analysis. The government expects that he will also discuss the nature and structure of computer file systems and file storage structures (<u>i.e.,</u> folders and directory trees) as they relate to the locations where files were stored on the computers and external hard drives in this case. He is also expected to testify about the use of Cellebrite as a tool to review materials on a mobile telephone.

**Special Agent Bomb Technician Michael Hong**

The government intends to call FBI Special Agent Bomb Technician ("SABT") Michael Hong to testify at trial about the improvised explosive device ("IED") information defendant sent to the undercover law enforcement employees, confidential human source, and others on or about March 17, 2020, April 1, 2020, and May 7, 2020. A copy of SABT Hong's curriculum vitae is enclosed.

SABT Hong is expected to testify that the information could be used to make destructive devices, explosives, and/or weapons of mass destruction as described in 18 U.S.C. § 842(p). SABT Hong is expected to testify that some of the information appear to be screen shots from "Improvised Munitions Black Book," which is based in part on a 1969 U.S. Army manual titled the "TM 31-210 Improvised Munitions Handbook," which is available online. Information also appeared to be from the Army Field Manual on Boobytraps (FM 5-31), which is also available online.

It is anticipated that SABT Hong will testify regarding (1) the functionality of the explosive devices, including the function of each of the various components of the devices, such as the long nails, string-lights, remote controls, detonators, timers, pressure cookers, and other

July 30, 2022
Re:     United States v. Jason Fong, No. SA CR 20-146-DOC
Page 3

improvised devices in the information defendant sent; and (2) the capabilities of the explosive devices, such as the blast radius, lethality, and remote-detonation.

**Special Agent Christopher Denning**

Special Agent Denning is a Special Weapons and Tactics ("SWAT") Expert.  Special Agent Denning has received specialized and extensive training in weapons, tactics, and equipment.

Special Agent Denning is expected to testify that the information defendant distributed on March 24, 2020 (Bates 1328) is tactical building entry techniques used by military and law enforcement in order to enter doors in potentially hostile scenarios in order to minimize the risk of injury and death to military and law enforcement personnel who may be entering a building.

Special Agent Denning is also expected to testify that the way defendant had magazines taped together when his room was searched would allow the user to reload the rifle faster and fire more rounds in a shorter period.  Special Agent Denning is expected to testify that the way defendant placed his firearms – for example under his pillow and in a makeshift rack attached to his bed – and body armor staged in his bedroom would have allowed him to access them very quickly.

The government reserves the right to supplement this expert notice at any time.  The government notes that Rule 16 does not require that the government provide (1) a complete statement of all that the government will elicit; (2) anticipated rebuttal evidence; or (3) all publications and prior testimony.  However, the government recognizes that prior statements of an expert witness could qualify as Jencks or Giglio material.  If you feel this notice is otherwise inadequate, please let the government know.

All material disclosed in discovery may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law are provided voluntarily and solely as a matter of discretion.  By producing such materials to you, the government does not waive its right to object to any future discovery requests beyond the ambit of its legal obligations.

With this letter the government requests all reciprocal discovery to which it is entitled under Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, to include defense expert notice.  The government also requests notice of any intention of your client to rely on an entrapment defense, or a defense involving mental condition or duress, and/or an alibi defense.  Pursuant to Federal Rule of Criminal Procedure 12.1, the dates, times, and places of the charged

July 30, 2022
Re:     <u>United States v. Jason Fong</u>, No. SA CR 20-146-DOC
Page 4

offenses are detailed within the documents included within the discovery.  Please contact us immediately if you believe that this notice is insufficient.

Very truly yours,

    /s/

MARK TAKLA
CHRISTINE M. RO
Assistant United States Attorneys

JOHN CELLA
Trial Attorney, Counterterrorism Section
National Security Division