

# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Christine M. Ro, Assistant United States Attorney*
*John Cella, Trial Attorney, Counterterrorism Section*
*Phone: (213) 894-4496*
*Fax:   (213) 894-2927*
*Email: christine.ro@usdoj.gov*
          *john.cella@usdoj.gov*

*U.S. Attorney's Office*
*312 North Spring Street.*
*Suite 1500*
*Los Angeles, CA 90012*

August 31, 2022

<u>Via Email</u>

Karren Kenny
2900 Bristol St., Suite C204
Costa Mesa, CA 92626
Email: karren.kenney@gmail.com

Charles D. Swift
100 N. Central Expwy., Suite 1010
Richardson, TX 75080
Email: cswift@clcma.org

      Re:    <u>United States v. Jason Fong</u>, SA CR 20-146-DOC

Dear Counsel:

    I write in response to your expert notice dated and filed on July 29, 2022 (Dkt. No. 124). The government believes defendant's expert notice is insufficient under Federal Rule of Criminal Procedure 16.

**A.**    **ROLOFF Digital Forensics, LLC**

    Defendant states that "a member of ROLOFF Digital Forensics, LLC" will testify to the following:

    "The defense gives notice of its intension to call a member of ROLOFF Digital Forensics, LLC as a forensic data expert to provide expert testimony in support of the admission of statements made by Jason Fong, the defendant in this case, and the admission of statements made by undercover and online cover employees that interacted with him on various encrypted platforms.  The forensic expert will potentially also offer testimony concerning internet searches performed by Mr. Fong and testimony concerning the accessibility of internet links and materials provided by Mr. Fong to undercover agents and online covert employees.  The qualifications for

Exhibit C_Page 1 of 3

Re: <u>United States v. Jason Fong</u>, SA CR 20-146-DOC

the staff at ROLOFF Digital Forensics, LLC to testify as an expert witness are contained in the attached CV."

    This notice is insufficient for the following reasons:

1. Defendant does not identify an expert.  Defendant notes that ROLOFF Digital Forensics, LLC will assign one of the four experts based on their availability, but defendant has not identified which expert will testify.

2. Defendant did not notice or describe an expert opinion.  Defendant notes that someone will testify "in support of the admission of statements made by Jason Fong, the defendant in this case, and the admission of statements made by undercover and online cover employees that interacted with him on various encrypted platforms" and "will potentially also offer testimony concerning internet searches performed by Mr. Fong and testimony concerning the accessibility of internet links and materials provided by Mr. Fong to undercover agents and online covert employees."  These are topics of testimony, not expert opinions.  And even these topics remain unclear from defendant's notice, since defendant does not indicate or describe how a "forensic data expert" will offer opinions "in support of the admission" of defendant's statements or statements of "undercover and online cover employees," or opinions regarding "internet searches performed by Mr. Fong" or "the accessibility of internet links and materials…"

Therefore, the government objects to a member of ROLOFF Digital Forensics, LLC from testifying because defendant has not identified a specific expert and has not identified or described an expert opinion.

    Pursuant to Federal Rule of Criminal Procedure 16 and 26.2, the government requests immediate disclosure of the following:

1) The name of the expert witness ((Rule 16(b)(1)(C));
2) A written summary of any expert testimony, including the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications (Rule 16(b)(1)(C));
3) Results and reports of any physical examination, scientific test, or scientific experiment (Rule 16(b)(1)(B));
4) All prior statements of the noticed purported experts to include reports, emails, and expert notices (Rule 26.2); and
5) Identification of the cases in which these witnesses have testified in during the past five years.

                                        **************

Re: <u>United States v. Jason Fong</u>, SA CR 20-146-DOC

### B. Russian Language Expert

In defendant's expert notice, defendant has also identified "the potential need for a Russian language expert in this case." The government will identify to the defense specific Russian translations that the government intends to admit in trial. The government hopes to meet and confer to resolve any Russian translation issues.

Please let me know if you would like to discuss further.

Very truly yours,

CHRISTINE M. RO
Assistant United States Attorney