E. MARTIN ESTRADA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
CHRISTINE M. RO (Cal. Bar No. 285401)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4496
     Facsimile: (213) 894-2927
     E-mail:    christine.ro@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
National Security Division
JOHN CELLA (D.C. Bar No. 1035356)
Trial Attorney
Counterterrorism Section
     950 Pennsylvania Ave, NW
     Washington, DC 20530
     Telephone: (202) 305-1601
     Email:     John.Cella@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JASON FONG,<br>　aka "asian_ghazi,"<br>　aka "Jason Asian Ghazi,"<br>　aka "Mustafa Ahmed Al-Hakim,"<br><br>　　　　Defendant. | No. SA CR 20-00146(A)-DOC<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE; (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT; (3) DISCLOSURE AND DISCOVERY PLAN; AND (4) PRETRIAL BRIEFING SCHEDULE<br><br>**TRIAL DATE:**　　　1/17/2023 |

　　　Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Christine M. Ro

and National Security Division Counterterrorism Section Trial Attorney John Cella, and defendant Jason Fong ("defendant"), both individually and by and through his counsel of record, Karren Kenney and Charles D. Swift, hereby file this Stipulation for (1) Continuance of the Trial Date; (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act; (3) Disclosure and Discovery Plan; and (4) Pretrial Briefing Schedule.

The parties stipulate as follows:

1.  The Information in this case was filed on October 6, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 19, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 28, 2020.

2.  Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately five days.

3.  The Court has previously continued the trial date in this case from December 8, 2020, to October 25, 2022, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

4.  This Court held a hearing on the parties Motion for Reconsideration on the Parties Stipulation Regarding Request for (1) Continuance of Trial Date; (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act; (3) Disclosure and Discovery Plan; and (4) Pretrial Briefing Schedule. At that hearing, at the request of defendant, the Court continued the trial date from October 25, 2022, to January 17, 2023.

5. In addition, the parties jointly request that the Court incorporate into its Order granting the requested continuance and the deadlines described in **Attachment A.**

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

7. Defendant was originally charged in an Information with a violation of 18 U.S.C. § 2339C(c): Concealing the Provision of Material Support and Resources and Funds. On December 22, 2021, the Court continued the trial date from January 25, 2022, to October 25, 2022.

8. On April 27, 2022, the government filed the First Superseding Indictment where defendant is charged with four-counts of 18 U.S.C. § 2339B(a)(1): Attempting to Provide Material Support to a Foreign Terrorist Organization. After the government filed the First Superseding Indictment, the trial date remained for October 25, 2022.

   a. The government has produced discovery to the defense, including approximately 18,387 pages of written reports, audio and video recordings, and defendant's digital devices.

   b. On November 19, 2020, current defense counsel, Karren Kenney, substituted in as counsel of record. Ms. Kenney is presently scheduled to be in the following trials: United States v. Acosta-Lemus (Southern District of California), Case No.: 22-cr-00032, with a trial scheduled for December 8, 2022; United States v. Mendoza-Rueda, Case No.: 8:20-cr-00171-JVS-12, with a trial scheduled for January 17, 2023; United States v. Waldrop, trial scheduled for March 13, 2023; United States Weiss, Case No.: 21-cr-00019-JVS, with a

trial scheduled for May 9, 2023; and United States v. Duarte, Case No.: 8:22-cr-00056-DOC-2, with a trial scheduled for May 23, 2023.

      c.    Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare this case on the October 25, 2022 trial date.

      d.    On March 29, 2022, approximately one-month prior to the First Superseding Indictment, defendant's current co-counsel, Charles D. Swift, substituted in as co-counsel of record. Mr. Swift is presently scheduled to be in the following trial: United States v. Wadi (Western District of Texas), Case No.: 21-cr-00244, a three-week trial scheduled for February 13, 2023.

      e.    Accordingly, co-counsel represents that he will not have the time that he believes is necessary to prepare this case on the October 25, 2022 trial date.

      f.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.

9.    In addition, on October 4, 2022, counsel for the defendant represented to the Court that they needed additional time to secure a mental health evaluation pursuant to their ex parte, in camera filing (Dkt. Nos. 138, 139, and 142) As further explained in the in camera filing and sealed portion of the hearing, defendant requested the continuance for the following reasons:

   a. Defense counsel represent that they have identified an expert to evaluate defendant in connection with any affirmative mental health defenses. According to defense counsel, the expert's earliest availability to examine defendant is in November 2022. If the identified expert reports a preliminary diagnosis, another physician/mental health expert will need to evaluate defendant to support a conclusory diagnosis.

   b. In July 2022, the defense team identified that defendant required a mental health examination. Although the Information in this case was filed in 2020, defendant's current defense team did not finalize until March 29, 2022. And approximately three months after the government filed the First Superseding Indictment on April 27, 2022, defendant's current counsel identified that there was reason to believe that defendant required a mental health examination to explore potential affirmative defenses. Defense counsel represent that failure to have a mental health expert examine defendant will amount to ineffective assistance of counsel. Defendant outlined additional and specific details in their ex parte, in camera filing to support this request for a continuance.

 10. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

 11. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

 12. The government does not object to the continuance.

 13. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the

attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

14. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 25, 2022 to January 17, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//
//
//
//
//
//
//
//
//
//
//

15. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 12, 2022       Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

           /s/
_____
CHRISTINE M. RO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Jason Fong's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than January 17, 2023 is an informed and voluntary one.

_/s/ Karren Kenney_      10/13/22
KARREN KENNEY      Date
CHARLES D. SWIFT
Attorney for Defendant
JASON FONG

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 17, 2023. I understand that I will be ordered to appear in Courtroom 10A of the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Santa Ana, California on January 17, 2023 at 8:30 a.m.

_/s/ Jason Fong_      10/13/22
JASON FONG      Date
Defendant