KARREN KENNEY, CA. SBN 174872
KENNEY LEGAL DEFENSE
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
TELEPHONE:(855) 505-5588
E-MAIL: KARREN.KENNEY@GMAIL.COM

CHARLES D. SWIFT, WA Bar No. 41671
CONSTITUTIONAL LAW CENTER FOR
MUSLIMS IN AMERICA
100 N. Central Expy. SUITE 1010
Richardson, TX 75080
TELEPHONE: (972) 914-2507
FAX: (972) 692-7454
EMAIL: CSWIFT@CLCMA.ORG

ATTORNEYS FOR THE DEFENDANT

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JASON FONG,
aka "asian_ghazi,"
aka "Jason Asian Ghazi,"
aka "Mustafa Ahmed Al-Hakim,"

Defendant.

No. CR 20-00146(A)-DOC

JOINT PROPOSED QUESTIONS FOR JURY QUESTIONNAIRE

Trial Date: January 17, 2023
Trial Time: 8:30 a.m.
Location: Courtroom of the Hon. David O. Carter

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Christine M. Ro and National Security Division Counterterrorism Section Trial Attorney John Cella, and defendant Jason Fong ("defendant"), both individually and by and through his counsel of record, Karren Kenney and Charles Swift, hereby submit their request for a jury questionnaire. In

support of their request the parties have jointly prepared Proposed Questions for Jury Questionnaire to be provided to potential jurors in advance of voir dire, in lieu of attorney submitted or attorney led voir dire in the above-captioned case, attached hereto as Exhibit 1.[1]

In support of the requested questionnaire, the parties jointly submit that use of a questionnaire is within this Court's sound discretion and that courts have allowed questionnaires for a variety of reasons. See e.g., United States v. Ashburn, No. 13-CR- 0303 (NGG), 2014 U.S. Dist. LEXIS 158657, at *57 (E.D.N.Y. Nov. 7, 2014) (to preserve judicial economy), Turner v. Murray, 476 U.S. 28 (1986) (interracial crime); Aldridge v. United States, 283 U.S. 308 (1931) (exploration of racial prejudice); United States v. Napoleone, 349 F.2d 350 (3d Cir. 1965) (prejudice against liars); United States v. Baldwin, 607 F. 2d 1295 (9th Cir. 1979) (bias in favor of law enforcement officers); United States v. Washington, 819 F. 2d 221 (9th Cir. 1987) (knowledge of government witnesses).

Defendant respectfully submits that the use of a questionnaire is appropriate in this case for three specific reasons:[2]

First, is potential bias against the defendant. The Pew Research

[1] The attached questionnaire represents the parties agreed upon questions. The parties reserve the right to supplement questions by separate motion for inclusion in the proposed questionnaire for use during voir dire and/or to be permitted to ask follow-up questions of individual juror during voir dire, as necessary.

[2] The government does not agree with the three specific reasons listed herein, but the government does not object to the use of the proposed jury questionnaire.

Center in 2017 found that, "about half of Americans (49%) think at least "some" U.S. Muslims are anti-American, greater than the share who say "just a few" or "none" are anti-American, according to a January 2016 survey."[3] Because terrorism charges invoke strong feelings public, questionnaires have become a commonly used tool to uncover conscious and unconscious bias in cases involving terrorism related charges. See United States v. Muhanad Mahmoud AL Farekh, No. 15-CR-268 (BMC), 2017 U.S. Dist. LEXIS 93169, at *1 (E.D.N.Y. June 15, 2017) (approving the use of a questionnaire and observing "[m]any courts, including this Court, have concluded the use of jury questionnaires are appropriate in terrorism cases.") The proposed questionnaire, similar to other questionnaires used in terrorism cases, seeks to elicit whether the prospective juror bias renders them unable to serve in the present case.

The second reason is bias towards law enforcement. While questionnaires have been historically used to uncover a pro-law enforcement bias, the increasing politicization of law enforcement in general, and the FBI in particular, raises the equally concerning potential for anti-law enforcement bias. A Pew study in 2018 indicated that 26% percent of people view the FBI unfavorably.[4] Since 2017, the

---

[3] Lipka, Michael, Muslims and Islam: Key Findings in the U.S. and Around the World. Pew Research Center, August 9, 2017. Available at: https://www.pewresearch.org/fact- tank/2017/08/09/muslims-and-islam-key-findings-in-the-u-s-and-around-the-world/

[4] Growing Partisan Differences in Views of the FBI; Stark Divide Over ICE. Pew Report, July 24, 2018. Available at: https://www.forbes.com/sites/adamandrzejewski/2021/11/18/fbi-and-other-agencies-paid-informants-548- million-in-recent-years-with-many-committing-authorized-crimes/?sh=4227e126f4dd.

study notes that the share of Republicans with a positive view of the FBI has dropped 16%. In 2018, 44% of Republicans had unfavorable views of the FBI. Since the Pew study, the political climate culminating in FBI's search of former President Donald Trump's winter residence at Mar al Logo has seen an increase in divisiveness. Accordingly, the proposed questionnaire seeks to elicit whether the prospective juror bias renders them unable fairly evaluate the testimony in the present case.

The final reason is efficiency. The experience of defense counsel is that for the reasons outlined above, the percentage of prospective cause challenges is greater in a terrorism case involving the facts present here. While a questionnaire does not eliminate the need for all questioning of individual jurors, it significantly streamlines the process. See United States v. Nacchio, No. 05-cr-00545-EWN, 2007 U.S. Dist. LEXIS 115687, at *4 (D. Colo. Jan. 25, 2007) (holding that "[a] questionnaire serves the purpose of efficiency, because it saves time and money for the judiciary and a significant number of prospective jurors by determining prior to voir dire which individuals cannot serve."

The parties respectfully request that potential jurors answer the questions listed below in writing, in advance of group voir dire.

Dated: November 3, 2022

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

/s/
CHRISTINE M. RO
Assistant United States Attorney

JOHN CELLA
Trial Attorney
Counterterrorism Section
National Security Division

Attorneys for Plaintiff
UNITED STATES OF AMERICA

By: /s/ Charles Swift
Charles D. Swift, CLCMA
*Pro Hac* Attorney for Fong
100 N. Central Expy, Suite 1010
Richardson, TX 75080
(972) 914-2507

Karren Kenney
Karren Kenney, Kenney Legal Defense
Attorney for Fong
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
(855) 505-5588