KARREN KENNEY, CA. SBN 174872
KENNEY LEGAL DEFENSE
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
TELEPHONE:(855) 505-5588
E-MAIL: KARREN.KENNEY@GMAIL.COM

CHARLES D. SWIFT, WA Bar No. 41671
CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA
100 N. Central Expy. SUITE 1010
Richardson, TX  75080
TELEPHONE: (972) 914-2507
FAX: (972) 692-7454
EMAIL: CSWIFT@CLCMA.ORG

ATTORNEYS FOR THE DEFENDANT

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA | Case No.    SACR  20-00146 -DOC |
| v. | **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM USING AN ENTRAPMENT DEFENSE (DOC. 146)** |
| JASON FONG | |

The government seeks to preclude the defense from arguing or presenting evidence of entrapment.  Generally, "the issue of whether a defendant has been entrapped is for the jury as part of its function of determining the guilt or innocence of the accused." *Sherman v. United States*, 356 U.S. 369, 377 (1958).  As a factual issue, a defense of entrapment is rarely, if ever, an appropriate vehicle for a motion to dismiss an indictment. See *United States v. Towne*, 705 F. Supp. 2d 125 (D. Mass. 2010) (holding that entrapment is an issue of fact and is therefore an inappropriate subject for a motion to dismiss an indictment. *Id.* at 136).

Nevertheless, the Ninth Circuit in *United States v. Gurolla*, 333 F.3d 944 (9th Cir. 2003) has held that "a district court may require a defendant to submit a pretrial offer of proof on an entrapment defense." *Id*. at 951 n.5.

The result is that entrapment "is now regularly litigated . . . before trial, on the government's motion in limine to preclude the defense*." United States v. Mayfield*, 771 F.3d 417, 440 (7th Cir. 2014). The practice "carries an increased risk that the court will be tempted to balance the defendant's evidence against the government's, invading the province of the jury." *Id.* To mitigate that risk, "the court must accept the defendant's proffered evidence as true and not weigh the government's evidence against it." *Id.* at 440-41 (Internal cites omitted.); *See also United States v. Drake*, No. 1:19-cr-00402-DCN-1, 2020 U.S. Dist. LEXIS 184666, at (D. Idaho Oct. 2, 2020)(adopting the Seventh Circuit's reasoning in *Mayfield. Id.* at 37-38).

In proffering the evidence, the defendant is entitled to submit an *ex parte* declaration of the defendant's expected testimony on the issue of entrapment. See *Gurolla*, 333 F.3d at 953 n.11. The defendant submits that he could easily proffer sufficient evidence for one or more of the charges. For instance, with regard to Count IV, the undercover government agents utilized the defendant's recent conversion and lack of knowledge of Islam to incorrectly suggest to the defendant that the appropriate zakat[1] was to support fighters instead of charitable contributions (widows and orphans, for example).

Mr. Fong, however, does not intend to offer a defense of entrapment, nor seek the instruction for entrapment. Instead, the defendant intends to maintain at trial that the evidence is insufficient to prove the elements of the charged offenses, and that his activities were protected speech under the First Amendment. The defendant could of course both maintain that the evidence is insufficient, and in the alternative, seek and entrapment instruction. See *Mathews v. United States*, 485 U.S. 58, (1988)(holding that a defendant in a federal criminal prosecution who denies commission of the crime may nonetheless have the jury instructed, where the evidence warrants,

---

[1] "Zakat" is a required donation or tithe in Islam and is one of the pillars/requirements of the practice of the religion.

on the affirmative defense of entrapment. *Id.* at 59-60.) Mr. Fong, however, at present, chooses not to avail himself of that right. Mr. Fong's decision is tactical. The defense of entrapment opens the doors to propensity evidence the government seeks to admit in Doc. 144, under 404(b). The Ninth Circuit recently held in *United States v. Gomez*, 6 F.4th 992, (9th Cir. 2021), that the government can introduce propensity evidence otherwise excludable under Fed. Rule Evid. 404(b) to rebut an anticipated entrapment defense as "part of the prosecution's case in chief only where it is clear that the entrapment defense will be invoked." *Id.* at 1003 (Internal cites and punctuation omitted). In as much as the government's motion is an invitation to the defense to open the door at this stage to the entry of the defendant's "bad acts", the defense refuses to take the bait.

The defendant's choice not to pursue an entrapment defense is of course dependent on this Court's rulings regarding the admissibility of "the bad acts" the government seeks to alternatively admit in Doc. 144, under 404(b). If the defendant, after this Court's ruling concerning the admissibility of other bad acts, determines that he desires to seek an entrapment instruction, counsel will promptly proffer facts in support of the defense.

## CONCLUSION

For the reasons stated above, this Court should deny as moot the government's motion to preclude defendant from using an entrapment defense, subject to reconsideration should the defense proffer evidence of an entrapment.

Respectfully submitted this 4th day of November, 2022.

By: /s/ Charles D. Swift
Charles D. Swift
Pro Hac Vice Attorneys for Defendant
100 N. Central Expy, Ste 1010
Richardson, TX 75080
(972) 914-2507