KARREN KENNEY, CA. SBN 174872
KENNEY LEGAL DEFENSE
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
TELEPHONE:(855) 505-5588
E-MAIL: KARREN.KENNEY@GMAIL.COM

CHARLES D. SWIFT, WA Bar No. 41671
CONSTITUTIONAL LAW CENTER FOR
MUSLIMS IN AMERICA
100 N. Central Expy. SUITE 1010
Richardson, TX  75080
TELEPHONE: (972) 914-2507
FAX: (972) 692-7454
EMAIL: CSWIFT@CLCMA.ORG

ATTORNEYS FOR THE DEFENDANT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>JASON FONG<br><br>　　　　　　Defendant(s). | Case No.: SACR 20-00146-DOC<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINIE TO PRECLUDE DEFENDANT'S HEARSAY STATEMENTS** |

**DEFENDANT'S RESPONSE TO GOVERNMENT MOTION IN LIMINE TO PRECLUDE DEFENDANT'S HEARSAY STATEMENTS**

The government seeks to preclude the defendant from generally entering his prior written statements on the grounds that they are hearsay. The government also seeks a generic ruling that the government may admit portions of the defendant's statements without opening the door to admission of the statements as a whole. Rather than offering specific objections with regards to hearsay or the Rule of Completeness, the government asks this Court to make generic rulings. For

the reasons stated below, this Court should deny the government's requests at this point.

**The Court Should Reject the Government's Hearsay Argument.**

There is no dispute that Mr. Fong's statements do not themselves constitute hearsay under Federal Rule of Evidence 801 when offered by the government against Mr. Fong. (Mr. Fong reserves the right to challenge their admissibility on other bases.) Nor does Mr. Fong challenge the general rule that admission of Mr. Fong's out-of-court statements by the government does not open the door to blanket admission of all of Mr. Fong's other out-of-court statements by the defense.

That said, the government's effort to seek a blanket prohibition on the introduction of any of Mr. Fong's out-of-court statements by the defense is contrary to the Federal Rules of Evidence and would violate Mr. Fong's constitutional rights. None of the cases cited by the government bar all admission of a defendant's statements by the defendant. Rather they address admission of hearsay under Rules 801 through 803. In this case, there are at least four different theories that potentially apply.

**1. Mr. Fong's statements are admissible for non-hearsay purposes**

First, there is no statutory or other prohibition on defendants seeking to admit their own statements for a non-hearsay purpose—i.e., not being offered for the truth but for the fact that it was said. *See United States v. Payne*, 944 F.2d 1458 (9th Cir. 1991) (Holding that an out-of-court statement offered to show the effect on the listener, rather than the truth of the matter asserted, is not hearsay. *Id* at 1472). As such, the government's current motion is overly broad so much as it would bar Mr. Fong's statements offered for a non-hearsay purpose.

**2. Fed. Rule Evid. 803**

Second, Mr. Fong is entitled to admit his own statements if the statement falls within an exception enumerated by Fed. Rule Evid. 803. Particularly relevant here is the admission of a statement by the declarant of their "then-existing state of mind such as motive, intent, or plan" under Fed. Rule Evid. 803 (3). This exception facially applies to multiple statements by the defendant

during his interactions with the undercovers and will require a statement-by-statement review to determine inadmissibility. As such the government's current motion is overly broad as it would bar admission of the defendant's statements without consideration of whether 803(3) applies.

### 3. Rule of Completeness

Not only does the government seek to limit relevant statements of the defendant that fall under hearsay exceptions, but they also seek to exclude the defendant's statements from portions of evidence that they admit and state that that the defendant is "not entitled to offer additional portions of his statements just because they were spoken or written next to the admitted statements." Govt. MIL Hearsay, ECF No. 147 at 5.

