KARREN KENNEY, CA. SBN 174872
KENNEY LEGAL DEFENSE
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
TELEPHONE:(855) 505-5588
E-MAIL: KARREN.KENNEY@GMAIL.COM

CHARLES D. SWIFT, WA Bar No. 41671
CONSTITUTIONAL LAW CENTER FOR
MUSLIMS IN AMERICA
100 N. Central Expy. SUITE 1010
Richardson, TX  75080
TELEPHONE: (972) 914-2507
FAX: (972) 692-7454
EMAIL: CSWIFT@CLCMA.ORG

ATTORNEYS FOR THE DEFENDANT

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATE OF AMERICA | Case No.    SACR  20-00146 -DOC |
| v. | **RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PERMIT INTRODUCTION OF EVIDENCE PURSUANT TO FEDERAL RULE 404(b)** |
| JASON FONG | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN
LIMINE TO PERMIT INTRODUCTION OF EVIDENCE
PURSUANT TO FEDERAL RULE 404(b)**

# TABLE OF CONTENTS

I.    **FACTUAL BACKGROUNDS** ............................................................................. 2

II.   **APPLICABLE LEGAL STANDARDS** ........................................................... 3

     a. Intrinsic Evidence ............................................................................................ 3

     b. Rule 404(b) Requirements ............................................................................. 3

     c. Even if evidence is intrinsic, or offered for a proper purpose under 404(b), it must be relevant and directly prove a fact of consequence ............................................ 5

     d. The potential prejudice and risk of confusion to the jury must not substantially outweigh the probative value of the evidence ...................................................................... 6

III.   **THE CHARGES** .............................................................................................. 7

IV.   **ARGUMENT** .................................................................................................... 8

    **A. DEFENDANT'S ATTEMPTS TO POSSESS AND ACTUAL POSSESSION OF FIREARMS, AMMUNITION, AND BODY ARMOR, AND HIS MODIFICATION OF FIREARMS** ........................................................................................................ 8

       1. Possession of firearms, ammunition, magazines, and body armor ................... 8

         *a) Evidence is not Intrinsic* ......................................................................... 8

         *b) Evidence is not admissible for a non-propensity Rule 404(b) purpose* ................. 9

         *c) Evidence is not relevant (material) to proving element of charged offenses* ........ 11

         *d) Probative value is substantially outweighed by prejudicial effect* ...................... 11

    **B. DEFENDANT'S THREATS OF VIOLENCE** ............................................. 12

       1. Evidence of family altercation two-years prior to charged offenses ................. 13

         *a) Evidence is not intrinsic* ......................................................................... 13

         *b) Evidence is not admissible for a  non-propensity Rule 404(b) purpo* ................. 13

         *c) Evidence is not relevant (material) to proving element of charged offenses* ........ 15

         *d) Probative value is substantially outweighed by unfair prejudice* ...................... 15

       2. Threats of violence, statements about targeted acts against police, the U.S. military, LGBTQ community and teachers .............................................................................. 16

         *a) Evidence is not intrinsic* ......................................................................... 16

         *b) 404(b)- Non-propensity purposes* ........................................................... 17

         *c) Evidence is not relevant (material) to proving element of charged offenses* ........ 19

         *d) Probative value is substantially outweighed by unfair prejudice* ...................... 19

    **C. DEFENDANT'S EXPRESSED SUPPORT FOR, AND SYMPATHY TOWARDS, FOREIGN EXTREMIST ORGANIZATIONS AND EXTREMIST IDEOLOGIES** ... 20

       1. Statements regarding HTS or Hamas ........................................................... 20

       2. Nazi Paraphernalia and statements about Nazi's ........................................... 20

         *a) Evidence i s not intrinsic* ........................................................................ 20

         *b) Evidence is not admissible for a non-propensity Rule 404(b) purpose* ................. 21

         *c) Relevant (material) to proving element of charged offenses* ................................ 22

         *d) Probative value is substantially outweighed by prejudicial effect* ...................... 22

**D. STATEMENTS REGARDING SYMPATHY TOWARDS OTHER ORGANIZATIONS   OR EXTREMISTS (i.e. SOLDIERS OF THE CAUCUS, AJNAD AL KAVKAZ, ANWAR AL-AWLAKI) AND EXTREMIST IMAGES AND VIDEOS** ........................................................................... **Error! Bookmark not defined.**

    *a) Evidence is not intrinsic* ............................................... 23

    *b) Evidence is not admissible for a non-propensity Rule 404(b)purpose* ......................... 24

    *c) Evidence is not relevant (material) to proving element of charged offenses* ................ 25

    *d) Probative value is substantially outweighed by prejudicial effect* ................................ 25

**E. DEFENDANT'S LIES TO LAW ENFORCEMENT DURING HIS MAY 20, 2020, INTERVIEW** ........................................................................................................ 26

    *a) Element of the Offense* ................................................ 26

    *b) Rule of Completeness* .................................................. 26

**VII.   CONCLUSION** ........................................................................... 26

1

2

<u>**TABLE OF AUTHORITIES**</u>

3

**Supreme Court Cases**

4

*Huddleston v. United States*
    485 U.S. 681 (1988)..............................................................................................4, 6

*Michelson v. United States*
    335 U.S. 469   (1948)................................................................................................4

*Old Chief v. United States*
    519 U.S. 172, (1997)............................................................................................4,6

5

6

7

8

9

**Circuit Court Cases**

10

*United States v. Bailleaux*
    685 F.2d 1105 (9th Cir. 1982) ..............................................................................5

*United States v. Beckman*
    298 F.3d 788 (9th Cir. 2002) .............................................................................3,4

*United States v. Brooke*
    4 F.3d 1480 (9th Cir. 1993) ...................................................................................6

*United States v. Brown*
    880 F.2d 1012 (9th Cir. 1989) ........................................................... 4, 14, 15, 23

*United States v. Charley*
    1 F.4th 637 (9th Cir. 2021) ............................................................................13, 14

*United States v. Green*
    617 F.3d 233 (3d Cir. 2010)..................................................................................9

*United States v. Howell*
    231 F.3d 615 (9th Cir. 2000) .................................................................................5

