E. MARTIN ESTRADA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
CHRISTINE M. RO (Cal. Bar No. 285401)
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4496/2450
    Facsimile: (213) 894-2927
    E-mail:    christine.ro@usdoj.gov
             solomon.kim@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
National Security Division
JOHN CELLA (D.C. Bar No. 1035356)
Trial Attorney
Counterterrorism Section
    950 Pennsylvania Ave, NW
    Washington, DC 20530
    Telephone: (202) 305-1601
    Email:     John.Cella@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JASON FONG,<br>  aka "asian_ghazi",<br><br>    Defendant. | No. SA CR 20-00146(A)-DOC<br><br>GOVERNMENT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* #2: MOTION TO PRECLUDE AN ENTRAPMENT DEFENSE |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Christine M. Ro and

Solomon Kim, and National Security Division Counterterrorism Section Trial Attorney John Cella, hereby files its Reply in Support of its Motion in Limine #2: Motion to Preclude an Entrapment Defense. This Reply is based on the attached memorandum of points and authorities, the files and records in this case, and any further evidence or arguments the Court may allow.

Dated: November 9, 2022

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

   /s/
CHRISTINE M. RO
SOLOMON KIM
Assistant United States Attorneys

JOHN CELLA
Trial Attorney
Counterterrorism Section
National Security Division

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

As defendant Jason Fong ultimately concedes, defendant is not entitled to any entrapment defense at trial.  Not only has defendant failed to make any offer of proof in support of such a defense, but no evidence warranting the defense exists in this case.  Unless and until defendant makes a sufficient offer of proof, the Court should preclude defendant from presenting any entrapment defense at trial.[1]

Rather than proffer evidence in support of an entrapment defense, defendant makes a passing remark in his opposition that he "intends to maintain at trial that the evidence is insufficient to prove the elements of the charge offenses, and that his activities were protected under the First Amendment."  (Dkt. 158 at 2.)  Defendant does not cite any legal authority or provide any legal analysis in support of his conclusory remark.

To the extent defendant seeks a jury instruction compelling the government to prove that defendant's material support to terrorist organizations in online chat groups and through monetary fundraising is not protected free speech under the First Amendment, his request should be denied.  As many courts have held repeatedly (including this Court), providing material support to terrorist organizations, even if done so orally, is not protected by the First Amendment.  See United States v. Badawi, Nos. SA CV 20-00813-DOC, SA CR 15-00060-DOC, 2021 WL 4735022, at *2 (C.D. Cal. June 28, 2021) (agreement to fight for ISIS and aspiration for martyrdom constitute material support and

---

[1] Any belated attempt by defendant to present an offer of proof during the trial should also be denied.  See United States v. Gurolla, 333 F.3d 944, 951 n.8 (9th Cir. 2003) (if defendant fails to submit pretrial offer of proof of an entrapment defense, court may preclude defense at trial).

therefore are not protected under the First Amendment); Holder v. Humanitarian Law Project, 561 U.S. 1, 36-38 (2010) (same for providing legal and political advocacy training to terrorist organizations); United States v. Afshari, 426 F.3d 1150, (9th Cir. 2005) (same for donation of money to terrorist organizations). Here, defendant has not been charged for his "mere association with and oral support for" terrorist organizations, but rather providing material support to them in the form of providing weapons and combat training (including information regarding the manufacturing of mines, chemical weapons, and the like) and soliciting funding to donate to these same organizations. Badawi, No. 2021 WL4735022, at *2. Defendant's request for any First Amendment-related jury instruction should therefore be denied.[2]

---

[2] The government reserves the right to submit additional briefing on any disputed jury instructions in accordance with deadlines set by the Court in Dkt. 155.