KARREN KENNEY, CA. SBN 174872
KENNEY LEGAL DEFENSE
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
TELEPHONE:(855) 505-5588
E-MAIL: KARREN.KENNEY@GMAIL.COM

CHARLES D. SWIFT, WA Bar No. 41671
CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA
100 N. Central Expy. SUITE 1010
Richardson, TX 75080
TELEPHONE: (972) 914-2507
FAX: (972) 692-7454
EMAIL: CSWIFT@CLCMA.ORG

ATTORNEYS FOR THE DEFENDANT

JASON FONG

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.: SACR 20-00146-DOC |
| Plaintiff(s), | |
| vs. | |
| JASON FONG | |
| Defendant(s). | **DEFENDANT'S PROPOSED DISPUTED JURY INSTRUCTIONS** |

- 1 -

# DEFENDANT'S PROPOSED DISPUTED JURY INSTRUCTIONS[1]

## INSTRUCTION 28 –
## COUNTS ONE THROUGH THREE - ATTEMPTING TO PROVIDE MATERIAL SUPPORT TO HTS

In Counts One through Three, the defendant is charged in the indictment with attempting to provide material support to Hay'at Tahrir al-Sham ("HTS"). In Count One the defendant is charged with attempting to provide material support in the form of services to HTS on or about March 17, 2020, by compiling, archiving, and providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices. In Count Two the defendant is charged with attempting to provide material support in the form of services to HTS on or about April 1, 2020, by compiling, archiving, and providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices. In Count Three the defendant is charged with attempting to provide material support in the form of services to HTS on, or about, May 7, 2020, by providing combat training and information regarding the making of boobytraps and improvised explosive devices.

For the defendant to be found guilty of attempting to provide services, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to knowingly provide training and training materials in coordination with, or at the direction of, HTS;

Second, that at the time the defendant attempted to provide services, HTS was a specially designated terrorist organization;

Third, that the defendant knew that HTS was a designated foreign terrorist organization, or had engaged in or was engaging in terrorist activity or terrorism when the defendant attempted to provide the services to HTS;

---

[1] Attached hereto is Defendant's Memorandum of Law briefing all proposed disputed instructions.

- 2 -

Fourth, that at the time the defendant attempted to provide services to HTS, the defendant was a national of the United States; and

Fifth, the defendant did something that was a substantial step toward providing training or training materials to HTS that strongly corroborated the defendant's intent to provide services to HTS. Mere preparation is not a substantial step toward committing the crime of attempting to provide material support through services. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the defendant was going to provide services in coordination or at the direction of HTS unless interrupted by independent circumstances.

These elements apply to Count One through Three. To convict the defendant of Count One you must unanimously agree that the defendant attempted to provide material support to HTS on or about March 17, 2020. To convict the defendant of Count Two you must unanimously agree that the defendant attempted to provide material support to HTS on or about April 1, 2020. To convict the defendant of Count Three you must unanimously agree that the defendant attempted to provide material support to HTS on or about May 7, 2020.

You are however advised that you do not need to agree unanimously as to which particular act or actions charged in Counts One through Three constituted a substantial step toward the commission of material support on or about March 17, 2020, April 1, 2020, and May 7, 2020.

**INSTRUCTION 28.1 –**
**COUNT FOUR - ATTEMPTING TO PROVIDE MATERIAL SUPPORT TO HAMAS**

In Count Four the defendant is charged in the indictment with attempting to provide material support to Al Qassam Brigades ("Hamas") on or about May 18, 2020. The government alleges that the defendant attempted to provide material support in the form of services and currency, including fundraising and money, to Hamas.

In order for the defendant to be found guilty of attempting to provide services, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to knowingly provide fundraising in coordination with or at the direction of Hamas:

Second, that at the time the defendant attempted to provide services in the form of fundraising, Hamas was a specially designated terrorist organization;

Third, that the defendant knew that Hamas was a designated foreign terrorist organization or had engaged in or was engaging in terrorist activity or terrorism when he attempted to provide the services in the form of fundraising to Hamas and;

Fourth, that at the time the defendant attempted to provide services in the form of fundraising to Hamas, the defendant was a national of the United States.

Fifth, the defendant did something that was a substantial step toward providing fundraising services on behalf of Hamas that strongly corroborated the defendant's intent to provide services to Hamas. Mere preparation is not a substantial step toward committing the crime of providing material support by fundraising. To constitute a substantial step, a defendant's act or actions must unequivocally that the defendant was going to perform services with at the direction and control of Hamas unless interrupted by independent circumstances.

In order for the defendant to be found guilty of attempting to provide money to Hamas, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to knowingly attempt to provide money to Hamas;

Second that at the time the defendant attempted to provide material support in the form of money Hamas was a specially designated terrorist organization;

Third, that the defendant knew that Hamas was a designated foreign terrorist organization or had engaged in or was engaging in terrorist activity or terrorism when he attempted to provide money;

Fourth, that at the time the defendant attempted to provide material support to Hamas in the

form of money, the defendant was a national of the United States; and

Fifth, the defendant did something that was a substantial step toward providing money to Hamas that strongly corroborated the defendant's intent to provide services to Hamas. Mere preparation is not a substantial step toward committing the crime of material support by providing currency. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the defendant was going to provide money to Hamas unless interrupted by independent circumstances.