But the Rule of Completeness does allow the Defendant to introduce excerpts of his statements where they are necessary to correct misleading proffers by the government. Fed. R. Evid. 106; *United States v. Johnson*, No. 14-cr-00412-TEH, 2015 U.S. Dist. LEXIS 105518, at *22-23 (N.D. Cal. Aug. 11, 2015) citing *United States v. Wilde*, 2015 U.S. Dist. LEXIS 4594, at *9 (N.D. Cal. Jan. 13, 2015) ("Although the Rule of Completeness cannot serve as an end run around the prohibition on inadmissible hearsay, this principle does not allow the Government to offer abridged portions of statements that distort the meaning of a statement."). Consequently, the "Rule of Completeness allows the admission of statements in their entirety when the Government introduces only a portion of *inextricably intertwined* statements." *Id.* (citation and quotation marks omitted) (emphasis in original).

The Rule of Completeness extends to Mr. Fong's oral statements to the investigators. The Ninth Circuit has recognized that "Fed. R. Evid. 611(a) grants district courts the same authority regarding oral statements which [Rule] 106 grants regarding written and recorded statements." *United States v. Collicott*, 92 F.3d 973, 983 n.12 (9th Cir. 1996) (citing *United States v. Li*, 55 F.3d 325, 329 (7th Cir. 1995)); *United States v. Mussaleen*, 35 F.3d 692, 696 (2nd Cir. 1994)). Thus, the Ninth

Circuit has continued to entertain arguments about the potential for defendants to admit their own out-of-court statements to correct a misleading impression based upon selective admission of a defendant's out-of-court oral statements—i.e., applying the policy for the Rule of Completeness to oral statements. *See, e.g., United States v. Liera-Morales*, 759 F.3d 1105, 1111 (9th Cir. 2014) (finding no error rejecting defendant's statements because "court carefully and thoroughly considered the government's proffered statements from the post-arrest interview and correctly determined the statements were neither misleading nor taken out of context"); *United States v. Demint*, 661 F. App'x 484, 489 (9th Cir. 2016) (considering argument whether additional statements should have been admitted to avoid misleading context).

At this time, however, this Court cannot make a determination about Mr. Fong's admissible statements because the government has not identified any particular statements it wishes to exclude, and it has not stated which portions of statements it wishes to cherry-pick out Mr. Fong's statements. Thus, the government's Motion reads more like a summary of law (or rather, its characterization of the law) as it fails to identify any actual evidence to which it objects; making the argument entirely hypothetical and not ripe for a ruling.

### 4. Mr. Fong's expert may base their opinions on hearsay under Rule 703.

Under Rule 703, experts are generally permitted to rely on otherwise inadmissible evidence in formulating an expert opinion. Rule 703 "relaxes, for experts, the requirement that witnesses have personal knowledge of the matter to which they testify." *Claar v. Burlington N. R. Co.*, 29 F.3d 499, 501 (9th Cir. 1994). Experts may offer opinions based on otherwise inadmissible testimonial hearsay if "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject," Fed. R. Evid. 703, and if they are "applying [their] training and experience to the sources before [them] and reaching an independent judgment," as opposed to "merely acting as a transmitter for testimonial hearsay," *United States v. Gomez*, 725 F.3d 1121, 1129 (9th Cir. 2013)

(quoting *United States v. Johnson*, 587 F.3d 625, 635 (4th Cir. 2009)). Accordingly, this Court should permit Mr. Fong's experts to testify regarding their opinions on Mr. Fong's statements.

## CONCLUSION

Mr. Fong requests the Court take the following action on the Motion in Limine to Preclude Defendant's Own Hearsay Testimony: (1) deny the Motion as to the government's hearsay argument, and (2) defer ruling on the Motion as to the government's hypothetical request to exclude portions of the defendant's statements from their evidence.

Respectfully submitted this 4th day of November 2022.

By: /s/ Charles Swift
Charles D. Swift, CLCMA
*Pro Hac* Attorney for Fong
100 N. Central Expy, Suite 1010
Richardson, TX 75080
(972) 914-2507

By: /s/ Karren Kenney
Karren Kenney, Kenney Legal Defense
Attorney for Fong
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
(855) 505-5588