*United States v. Romero*
    282 F.3d 683 (9th Cir. 2002) .................................................................................5

*United States v. Sager*
    227 F.3d 1138, 2000 U.S. App. LEXIS 23616 (9th Cir. 2000) ...........................5

*United States v. Santini*
    656 F.3d 1075 (9th Cir. 2011) ..............................................................................5

*United States v. Vizcarra-Martinez*
    66 F.3d 1006 (9th Cir. 1995) .........................................................................3, 16

*United States v. Young*
    916 F.3d 368 (4th Cir. 2019) ..............................................................................21

*United States v. Mayans*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iv

            17 F.3d 1174 (9th Cir. 1994) ................................................................... 6
*United States v. Mehrmanesh*
            689 F.2d 822 (9th Cir. 1982) .................................................................. 6

United States v. *Montgomery*
            150 F.3d 983 (9th Cir. 1998) .................................................................. 6


**District Court Cases**

*United States v. Johnson*
            No. 14-cr-00412-TEH, 2015 U.S. Dist. LEXIS 105518 (N.D. Cal. Aug. 11, 2015) .......... 26

*United States v. Mota*
            No. 13-cr-00093-JST-1, 2015 U.S. Dist. LEXIS 16893 (N.D. Cal. Feb. 11, 2015) ......... 8, 9


Rules

FED. R. EVID. 404(B) ................................................................. 1, 3, 4, 6, 13, 14, 18, 26

FED. R. EVID. 403 ..................................................................................... 1, 6, 12

FED. R. EVID. 106 .........................................................................................26

FED. R. EVID 401 .........................................................................................4

FED. R. EVID 402 .........................................................................................4


Statutes

18 U.S.C. § 2339B(a)(1) ...............................................................................7

The government seeks to admit evidence of Mr. Fong's alleged other bad acts, in the form of:

(1) expressed support for and sympathy toward foreign extremist organizations, extremist teachings, and designated foreign terrorist organizations and other extremist groups;

(2) attempts to possess and his actual possession of firearms, ammunition, and body armor, as well as his modification of firearms;

(3) threats of violence against individuals in the United States including the military, police officers, members of his family, and others; and

(4) lies to law enforcement during his May 20, 2020 interview. Gov't Mot., ECF No. 144. The defense does not dispute that statements relevant to Mr. Fong's knowledge of HTS and Hamas, and their activities are admissible. The government argues that the rest of the other bad acts evidence is admissible because it is (1) inextricably intertwined with the charges in the indictment, and (2) is probative of the defendant's motive, preparation, plan, knowledge, intent, absence of mistake, and the context of other evidence of the charged conduct.[1] The government further argues that the Offered Evidence is not unduly prejudicial and is thus also admissible under Rule 403.

These arguments fail because:

- the alleged other bad acts do not tend to prove an element of the material support charges and most are not contemporaneous with the discrete charged activities, and thus are not intrinsic to the charged offenses.

- the other bad acts are propensity evidence, that do not satisfy the requirements of Rule 404(b), as elucidated by the Supreme Court and the Ninth Circuit.

- Finally, the bad acts must still be excluded because any probative value is substantially outweighed by the prejudice inflicted on Mr. Fong and the risk of confusion to the jury.

---

[1] Rather than seeking admission of specific pieces of evidence, the government seeks to admit evidence based solely on broad categories. Mr. Fong submits that given the volume of evidence, a hearing is necessary to determine whether the evidence is intrinsic or admissible under Rule 404(b) and to consider the cumulative effect and prejudice under Rule 403.

## I. Factual Background

Between February 2020, and June 2020, the New York Police Department ("NYPD") and Federal Bureau of Investigation ("FBI") investigated Mr. Fong based on his social media use. In February of 2020, the NYPD identified Mr. Fong as a Marine reservist who was being discussed by persons they suspected of supporting the Islamic State of Iraq and al Sham ("ISIS"), a designated Foreign Terrorist Organization ("FTO"). Similarly, the Alabama field office of the FBI identified Mr. Fong as a potential suspect based on his social media posts on Instagram. Both the NYPD and the Alabama field office contacted Mr. Fong utilizing undercover online operatives.

Mr. Fong created the "Mujahideen in America" Signal chat in February 2020 as an alternative to the Instagram group chat "Baqiyah" that he had been participating in, and to criticize the persons who supported ISIS in that group chat. Mr. Fong's expressed purpose for creating "Mujahideen in America" was to prepare Muslims to defend themselves in the event of an impending civil war.

On March 17, 2020, and April 1, 2020, Mr. Fong shared the material that is the subject of Count 1 and Count 2 to the members of the "Mujahideen in America" group chat. As members of the "Mujahideen in America" group chat the undercovers received these materials on their mobile phones and created screenshots on their devices of the materials.

On May 7, 2020, the FBI Alabama operative invited Mr. Fong to a private chat on Signal wherein he introduced Mr. Fong to a second FBI undercover online operative who posed as an HTS commander seeking Mr. Fong's assistance for his fictional unit "which had recently lost its bomb maker". During their online conversation, Mr. Fong provided a link to a 1965 Army field manual about booby traps. On May 8, 2020, Mr. Fong told the NYPD undercover online operative that he did not think that HTS and the Alabama undercover online operatives were on the right path and were terrorists. He further told the NYPD undercover online operative that he (Mr. Fong) was thinking of creating a "new group for us and not for them (undercover operatives)."

Thereafter, Mr. Fong created the new group, Al Ikhwan. The NYPD undercover operative was invited to join this group, but the Alabama FBI undercover online operatives who had introduced Mr. Fong to the second FBI undercover online operative posing as an HTS commander were not invited. Mr. Fong initially continued to discuss the need for training for American Muslims. However, on May 18, 2020, the NYPD undercover operative asked Mr. Fong if the group should donate to Hamas. Mr. Fong expressed his opinion in Russian with the NYPD undercover operative that Hamas "of course we can (send money to Hamas). There is a possibility which is why I am trying to find out more about cryptocurrency. They would accept bitcoin. Check out on private browser." On May 19, 2020, Mr. Fong posted links in English suggesting that perhaps they could fund Hamas or other similar groups using bitcoin.