Finally, you must unanimously agree that the defendant attempted to provide material support to Hamas in one of the two forms charged: services in the form of fundraising, or currency, with all of you agreeing that the defendant attempted to provide services or all of you agreeing that the defendant attempted to provide currency, or both. Likewise, to acquit the defendant, you must all agree that the defendant did not attempt to provide services to Hamas, and you must all agree that the defendant did not attempt to provide currency to Hamas. The verdict form you have been provided indicates both theories and you should vote on both.

Alternatively, you must unanimously agree that the defendant attempted to provide material support to Hamas by attempting to provide both services and currency, in the form of fund raising and money, to Hamas.

If you unanimously agree that the defendant did not attempt to provide either services, in the form of fundraising, or currency, in the form of money, then you must acquit the defendant of this charged offense.

### INSTRUCTION 46 – 
### THEORY OF THE DEFENSE INSTRUCTION

The defense contends that the Defendant, Jason Fong, is not guilty of Count One, for the alleged compiling, archiving, and providing of tactical, combat, and weapons training materials and

information regarding the making of chemical weapons and improvised explosive devices on, or about, March 17, 2020, because the provision was not done either at the direction of, or in coordination with, Hay'at Tahrir al-Sham ("HTS"). You are advised that you must be convinced beyond a reasonable doubt that on, or about, March 17, 2020, the Defendant acted either at the direction of, or in coordination with, a person or persons that he believed to be a foreign terrorist organization, specifically, HTS. If you are not convinced beyond a reasonable doubt that Defendant believed he was acting at the direction of, or in coordination with, HTS then you must acquit the Defendant of Count One.

The defense contends that Defendant, Jason Fong, is not guilty of Count Two of the alleged attempted provision of material support in the form of compiling, archiving, and providing of tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, because the alleged support was not done at the direction of, or in coordination with, HTS. You are advised that in order to convict the defendant of Count Two, you must be convinced beyond a reasonable doubt that on or about April 1, 2020, the Defendant acted either at the direction of, or in coordination with, a person or persons that he believed to be part of a foreign terrorist organization, specifically, HTS. If you are not convinced beyond a reasonable doubt that the Defendant believed he was acting at the direction of or in coordination with HTS then you must acquit the Defendant of Count Two.

The defense contends that the Defendant, Jason Fong, is not guilty of Count Three for the alleged combat training and information regarding the making of boobytraps and improvised explosive devices to HTS on, or about May 7, 2020, because the information and training were not provided either at the direction of, or in coordination with, HTS. You are advised that in order to convict the defendant of Count Three you must be convinced beyond a reasonable doubt that on or about May 7, 2020, the Defendant acted either at the direction of, or in coordination with, a person

or persons that he believed to be a part of a foreign terrorist organization, specifically HTS. If you are not convinced beyond a reasonable doubt that Defendant the Defendant believed he was acting at the direction of or in coordination with HTS, then you must acquit the Defendant of Count Three.

The Defense contends that Defendant, Jason Fong, is not guilty of Count Four, because his alleged fundraising on, or about, May 18, 2020, was not done at the direction of, or in coordination with, Al Qassam Brigades ("Hamas"), and therefore constituted independent advocacy. You are advised that to find the Defendant guilty, you must be convinced beyond a reasonable doubt that the Defendant's alleged fundraising was either performed at the direction of Hamas, or in coordination with Hamas. The defense further contends that the Defendant is likewise not guilty of attempting to provide currency to Hamas because the Defendant's actions did not amount to more than mere plans and preparation, and therefore were insufficient. In considering whether the defendant attempted to provide currency to Hamas, you should consider the law that I have previously instructed you on. You may find the Defendant guilty on either of the two theories of guilt, but you must be unanimous in your agreement that the Defendant is guilty of one of the two theories.

## INSTRUCTION 47-
## FIRST AMENDMENT PROTECTED SPEECH INSTRUCTION

The First Amendment to the United States Constitution guarantees to all persons in the United States the right to freedom of speech, freedom of religion, and freedom of association. No one can be convicted of a crime based only on his beliefs, his expression of those beliefs, or his associations.

The Supreme Court holds that expression is protected unless the defendant's words both are intended to incite or produce imminent lawless action and are actually likely to incite or produce such action. In other words, there must be a clear danger of immediate violence. Under this standard, mere advocacy, even advocacy of unlawful acts or highly offensive ideas, is protected.

Defendant contends that his discussion of events and politics, and expressions of his opinion about them, represent speech and association protected by the First Amendment, and do not constitute the offense of material support, which requires actual conduct.

While a defendant's statements may be relevant to his intent or knowledge, mere advocacy, expression, and association are not sufficient to establish the crime of material support for terrorism.

**5. RESERVED**

Defense reserves the right to seek additional cautionary instructions concerning expert testimony, evidence admitted under 404(b), and security measures relating to witness identity, as well as other limiting instructions depending on the Court's rulings.

Respectfully submitted this 1ST   day of December, 2022

By: /s/ Charles Swift
Charles D. Swift, CLCMA
*Pro Hac* Attorney for Fong
100 N. Central Expy, Suite 1010
Richardson, TX 75080
(972) 914-2507

By: /s/ Karren Kenney
Karren Kenney, Kenney Legal Defense
Attorney for Fong
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
(855) 505-5588