## II.   APPLICABLE LEGAL STANDARDS

### a. Intrinsic Evidence

Evidence of "other acts" is admissible irrespective of Rule 404(b) if the evidence is inextricably intertwined with the charged conduct. *United States v. Beckman*, 298 F.3d 788, 793 (9th Cir. 2002). This exception applies only when (1) particular acts of the defendant are part of a single criminal transaction, or when (2) the "other act" evidence is necessary for the government to offer a coherent story of the crime. *Id.* at 794 (citation omitted).

For other act evidence to qualify as inextricably intertwined, coincidence in time with the charged offense is insufficient—"[t]here must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995).

### b. Rule 404(b) Requirements

Rule 404(b) "is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced

that the defendant is a bad man deserving of punishment." *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989) (internal citation omitted).

Rule 404(b), however, carves out an exception to the general rule where the proposed evidence is offered to serve "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

The textual requirement of the rule reflects the risk that a jury will infer from prior acts that the defendant is "by propensity a probable perpetrator of the crime," thus depriving him of "fair opportunity to defend against a particular charge." *Old Chief v. United States*, 519 U.S. 172, 181 (1997). Character or propensity evidence "is said to weigh too much with the jury and to so overpersuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Michelson v. United States*, 335 U.S. 469, 475-76 (1948).

Thus, prior acts are admissible under Rule 404(b) only if they satisfy the four-prong test set forth by the Supreme Court in *Huddleston v. United States*, 485 U.S. 681 (1988), which requires the government to show that the evidence is (1) offered for a proper, non-propensity purpose under Rule 404(b)(2); (2) relevant under Rules 401 and 402; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested. *Huddleston*, 485 U.S. at 691-92.

Expanding on *Huddleston,* the Ninth Circuit in *United States v. Brown* articulated a four-part test to determine whether other bad acts evidence is admissible under Rule 404(B). *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989); *see also United States v. Beckmann*, 971 F.3d 999, 1002 (9th Cir. 2020). The four-part test requires:

(1) That evidence of the prior conduct tend to show an element of the charged offense that is a material issue in the case. The other acts evidence is relevant if it tends to prove one of the non-propensity purposes that is a material element of the charged offenses. *United States v.*

4

*Howell*, 231 F.3d 615, 628 (9th Cir. 2000) (finding prior convictions relevant where they showed knowledge, which was a material element of the possession offense and where they rebutted defense of innocent motive), *see also United States v. Sager*, 227 F.3d 1138, 2000 U.S. App. LEXIS 23616, 2000 WL 1363953, at *10 (9th Cir. 2000).

(2)  In some cases, that the prior conduct be similar to the offense charged. Where other bad acts are offered to show similar behavior to the charged conduct the act must be similar to the offense charged. *See United States v. Santini*, 656 F.3d 1075, 1078 (9th Cir. 2011) (finding that criminal history of simple possession, indecent exposure, and assault were not similar to the importation of marijuana and thus lacked probative value.)

(3)  Evidence is sufficient to prove that the defendant committed the prior acts. There must be sufficient proof of the other acts evidence at issue. *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)   (finding that testimony of one witness was sufficient proof of the other acts evidence).

(4)  That the prior act not be too remote in time. Contemporaneous acts are not too remote in time. But even then, "[t]he use of such evidence must be narrowly circumscribed and limited." *United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982). "Courts must be extremely careful to guard against the danger that defendants will be convicted because they have previously committed a [prior] serious criminal offense rather than because the Government has introduced evidence sufficient to prove beyond a reasonable doubt that they are guilty of the offense for which they are being tried." *Id.*

**c.  Even if evidence is intrinsic, or offered for a proper purpose under 404(b), it must be relevant and directly prove a fact of consequence**

Overarching the above tests, the Ninth Circuit has repeatedly held that, prior to the admission of any other acts evidence, the government must carry its burden of showing how the proffered other acts evidence "is relevant to one or more issues in the case; specifically, it must articulate precisely

the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) (citations omitted); *see also United States v. Brooke*, 4 F.3d 1480, 1483 (9th Cir. 1993).

The government must then demonstrate that the proffered evidence meets the requirements for admission under Rules 404(b) and 403. *See, e.g., United States v. Mayans*, 17 F.3d 1174, 1181-83 (9th Cir. 1994).

### d. The potential prejudice and risk of confusion to the jury must not substantially outweigh the probative value of the evidence

"In addition to satisfying the four-part test, evidence of other crimes must also satisfy the Rule 403 balancing test—its probative value must not be substantially outweighed by the danger of unfair prejudice." United States v. *Montgomery*, 150 F.3d 983, 1000 (9th Cir. 1998). It is the government's burden to show that the proffered evidence satisfies these requirements. *Id.* at 1001.

Both the four-part Rule 404(b) test and the intrinsic evidence analysis are subject to the requirements of Rule 403. Even if intrinsic, even if for a proper purpose, and even if relevant, evidence is nevertheless inadmissible if its probative value is substantially outweighed by the risk of unfair prejudice and risk of misleading or confusing the jury. Fed. R. Evid. 403.

Unfair prejudice arises when evidence "lure[s] the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180. When determining whether the probative value of evidence is substantially outweighed by the unfair prejudice its admission will produce, the court must evaluate whether the evidence is sufficiently probative, such that its probative value is not outweighed by its inherently prejudicial nature. *Huddleston v. United States,* 485 U.S. 681, 691 (1988) (Rule 403, among others, provides necessary protection against unfairly prejudicial evidence which might otherwise be admitted under Rule 404(b)).

### III.    The Charges

As the Ninth Circuit has articulated above, a critical part of the 404(b) analysis is the proposed evidence relationship to one or more of the elements of the charged offenses.[2] Mr. Fong is charged with three counts of attempting to provide material support, in the form of services, including training, to Hayat Tahrir al-Sham (HTS) in violation of 18 U.S.C. § 2339B(a)(1); and one count of attempting to provide material support, in the form of fundraising services and currency, to Hamas, in violation of 18 U.S.C. § 2339B(a)(1).

The text of § 2339B(a)(1) describes the unlawful conduct as:

> Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be fined under this title or imprisoned not more than 20 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or for life.

To prove Mr. Fong guilty of the above Counts, the government must prove:

- Mr. Fong intended to knowingly provide training and training materials in coordination with, or at the direction of HTS (for Counts 1 to 3); or fundraising services and currency in coordination with, or at the direction of, Hamas (Count 4).
- At the time of the alleged attempt to provide the services that HTS and Hamas were designated foreign terrorist organizations (FTOs).
- At the time of the alleged offenses, Mr. Fong knew HTS and Hamas were specially designated foreign terrorist organizations.
- Mr. Fong was a national of the United States at the time of the alleged offenses.
- Mr. Fong did something that was a substantial step toward providing training and training materials to HTS, or providing money to Hamas, that strongly corroborated his intent to provide services or currency to HTS and Hamas.

Consequently, to satisfy the Ninth Circuit's requirement that the other bad acts evidence be material to an element in the case, the other bad acts evidence in this case must relate to Mr. Fong's knowledge of HTS or Hamas' designation, his intent to support HTS or Hamas, or

---

[2] Other acts evidence does not always need to be material to an element of the offense as it may also be admissible if it rebuts a defense to the offense.

tend to establish that he was acting in direction, or coordination with either of the organizations.

## IV.   ARGUMENT

### A.   DEFENDANT'S ATTEMPTS TO POSSESS AND ACTUAL POSSESSION OF FIREARMS, AMMUNITION, AND BODY ARMOR, AND HIS MODIFICATION OF FIREARMS



*The above photos were taken during the search of the Defendants home by the Orange County Sheriff's Departments pursuant to a warrant authorizing a search for unregistered firearms, and prohibited magazines in violation of California law. The photos are representative of numerous photos taken during the search of the defendant's home. The Defendant was initially charged with violations arising from the seizure of the rifle and magazines in California State Court. The charges were subsequently dropped with prejudice.*

### 1.   Possession of firearms, ammunition, magazines, and body armor

#### a)   *Evidence is not Intrinsic*

- **Evidence is not part of a single criminal transaction**

Mr. Fong' acquisition of firearms and alleged modifications occurred prior to any of the offense conduct. While it is referenced by Mr. Fong with the undercover agents, it is not intrinsic to the charged offenses. The conduct here is similar to that recently considered in in *United States v. Mota,* No. 13-cr-00093-JST-1, 2015 U.S. Dist. LEXIS 16893, at *8-9 (N.D. Cal. Feb. 11, 2015). In *Mota*, the Court considered whether evidence of the defendant's rifle was "inextricably intertwined" evidence for his much later bank robbery charge. The Court cited the Third Circuit's opinion in *United States v. Green*, 617 F.3d 233, 246 (3d Cir. 2010) and described several problems with the "inextricably intertwined" test, including that it creates confusion and resorting to it is unnecessary because if the acts were an intrinsic part of the charged crime, evidence of them would always satisfy

8

Rule 404 (b). It also noted that broader forms of the test classify evidence of any bad act as intrinsic, which defeats the purpose of Rule 404(b). *United States v. Mota* citing *United States v. Green,* 617 F.3d 233, 246 (3d Cir. 2010).

This criticism applies to the argument the government uses to introduce evidence of Mr. Fong's possession of firearms, ammunition, and body armor. None of these items are inextricably intertwined with the charged offenses of attempted material support to HTS and Hamas, and they were not part of any of the alleged criminal transactions of training materials. [3]

- **Evidence is not necessary for the government to offer a coherent story of the crime**

The charged offenses regard online links and digital documents Mr. Fong sent to his Signal group chat on his phone. Photos of firearms, ammunition, and body armor that Mr. Fong had a separate, and long-standing interest in are not necessary to tell a coherent story of the alleged offenses. In fact, they would distort and confuse that story. In Counts 1 through 3, Mr. Fong is charged with sending tactical and weapons-training digital materials to his Signal Group chat in an attempt to provide material support to HTS, evidence of Mr. Fong's unrelated firearms, ammunition, and body armor are not part of that story.

### b) Evidence is not admissible for a non-propensity Rule 404(b) purpose

- **Motive/Intent**

Mr. Fong is not charged with any offense involving use, or intended use of his firearms, ammunition, or body armor. It is not alleged that Mr. Fong was planning or intending to use his firearms, ammunition, or body armor in any criminal activity. The intent the government must prove for Counts 1 through 4 is that Mr. Fong intended to provide the training materials and currency to

---

[3] This may be more difficult had the government charged the alleged attempted material support as one charge occurring over a period of time, but because they have charged distinct actions on specific dates, the relevant elements are clearly limited to those transactions of digital documents and weblinks.

HTS and Hamas, and that he knew they were designated FTOs. The mere fact that he also owned firearms, ammunition, and body armor are not probative of his intent or motive in the alleged crimes.

- ### **Opportunity**

The government does not argue that the evidence is probative of opportunity, and it is not.

- ### **Preparation/Plan**

The charged offenses do not involve Mr. Fong's firearms, ammunition, or body armor. The mere fact that one undercover saw his gun, or that he referenced his firearms in his Signal Group chat does not make them probative of his preparation or planning in the alleged offenses. The preparation and planning for the alleged offenses instead relate to digital documents and weblinks Mr. Fong sent, and to the Hamas website link he looked up to provide. None of the planning or preparation for those charged offenses involved Mr. Fong's firearms, ammunition or body armor.

- ### **Knowledge**

In the charged offenses, Mr. Fong's knowledge is relevant to the elements requiring that he knew HTS and Hamas were designated FTOs, or that they conducted terrorist activity, and that he knew that at the time he alleged attempted to provide them with material support in the form of services (training materials), and currency. Mr. Fong's firearms, ammunition, and body armor are not probative of knowledge relevant to an element of the charged offenses.

- ### **Absence of Mistake/Accident**

Absence of mistake and lack of accident are potential defenses that do not apply to the digital materials Mr. Fong sent his group chat. If they were relevant to the elements of the offenses requiring knowledge of HTS and Hamas's terrorist activity or designation, Mr. Fong's firearms, ammunition, and body armor would not be material to rebutting them.

### c) *Evidence is not relevant (material) to proving element of charged offenses*

As discussed above, even if evidence of Mr. Fong's firearms, ammunition, or body armor was intrinsic to the offenses charged, or offered for a proper purpose, the evidence must still be relevant and material to proving a fact at issue and the government must articulate the evidential hypothesis that would prove a fact of consequence. Here, the government does not articulate such a hypothesis for Mr. Fong's possession of firearms, ammunition, or body armor. Instead, conversations Mr. Fong had about his firearms are referenced and the government suggests that these conversations were intended to show Mr. Fong's ability and willingness to offer training on firearms. This is not an element of the charged offenses and Mr. Fong is not arguing that he was not capable of sharing weapons training material with the group.

### d) *Probative value is substantially outweighed by prejudicial effect*

Even if the Court finds that Mr. Fong's possession of firearms, ammunition, and body armor are intrinsic evidence, or evidence offered for a proper purpose, this evidence should still be excluded because any probative value is substantially outweighed by its potential prejudicial effect. The charged offenses are terrorism-related, but they relate to purely online conduct and conversations. There is significant risk of unfair prejudice and misleading the jury in admitting evidence of Mr. Fong's possession of firearms, ammunition, and body armor. Evidence of Mr. Fong's firearms, ammunition, and body armor presents the likely danger that jurors will confuse Mr. Fong as violent, or that he was planning some act of terrorism.

The San Bernardino shooters, infamous terrorists in California, used firearms in their deadly terrorist attack. Allowing evidence of Mr. Fong's firearms and ammunition, even though they are unrelated to the charged offenses, risks presenting Mr. Fong as someone who was intending to use the weapons for dangerous and illegal purposes. Luring the jury to convict Mr. Fong because of the apparent danger firearms and ammunition present in the hands of an alleged supporter of terrorism,

1   instead of for the charged offenses is the precise substantial unfair prejudice warned against in *Old*

2   *Chief* and should be excluded under Rule 403.

3                              • **Modification of Firearms**

4        The government seeks to admit evidence of Mr. Fong's modification of firearms. This may

5   include videos and information Mr. Fong made, and found, about modifying firearms and shared with

6   the chat group.  This evidence is not charged and creates a significant risk of confusing the jury

7

8   because Mr. Fong is charged with providing various training materials to HTS.  The jury may confuse

9   that Mr. Fong is charged with providing training on modifying firearms to HTS, when he is not. It is

10  also potentially illegal conduct, but all of the gun related offenses Mr. Fong was charged with were

11  dropped. To avoid confusing the jury about what Mr. Fong is charged with attempting to provide to

12  HTS, and the risk of prejudice from the illegal firearm, the Court should exclude this evidence under

13  Rule 403.

14

15                 **B.    DEFENDANT'S THREATS OF VIOLENCE**

16  | 696 | SA: | What happened? What-what-what caused that… |
17  | 697 | SB: | [OV] fight, yeah. |
    | 698 | SA: | …[OV] uh argument or [UI]? |

18  | 717 | JH: | I hate all the – all the violent stuff. |
    | 718 | SA: | So she was mad at you, but threw away his gun? |
19  | 719 | JH: | Yeah [Chuckle]. |
    | 720 | SB: | [Chuckle]. |
20  | 721 | SA: | That doesn't make sense. |
    | 722 | SB: | Yeah. |
    | 723 | JH: | So and my husband -- after he told my husband -- told me what happened - |
21  | 724 |     | -- so he get so mad about that. He get so mad about this thing. |
    | 725 | SB: | Mhmm. |
22  | 726 | SA: | Right. |
    | 727 | JH: | So and then he's uh -- then his sister also know what gonna happen. Ha. |
    | 728 | SB: | Ok. |
23  | 729 | JH: | And then she called, she said and 'he punch my door' – Ok |
    | 730 | SB: | Mhmm. |
24  | 731 | JH: | He punched the door, he did or -- so next day police come over, you know, |
    | 732 |     | because that… |
25  | 733 | SB: | Yeah. |
    | 734 | JH. | …issue. |
    | 735 | SB: | Ok. |

26

27  *Above are excerpts from an interview with Mr. Fong's mother Julie Ho describing an altercation*
    *between Mr. Fong and his sister in 2018, where he punched a hole in a door*

28

1.     **Evidence of family altercation two-years prior to charged offenses**

a)     *Evidence is not intrinsic*
- **Evidence not part of a single criminal transaction**

The intrinsic evidence exception to Rule 404(b) does not apply here. Clearly evidence of a family altercation years prior to the charged offenses are not inextricably intertwined with the charges of providing material support to HTS and Hamas online.

- **Evidence not necessary for the government to offer a coherent story of the crime.**

For the same reasons, evidence of Mr. Fong's years old family altercation are not necessary to offer a coherent story of the alleged material support of HTS and Hamas through the provision of digital documents and web links on his Signal Chat group.

b)     *Evidence is not admissible for a non-propensity Rule 404(b) purpose*

- **Motive/Intent**

The government's argument that this is close in time, and therefore admissible, is not availing because the government does not offer any non-propensity purpose for seeking to admit evidence of Mr. Fong's family altercation in 2017, during which he punched a hole in the wall. In *United States v. Charley*, 1 F.4th 637, 648 (9th Cir. 2021), the government sought to introduce evidence of prior incidents of family altercation (kicking in a door and hitting her sister with a coffee mug), where the defendant was charged with assault of a different individual and raised self-defense. The government there argued that a defense of self-defense made motive and intent central issues in the case.

The Court found that evidence of the prior family altercations had "no logical connection" to the charged offense "other than the implication that [the defendant] has a propensity for violence and was therefore the aggressor in the charged offense". *Id.* The Court found that was an impermissible inference under Rule 404(b) because the prior altercations did not establish the defendant's motive to commit the charged assault and other bad acts evidence is only allowed to show motive when motive

is relevant to establish an element of the offense that is a material issue. *United States v. Charley* citing *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989). The Court further reasoned that because it could not discern any details from the prior altercations from which the defendant would derive an intent for the charged offenses, its only purpose would be establish a propensity for violence.

Here, the government has not articulated any non-propensity purpose. The only purpose for admitting years-old evidence of an unrelated family altercation and damage to the wall would thus be to show Mr. Fong's propensity for violence—the precise use barred under Rule 404(b).

- **Opportunity**

Evidence of Mr. Fong's unrelated family altercation is not probative of any opportunity for criminal conduct relevant to the charged attempted material support of terrorism offenses.

- **Preparation/Plan**

Evidence of Mr. Fong's unrelated family altercation is not probative of preparation or planning related to a material element of the charged offenses for attempted material support of terrorism.

- **Knowledge**

The charged offenses require proof that Mr. Fong had knowledge that HTS and Hamas were designated FTOs, or engaged in terrorist activity, at the time of the charged offenses. Evidence of Mr. Fong's unrelated family altercation is not probative of Mr. Fong's knowledge, as an element of the charged offenses.

- **Absence of Mistake/Accident**

Mr. Fong's prior family altercation is unrelated to the charged material support of terrorism charges. They are thus not probative in rebutting any claim of mistake or accident regarding any elements of the charged offenses.

### c) *Evidence is not relevant (material) to proving element of charged offenses*

Not only is evidence of Mr. Fong's family altercation not intrinsic to the charged offenses, nor is it offered for a non-propensity purpose, the evidence is also not relevant to a material fact or element of the charged offenses.  Other acts evidence must be relevant and material to proving a fact at issue for an element of the offense and the government must articulate the evidential hypothesis that would prove a fact of consequence. The government has not articulated any theory to explain why evidence of the past family altercation would be relevant here and it cannot articulate one because the past altercation is entirely unrelated to the charged offenses.

### d) *Probative value is substantially outweighed by unfair prejudice*

Mr. Fong is charged with four counts of attempted material support of foreign terrorist organizations. He has no criminal history and the alleged crimes occurred entirely online. The government has not, and cannot, articulate a non-propensity purpose for admitting evidence of an old family altercation and damage done to a wall. The only possible purpose for such evidence is to show Mr. Fong's propensity for violence or aggression. Pairing this evidence with terrorism-related charges can only serve to scare the jury into viewing him as violent and dangerous. Rule 403 " is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment." *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989) (internal citation omitted). Irrelevant evidence of Mr. Fong punching a whole

2.      **Threats of violence, statements about targeted acts against police, the U.S. military, LGBTQ community and teachers**



*Above (left) is a screenshot wherein Mr. Fong discusses the desire to hunt down a teacher he believed to be a sex offender. Above (right) is one of several online comments Mr. Fong made where he disparages gay or LGBTQ individuals.*

a)      *Evidence is not intrinsic*

- **Evidence is not part of a single criminal transaction**

The government argues that statements Mr. Fong made online about committing or condoning acts of violence against the government, the military, police, the LGBTQ community and a teacher are inextricably intertwined with the charged offenses because many of the statements were made during the time period of the charged offenses. But proximity in time is not enough for evidence to be considered intrinsic. There must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crimes. *Vizcarra-Martinez*, 66 F.3d at 1013. Mr. Fong's statements described by the government are not related to the charged offenses, they instead represent his personal and political views and did not arise to the level of criminal threats, all of the statements are uncharged.

The charged offenses are very specific, they occurred on specific dates and regard specific digital documents and web links Mr. Fong sent to the Signal group chat. None of the statements, or threats, the government identifies are part of any of the charged transactions of training materials or fundraising links.

- **Evidence is not necessary for the government to offer a coherent story of the crime**

Many of the statements the government seeks to admit occurred in messages with Mr. Fong's Signal group members. The group discussed domestic politics, international politics, jihad, Islam, terrorist organizations, rebel groups, travel, preparation for self-defense, Ramadan, zakat (religiously required charity), and their day to day lives. All of these messages are not necessary for the government to offer a coherent story of the alleged crimes. The alleged crimes are very specific and statements that provide sufficient context for Mr. Fong's motives and intention regarding HTS and Hamas are easily distinguished from statements that are merely expressions of personal and political opinion, unrelated to the HTS, Hamas or the alleged crimes of material support.

### b)  404(b) - Non-propensity purposes

- **Motive/Intent**

The government states that it seeks to offer Mr. Fong's statements regarding violence and threats for the non-propensity purposes of showing Mr. Fong's motive, preparation, plan, and context of his other statements that are evidence of the charged conduct. The elements of the charged offenses demonstrate that this is not true. For the statements to be material to an element of the charged offenses they would need to tend to prove Mr. Fong's knowledge regarding HTS and Hamas, and his intention in sending the training materials to the group (if it was intended to be sent at the direction of, or in coordination with HTS or Hamas).

The government further states that the evidence demonstrates Mr. Fong's "support for and willingness to engage in violent conduct, including against "unbelievers" and other targets of the FTOs…".This is not an element of the offense and Mr. Fong is not charged with any crimes of intending to commit an act of violence against police, the U.S. military, the LGBTQ community or the teacher.[4] Because the statements do not relate to either of the material elements at issue of the charged offenses of attempted material support of HTS and Hamas, they are not probative of Mr. Fong's motive or intent in allegedly attempting to provide material support to HTS and Hamas. Contextually relevant statements about HTS and Hamas, the relevant weapons building training, and intent to support the groups is easily distinguished.[5]

Instead, the disparaging and hateful comments about police, the U.S. military, and the LGBTQ community can only serve to invoke prejudice from the jury for Mr. Fong's personal views and political opinions.

- **Opportunity**

The government does not argue that Mr. Fong's statements are probative of opportunity.

- **Preparation/Plan**

Mr. Fong is not charged with any offense involving preparation or planning any act of violence against the LGBTQ community, police officers, the U.S. military or the teacher. For evidence of these other bad acts to be admitted under Rule 404(b), the statements would have to be probative of a material fact at issue of an element of the charged crimes. These statements do not tend to prove any element of the preparation or plan for the charged crimes.

---

[4] In fact, HTS and Hamas are foreign terrorist organizations that operate entirely outside of the United States and do not call for attacks against the United States or its citizens.

[5] The government would have a better argument if Mr. Fong was charged with providing himself has personnel, as they could then show motive for him engaging in an attack in the united States and/or traveling. Here, instead Mr. Fong is charged with providing training materials and currency to HTS or Hamas. Neither of these groups state that they target Muslim LGBTQ person or the United States generally, or police, thus it is a non-sequitur to argue that Mr. Fong's statements evidence intent to support the alleged FTOs.

- **Knowledge**

The government does not argue that Mr. Fong's statements are probative of his knowledge related to the charged crimes.

- **Absence of Mistake/Accident**

The government does not argue that Mr. Fong's statements are probative of proving absence of mistake or accident in the charged crimes.

### c) *Evidence is not relevant (material) to proving element of charged offenses*

As discussed above, Mr. Fong's statements regarding police officers, the U.S. military, the LGBTQ community and the teacher, while distasteful, are not relevant to any element of the charged attempted material support of terrorism offenses. Instead they are only sought for the improper purpose of inciting the jury.

### d) *Probative value is substantially outweighed by unfair prejudice*

Mr. Fong is charged with four counts of attempting to provide material support to HTS and Hamas in the form of training materials and currency. He is not charged with committing an act of violence or making true threats of violence. The statements the government seeks to admit are not offered for any proper purpose and will only serve to prejudice and confuse the jury.

The statements, combined with the charges, will suggest to the jury that Mr. Fong is a violent and dangerous individual. It will further confuse the jury about what they are convicting Mr. Fong for and create the question: was Mr. Fong planning or supporting a potential terrorist attack against the police, U.S. military or LGBTQ community?

For these reasons, even if the Court finds the statements to be intrinsic or offered for a proper purpose should exclude them to avoid the "danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced

that the defendant is a bad man deserving of punishment." *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989).

### C.   DEFENDANT'S EXPRESSED SUPPORT FOR, AND SYMPATHY TOWARDS, FOREIGN EXTREMIST ORGANIZATIONS AND EXTREMIST IDEOLOGIES

#### 1.   Statements regarding HTS or Hamas

The defense does not dispute that Mr. Fong's statements regarding HTS and Hamas are admissible under Rule 404(b) where they are materially relevant to prove the element of knowledge in the charged offenses, specifically whether Mr. Fong knew that HTS and Hamas were FTOs, or engaged in terrorist activity, at the time of the alleged crimes.

#### 2.   Nazi Paraphernalia and statements about Nazi's



*Left is an image of Nazi paraphernalia Mr. Fong had at his home. Above (right) is an image from Mr. Fong's phone of "extremists", possibly representative of the governments proposed evidence.*

##### a)   *Evidence is not intrinsic*

- **Evidence is not part of a single criminal transaction**

Mr. Fong's charged offenses are on specific dates between February and May of 2020, all four counts are for attempting to provide material support to HTS or Hamas. The Nazi paraphernalia seized at Mr. Fong's home was ordered by him online long before the charged offenses. They are not part

of the alleged criminal transactions involving material support to HTS or Hamas.  His statements regarding Nazi's are not part of the charged offenses either.

- **Evidence not necessary for the government to offer a coherent story of the crime**

The evidence of the Nazi paraphernalia and statement about Nazi's is not necessary to offer a full story of the alleged crimes as it is not related to the charged conduct in any way. This evidence is not intrinsic to the charged offenses.

b)    *Evidence is not admissible for a non-propensity Rule 404(b) purpose*
- **Motive/Intent**

The government argues that the unrelated Nazi paraphernalia and statement about Nazi's is admissible to show Mr. Fong's "motivation and affinity for extremist ideology, as well as sympathy for Hamas and its opposition to Israel". Doc. 144 at 18. Both of these arguments fail. First, Mr. Fong purchased the Nazi paraphernalia online, long before the charged conduct. Nazi Germany is entirely unrelated to HTS or Hamas, or what is happening in Syria or Palestine. The evidence is not material to any element of the charged offenses. Mr. Fong is charged with attempting to provide training services and currency to HTS and Hamas. His statement about Nazi's and Nazi paraphernalia is not probative of any material fact or element of the charged.

The government cites *United States v. Young*, 916 F.3d 368, 374-75, 378-79 (4th Cir. 2019), where such paraphernalia was admitted to show defendant's predisposition. That argument is not relevant here, as Mr. Fong is not raising entrapment defense at this time. A defense of entrapment typically allows significant evidence of bad character and predisposition to be admitted, but because no notice of an entrapment defense has been made here, the Nazi-related evidence is not material to any element or defense.

- **Opportunity**

The evidence is not probative of opportunity and the government does not argue that it is.

- **Preparation/Plan**

The evidence is not probative of preparation or plan and the government does not argue that it is.

- **Knowledge**

The evidence is not probative of knowledge and the government does not argue that it is.

- **Absence of Mistake/Accident**

The evidence is not probative of mistake or absence of accident and the government does not argue that it is.

### c) *Relevant (material) to proving element of charged offenses*

As discussed above, Mr. Fong is charged with four counts of attempting to provide material support, in the form of training services and currency, to HTS and Hamas, respectively. The Nazi paraphernalia and statement are not relevant to any element of these offenses. The government must articulate a specific evidentiary hypothesis of how the evidence would tend to prove a material element of the charged crimes, and it has not. By its own admission, the only authority the government cites for admission for such prejudicial and unrelated evidence was where it was was used as predisposition evidence to counter a defense of entrapment. The defense does not currently intend to use such a defense.

### d) *Probative value is substantially outweighed by prejudicial effect*

Certain other bad acts evidence is so prejudicial it substantially outweighs any probative value. In this case, the Nazi-related evidence has no probative value and would be highly prejudicial. Inciting the jury to disgust of Mr. Fong by using evidence of Nazi paraphernalia he had bought in the past, when he was initially interested in the Boogaloo movement, and his statements about Nazi

22

accommodation of Muslim fighters, can only serve to prejudice the jury and lure them to convicting Mr. Fong if they are unsure of guilty because they are convinced he is a bad person deserving of punishment. *See United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989).

        **D.**     **STATEMENTS REGARDING SYMPATHY TOWARDS OTHER ORGANIZATIONS   OR EXTREMISTS (i.e. SOLDIERS OF THE CAUCUS, AJNAD AL KAVKAZ, ANWAR AL-AWLAKI) AND EXTREMIST IMAGES AND VIDEOS**

 

*Above is a screenshot of a statement Mr. Fong makes about another fighting organization called Ajnad al-Qawqaz.*

     *a)*     ***Evidence is not intrinsic***

     •     **Evidence is not part of a single criminal transaction**

All four counts of attempted provision of material support to HTS and Hamas are charged on specific dates for specific instances of Mr. Fong sending digital documents and weblinks to his Signal chat group. The evidence of Mr. Fong's statements regarding other organizations and extremists, and stored images and videos (that occur outside of the specific charged transactions of online materials and links) are not inextricably intertwined with the charges.

     •     **Evidence is not necessary for the government to offer a coherent story of the crime**

The extraneous statements regarding other organizations and extremists that Mr. Fong is not charged with attempting to support are not necessary for the government to offer a coherent story of

the charged offenses. That story requires a telling of Mr. Fong's knowledge of HTS and Hamas and their activities at the time of the charged offenses. The statements regarding other organizations is not intrinsic.

### b)     *Evidence is not admissible for a non-propensity Rule 404(b)purpose*

- **Motive/Intent**

The government argues that evidence of Mr. Fong's statements regarding other organizations and extremists, as well as unspecified images and videos on his devices, tend to show his intention to move to Syria and train with other groups. Mr. Fong is not charged with attempting to provide personnel (himself) to HTS, or to train HTS in Syria himself. Mr. Fong is charged with attempting to provide support to HTS online by sending digital documents and weblinks to his chat group about booby-traps, weapons-making, and combat. These statements, images, and videos regarding other groups and extremists are not material to proving Mr. Fong's intention as the government describes.

- **Opportunity**

The evidence is not probative of any criminal opportunity.

- **Preparation/Plan**

The evidence of statements regarding other organizations, extremists, and images and videos from Mr. Fong's phone unrelated to the charges, and unrelated to HTS and Hamas are not material to an element of the charged offenses. Early on, Mr. Fong had favorable views of many groups, including HTS. But as he read and learned more Mr. Fong came to dislike ISIS, HTS, and many of the other groups he viewed as terrorists. His statements regarding other organizations, jihad, traveling to Syria, are probative where they relate to the charged FTOS (HTS and Hamas) but they are not relevant to the charged offenses where they relate to other organizations or individuals.

- **Knowledge**

The government does not argue that this evidence is probative of Mr. Fong's knowledge, and where the statements do not regard HTS or Hamas, they are not probative of the elements of knowledge of the charged offenses.

- **Absence of Mistake/Accident**

The evidence is not probative of absence of mistake or accident, and those are not issues relevant to the charged offenses.

### c) *Evidence is not relevant (material) to proving element of charged offenses*

As discussed above, the elements of the charged offenses do not relate to Mr. Fong's views of any other organization. The government does not specify the "extremist images and videos" from his phone and so no proper notice has been given of those images and the defense cannot comment on whether or not they are relevant to the charged offenses. Images from the specific charged dates of the materials Mr. Fong sent online are the heart of the charges, and relevant to an element of the offense. But other images of unrelated groups, extremist ideology and ideologues, are not relevant for the hypothesis the government has outlined, because that hypothesis does not relate to an element of the offense.

### d) *Probative value is substantially outweighed by prejudicial effect*

Images and statements of Anwar al-Awlaki (an Al-Qaeda leader), statements regarding other groups in the region, unspecified "extremist" images and videos, are all not material to proving any elements of the charged offenses. But this evidence will have a strong emotionally inciting impact on the jury and prejudice them against Mr. Fong. Even if this Court finds that these other statements, images, or videos are intrinsic or offered for a proper non-propensity purpose, this Court should

exclude them because any probative value is substantially outweighed by their prejudicial impact. Mr. Fong is charged with attempted material support of HTS and Hamas. Needlessly invoking Anwar al-Awlaki, 9/11, images and videos of unspecified "extremism", will create the risk that the jury, if they are unsure of Mr. Fong's guilt, will convict him because they think he is a bad American, a bad Marine, a traitor deserving punishment. Whether or not he is guilty of the specific charged offenses. For these reasons, the Court should exclude this evidence.

### E.  DEFENDANT'S LIES TO LAW ENFORCEMENT DURING HIS MAY 20, 2020, INTERVIEW

#### a)    *Element of the Offense*

The defense does not object to the inclusion of Mr. Fong's statements from the interview regarding his knowledge of Hamas, as long as the government's characterization of those statements is supported by the evidence.  Mr. Fong's knowledge of Hamas and its activity is an element of the offense and thus evidence of it is probative of a proper non-propensity purpose.

#### b)    *Rule of Completeness*

The defense notes, however, that it can offer other portions of Mr. Fong's statements from the interview to correct any misleading proffers, and to provide a complete picture of the meaning and intention of Mr. Fong's statements. *See* Fed. R. Evid. 106*; see also United States v. Johnson*, No. 14-cr-00412-TEH, 2015 U.S. Dist. LEXIS 105518, at *22-23 (N.D. Cal. Aug. 11, 2015).

### V.    CONCLUSION

For the reasons above, with the exception of the statements relating directly to Mr. Fong's knowledge regarding HTS and Hamas, the defense requests that the Court exclude the government's offered evidence. The offered evidence is not intrinsic to the charged offenses, it is inadmissible under Rule 404(b) as it not offered for proper non-propensity purposes, and most of

the offered evidence is so prejudicial it substantially outweighs any probative value that may exist. Further, several categories of the offered evidence would confuse and mislead the jury Nevertheless, even if the Court were to conclude that any of the offered evidence was relevant, its value is substantially outweighed by the risk of prejudice and confusion.

Respectfully submitted.

/s/ CHARLES SWIFT
Charles D. Swift
Constitutional Law Center for
Muslims in America (CLCMA)
100 N. Central Expy, Suite 1010
Richardson, TX 75080
(972) 914-2507
*Pro Hac Attorney for Defendant*

/s/ KARREN KENNEY
Karren Kenney
Kenney Legal Defense
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
(855) 505-5588
*Attorney for Defendant*