E. MARTIN ESTRADA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
CHRISTINE M. RO (Cal. Bar No. 285401)
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorneys
Terrorism and Export Crimes Section
      1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-4496
      Facsimile: (213) 894-2927
      E-mail:   Christine.Ro@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
National Security Division
JOHN CELLA (D.C. Bar No. 1035356)
Trial Attorney
Counterterrorism Section
      950 Pennsylvania Ave, NW
      Washington, DC 20530
      Telephone: (202) 305-1601
      Email:    John.Cella@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. SA CR 20-00146(A)-DOC |
|---|---|
| Plaintiff, | JOINT PROPOSED JURY INSTRUCTIONS: UNDISPUTED JURY INSTRUCTIONS |
| v. | Trial Date:   January 17, 2023 |
| JASON FONG, | Trial Time:   TBA |
| aka "asian_ghazi," | Location:   Courtroom of the |
| aka "Jason Asian Ghazi," | Hon. David O. |
| aka "Mustafa Ahmed Al-Hakim," | Carter |
| Defendant. | |

Plaintiff United States of America, by and through its counsel
of record, the Acting United States Attorney for the Central
District of California and Assistant United States Attorneys

1

Christine M. Ro and Solomon Kim and National Security Division
Counterterrorism Section Trial Attorney John Cella, and defendant
Jason Fong ("defendant"), both individually and by and through his
counsel of record, Karren Kenney and Charles D. Swift, hereby submit
their Joint Proposed Jury Instructions: Undisputed Jury Instructions
in the above-captioned case.  The parties respectfully reserve the
right to supplement these jury instructions as needed.

     Unless otherwise noted, the parties have used the most recent
version (as of September 26, 2022) of the Jury Instructions found on
the Ninth Circuit's website at: http://www3.ce9.uscourts.gov/jury-
instructions/model-criminal.

Dated: December 1, 2022          Respectfully submitted,

                                 E. MARTIN ESTRADA
                                 United States Attorney

                                 CHRISTOPHER D. GRIGG
                                 Assistant United States Attorney
                                 Chief, National Security Division


                                 _____/s/_____
                                 CHRISTINE M. RO
                                 SOLOMON KIM
                                 Assistant United States Attorney

                                 JOHN CELLA
                                 Trial Attorney
                                 Counterterrorism Section
                                 National Security Division

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA



                                 __/s/ e-mail authorization_____
Dated: December 1, 2022          KARREN KENNEY
                                 CHARLES D. SWIFT

                                 Attorneys for Defendant
                                 JASON FONG

## INDEX OF PROPOSED UNDISPUTED JURY INSTRUCTIONS

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| **Preliminary Instructions** | | | | |
| 1 | | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 (2022 ed.) | 1 |
| 2 | | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 (2022 ed.) | 2 |
| 3 | | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) | 3 |
| 4 | | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) | 4 |
| 5 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.) | 5 |
| 6 | | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) | 6 |
| 7 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.) | 7 |
| 8 | | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.) | 9 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 9 | | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.) | 12 |
| 10 | | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) | 13 |
| 11 | | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.) | 14 |
| 12 | | Jury to Be Guided by English Translation/ Interpretation | Ninth Circuit Model Criminal Jury Instructions, No. 1.12 (2022 ed.) | 15 |
| 13 | | Bench Conferences and Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) | 16 |

| Instructions During the Course of Trial | | | | |
|---|---|---|---|---|
| 14 | | Cautionary Instruction | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) | 17 |
| 15 | | Stipulations of Fact **(if applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.) | 19 |
| 16 | | Judicial Notice **(if applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 2.4 (2022 ed.) | 20 |
| 17 | | Transcript of Recording in English | Ninth Circuit Model Criminal Jury Instructions, No. 2.6 (2022 ed.) | 21 |
| 18 | | Transcript of Recording in Foreign Language | Ninth Circuit Model Criminal Jury Instructions, No. 2.7 (2022 ed.) | 22 |
| Instructions at End of Case | | | | |
| 19 | | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) | 23 |
| 20 | | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) | 24 |
| 21 | | Other Crimes, Wrongs or Acts of Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.3 (2022 ed.) | 25 |
| 22 | | Impeachment Evidence -- Witness **(if applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2022 ed.) | 26 |

| 23 | | Government's Use of Undercover Agents and Informants | Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2022 ed.) | 27 |
|---|---|---|---|---|
| 24 | | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) | 28 |
| 25 | | Dual Role Testimony **(if applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 3.15 (2022 ed.) | 29 |
| 26 | | Charts and Summaries Not Admitted Into Evidence **(if applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.) | 30 |
| 27 | | Charts and Summaries Admitted Into Evidence **(if applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 3.17 (2022 ed.) | 31 |
| 28 | | Substantive Instructions on All Counts **(disputed)** | | N/A |
| 29 | | Knowingly | Ninth Circuit Model Criminal Jury Instructions, No. 4.8 (2022 ed.) | 32 |
| 30 | | Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) | 33 |
| 31 | | Defendant's Decision Not To Testify/To Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) | 34 |

| 32 | | Reasonable Doubt – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) | 35 |
| 33 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) | 36 |
| 34 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) | 37 |
| 35 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) | 38 |
| 36 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) | 39 |
| 37 | | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) | 41 |
| 38 | | Separate Consideration of Multiple Counts -- Single Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 6.11 (2022 ed.) | 42 |
| 39 | | On or About -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) | 43 |
| 40 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) | 44 |

| 41 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) | 46 |
| 42 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) | 48 |
| 43 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) | 49 |
| 44 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) | 50 |
| 45 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) | 51 |
| 46 | | Theory of the Defense Instruction **(disputed)** | | N/A |
| 47 | | First Amendment Protected Speech Instruction **(disputed)** | | N/A |

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) [Duty of Jury]

1          COURT'S INSTRUCTION NO. _____

2         JOINT PROPOSED INSTRUCTION NO. 2

3      This is a criminal case brought by the United States government.

4   The indictment charges defendant in Counts One, Two, and Three with

5   attempting to provide material support and resources to Hay'at Tahrir

6   al-Sham, or HTS, a designated foreign terrorist organization, in

7   violation of Section B of Title 18 of the United States Code.  The

8   indictment charges defendant in Count Four with attempting to provide

9   material support and resources to HAMAS, also known as the Al Qassam

10  Brigades, a designated foreign terrorist organization, in violation

11  of Section 2339B of Title 18 of the United States Code.  The charges

12  against defendant are contained in the indictment.  The indictment

13  simply describes the charges the government brings against defendant.

14  The indictment is not evidence and does not prove anything.

15      Defendant has pleaded not guilty to the charges and is presumed

16  innocent unless and until the government proves defendant guilty

17  beyond a reasonable doubt.  In addition, defendant has the right to

18  remain silent and never has to prove innocence or present any

19  evidence.

26  Ninth Circuit Model Jury Instructions, No. 1.2 (2022 ed.) [The Charge

27  -- Presumption of Innocence] (modified to reflect indictment)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits which are received in evidence; and

Third, any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.)

[What Is Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) [What Is Not Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.)

[Direct and Circumstantial Evidence]

5

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) [Ruling on Objections]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is

//

//

//

important is how believable the witnesses are, and how much weight
you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.)
[Credibility of Witnesses]

8

1               COURT'S INSTRUCTION NO. _____

2            JOINT PROPOSED INSTRUCTION NO. 8

3     I will now say a few words about your conduct as jurors.

4     First, keep an open mind throughout the trial, and do not decide

5 what the verdict should be until you and your fellow jurors have

6 completed your deliberations at the end of the case.

7     Second, because you must decide this case based only on the

8 evidence received in the case and on my instructions as to the law

9 that applies, you must not be exposed to any other information about

10 the case or to the issues it involves during the course of your jury

11 duty.  Thus, until the end of the case or unless I tell you

12 otherwise:

13     Do not communicate with anyone in any way and do not let anyone

14 else communicate with you in any way about the merits of the case or

15 anything to do with it.  This restriction includes discussing the

16 case in person, in writing, by phone, tablet, or computer, or any

17 other means, via email, via text messaging, or any Internet chat

18 room, blog, website or application, including but not limited to

19 Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or

20 any other forms of social media.  This restriction also applies to

21 communicating with your fellow jurors until I give you the case for

22 deliberation, and it applies to communicating with everyone else

23 including your family members, your employer, the media or press, and

24 the people involved in the trial, although you may notify your family

25 and your employer that you have been seated as a juror in the case,

26 and how long you expect the trial to last.  But, if you are asked or

27 approached in any way about your jury service or anything about this

28

1 | case, you must respond that you have been ordered not to discuss the
2 | matter.  In addition, you must report the contact to the court.

3 |     Because you will receive all the evidence and legal instruction
4 | you properly may consider to return a verdict: do not read, watch, or
5 | listen to any news or media accounts or commentary about the case or
6 | anything to do with it[, although I have no information that there
7 | will be news reports about this case]; do not do any research, such
8 | as consulting dictionaries, searching the Internet or using other
9 | reference materials; and do not make any investigation or in any
10 | other way try to learn about the case on your own.  Do not visit or
11 | view any place discussed in this case, and do not use the Internet or
12 | any other resource to search for or view any place discussed during
13 | the trial.  Also, do not do any research about this case, the law, or
14 | the people involved—including the parties, the witnesses or the
15 | lawyers—until you have been excused as jurors.  If you happen to read
16 | or hear anything touching on this case in the media, turn away and
17 | report it to me as soon as possible.

18 |     These rules protect each party's right to have this case decided
19 | only on evidence

20 |     that has been presented here in court.  Witnesses here in court
21 | take an oath to tell the truth, and the accuracy of their testimony
22 | is tested through the trial process.  If you do any research or
23 | investigation outside the courtroom, or gain any information through
24 | improper communications, then your verdict may be influenced by
25 | inaccurate, incomplete, or misleading information that has not been
26 | tested by the trial process.  Each of the parties is entitled to a
27 | fair trial by an impartial jury, and if you decide the case based on
28 | information not presented in court, you will have denied the parties

10

1   a fair trial.  Remember, you have taken an oath to follow the rules,

2   and it is very important that you follow these rules.

3        A juror who violates these restrictions jeopardizes the fairness

4   of these proceedings, and a mistrial could result that would require

5   the entire trial process to start over.  If any juror is exposed to

6   any outside information, please notify the court immediately.

26  Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.)

27  [Conduct of the Jury]

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 9

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.)

[No Transcript Available to Jury]

1
COURT'S INSTRUCTION NO. _____

2
JOINT PROPOSED INSTRUCTION NO. 10

3    If you wish, you may take notes to help you remember the

4 evidence.  If you do take notes, please keep them to yourself until

5 you and your fellow jurors go to the jury room to decide the case.

6 Do not let note taking distract you from being attentive.  When you

7 leave court for recesses, your notes should be left in the courtroom.

8 No one will read your notes.

9    Whether or not you take notes, you should rely on your own

10 memory of the evidence.  Notes are only to assist your memory.  You

11 should not be overly influenced by your notes or those of your fellow

12 jurors.

26 Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.)

27 [Taking Notes]

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for defendant may cross examine.  Then, if defendant chooses to offer evidence, counsel for the government may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.)
[Outline of Trial]

14

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12

Languages other than English will be used for some evidence during this trial.  When recorded evidence is presented in another language, there will be an official court translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English-language translation provided through the official court translation.  Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official translation.

Ninth Circuit Model Criminal Jury Instructions, No. 1.12 (2022 ed.)

[Jury to Be Guided by English Translation/Interpretation]

15

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 13

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) [Bench Conferences and Recesses]

16

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 14

<u>At the End of Each Day of the Case:</u>

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

<u>At the Beginning of Each Day of the Case</u>:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand.  [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's

17

staff at the next break.   Thank you for your careful adherence to my

instructions.

Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.)

[Cautionary Instruction]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

**[if applicable]**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.)

[Stipulations of Fact]

19

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

**[if applicable]**

I have decided to accept as proved the fact that [insert facts noticed], even though no evidence was presented on this point [,] [because this fact is of such common knowledge].  You may accept this fact as true, but you are not required to do so.

Ninth Circuit Model Criminal Jury Instructions, No. 2.4 (2022 ed.) [Judicial Notice]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

You [are about to [hear] [have heard] a recording that has been received in evidence.  Please listen to it very carefully.  Each of you [has been][was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript.  If you [hear][heard] something different from what [appears][appeared] in the transcript, what you [hear][heard] is controlling.  [After][Now that] the recording has been played, the transcript will be taken from you.

Ninth Circuit Model Criminal Jury Instructions, No. 2.6 (2022 ed.)

[Transcript of Recording in English]

21

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

You [are about to [hear][watch]] [have [heard][watched]] a recording in the [Russian][Arabic] language.  Each of you [has been] [was] given a transcript of the recording that has been admitted into evidence.  The transcript is an English-language translation of the recording.

Although some of you may know the [Russian][Arabic] language, it is important that all jurors consider the same evidence.  The transcript is the evidence, not the foreign language spoken in the recording.  Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

Ninth Circuit Model Criminal Jury Instructions, No. 2.7 (2022 ed.) [Transcript of Recording in Foreign Language]

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 19

3       Members of the jury, now that you have heard all the evidence,

4   it is my duty to instruct you on the law that applies to this case.

5   A copy of these instructions will be available in the jury room for

6   you to consult.

7       It is your duty to weigh and to evaluate all the evidence

8   received in the case and, in that process, to decide the facts.  It

9   is also your duty to apply the law as I give it to you to the facts

10  as you find them, whether you agree with the law or not.  You must

11  decide the case solely on the evidence and the law.  You will recall

12  that you took an oath promising to do so at the beginning of the

13  case.  You should also not be influenced by any person's race, color,

14  religious beliefs, national ancestry, sexual orientation, gender

15  identity, gender, or economic circumstances.  Also, do not allow

16  yourself to be influenced by personal likes or dislikes, sympathy,

17  prejudice, fear, public opinion, or biases, including unconscious

18  biases.  Unconscious biases are stereotypes, attitudes, or

19  preferences that people may consciously reject but may be expressed

20  without conscious awareness, control, or intention.

21      You must follow all these instructions and not single out some

22  and ignore others; they are all important.  Please do not read into

23  these instructions or into anything I may have said or done as any

24  suggestion as to what verdict you should return -- that is a matter

25  entirely up to you.

26  Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.)

27  [Duties of Jury to Find Facts and Follow Law]

28

                              23

1

COURT'S INSTRUCTION NO. _____

2

JOINT PROPOSED INSTRUCTION NO. 20

3      You have heard testimony that defendant made a statement.  It is

4  for you to decide (1) whether defendant made the statement, and (2)

5  if so, how much weight to give to it.  In making those decisions, you

6  should consider all the evidence about the statement, including the

7  circumstances under which defendant may have made it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.)

27  [Statements by Defendant]

28

24

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

You have heard evidence that a defendant committed other [crimes, wrongs, or acts] not charged here.  You may consider this evidence only for its bearing, if any, on the question of defendant's [intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose.]  You may not consider this evidence as evidence of guilt of the crime for which defendant is now on trial.

Ninth Circuit Model Criminal Jury Instructions, No. 3.3 (2022 ed.) [Other Crimes, Wrongs, or Acts of Defendant]

25

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

**[if applicable]**

You have heard evidence that [name of witness], a witness, [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2022 ed.)

[Impeachment Evidence -- Witness]

1                    COURT'S INSTRUCTION NO. _____

2                  JOINT PROPOSED INSTRUCTION NO. 23

3         You have heard testimony from an undercover agent who was

4    involved in the government's investigation in this case.  Law

5    enforcement officials may engage in stealth and deception, such as

6    the use of informants and undercover agents, to investigate criminal

7    activities.  Undercover agents and informants may use false names and

8    appearances and assume the roles of members in criminal

9    organizations.

26   Ninth Circuit Model Criminal Jury Instructions, No. 3.10 (2022 ed.)

27   [Government's Use of Undercover Agents and Informants]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.)

[Opinion Evidence, Expert Witness]

1

COURT'S INSTRUCTION NO. _____

2

JOINT PROPOSED INSTRUCTION NO. 25

3

**[if applicable]**

4

You [have heard] [are about to hear] testimony from [name] who

5

[testified] [will testify] to both facts and opinions and the reasons

6

for [his] [her] opinions.

7

Fact testimony is based on what the witness saw, heard or did.

8

Opinion testimony is based on the education or experience of the

9

witness.

10

As to the testimony about facts, it is your job to decide which

11

testimony to believe and which testimony not to believe.  You may

12

believe everything a witness says, or part of it, or none of it. Take

13

into account the factors discussed earlier in these instructions that

14

were provided to assist you in weighing the credibility of witnesses.

15

As to the testimony about the witness's opinions, this opinion

16

testimony is allowed because of the education or experience of this

17

witness.  Opinion testimony should be judged like any other

18

testimony.  You may accept all of it, part of it, or none of it.  You

19

should give it as much weight as you think it deserves, considering

20

the witness's education and experience, the reasons given for the

21

opinion, and all the other evidence in the case.

22

23

24

25

26

Ninth Circuit Model Criminal Jury Instructions, No. 3.15 (2022 ed.)

27

[Dual Role Testimony]

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

**[if applicable]**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.)

[Charts and Summaries Not Admitted into Evidence]

1                    COURT'S INSTRUCTION NO. _____

2                 JOINT PROPOSED INSTRUCTION NO. 27

3        **[if applicable]**

4        Certain charts and summaries have been admitted into evidence.

5   Charts and summaries are only as good as the underlying supporting

6   material.  You should, therefore, give them only such weight as you

7   think the underlying material deserves.

26  Ninth Circuit Model Criminal Jury Instructions, No. 3.17 (2022 ed.)

27  [Charts and Summaries Admitted into Evidence]

31

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 29

An act is done knowingly if defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that defendant knew that his acts or omissions were unlawful.  You may consider evidence of defendant's words, acts, or omissions, along with all the other evidence, in deciding whether defendant acted knowingly.

Ninth Circuit Model Criminal Jury Instructions, No. 4.8 (2022 ed.) [Knowingly]

32

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

The indictment is not evidence.  Defendant has pleaded not guilty to the charges.  Defendant is presumed to be innocent unless and until the government proves defendant guilty beyond a reasonable doubt.  In addition, defendant does not have to testify or present any evidence to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) [Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 31

**[If defendant does not testify]**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that defendant did not testify


**[If defendant testifies]**

Defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) [Defendant's Decision Not To Testify/To Testify]

34

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 32

Proof beyond a reasonable doubt is proof that leaves you firmly convinced defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that defendant is guilty, it is your duty to find defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that defendant is guilty, it is your duty to find defendant guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.)

[Reasonable Doubt -- Defined]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 33

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence[; and]

[Third, any facts to which the parties have agreed.]

Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.)

[What Is Evidence]

1                  COURT'S INSTRUCTION NO. \_\_\_\_\_

2               JOINT PROPOSED INSTRUCTION NO. 34

3      In reaching your verdict you may consider only the testimony and

4 exhibits received in evidence.  The following things are not

5 evidence, and you may not consider them in deciding what the facts

6 are:

7      1.  Questions, statements, objections, and arguments by the

8 lawyers are not evidence.  The lawyers are not witnesses.  Although

9 you must consider a lawyer's questions to understand the answers of a

10 witness, the lawyer's questions are not evidence.  Similarly, what

11 the lawyers have said in their opening statements, [will say in

12 their] closing arguments, and [have said] at other times is intended

13 to help you interpret the evidence, but it is not evidence.  If the

14 facts as you remember them differ from the way the lawyers state

15 them, your memory of them controls.

16      2.  Any testimony that I have excluded, stricken, or instructed

17 you to disregard is not evidence.  [In addition, some evidence was

18 received only for a limited purpose; when I have instructed you to

19 consider certain evidence in a limited way, you must do so.]

20      3.  Anything you may have seen or heard when the court was not

21 in session is not evidence.  You are to decide the case solely on the

22 evidence received at the trial.

23

24

25

26 Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.)

27 [What Is Not Evidence]

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) [Direct and Circumstantial Evidence]

38

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 36

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe

anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) [Credibility of Witnesses]

40

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 37

3       You are here only to determine whether defendant is guilty or
4    not guilty of the charges in the indictment.  Defendant is not on
5    trial for any conduct or offense not charged in the indictment.

26   Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.)
27   [Activities Not Charged]

41

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 38

A separate crime is charged against defendant in each count. You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Criminal Jury Instructions, No. 6.11 (2022 ed.)

[Separate Consideration of Multiple Counts -- Single Defendant]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 39

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) [On or About -- Defined]

1           COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 40

3       When you begin your deliberations, elect one member of the jury

4  as your [presiding juror] [foreperson] who will preside over the

5  deliberations and speak for you here in court.

6       You will then discuss the case with your fellow jurors to reach

7  agreement if you can do so.  Your verdict, whether guilty or not

8  guilty, must be unanimous.

9       Each of you must decide the case for yourself, but you should do

10 so only after you have considered all the evidence, discussed it

11 fully with the other jurors, and listened to the views of your fellow

12 jurors.

13      Do not be afraid to change your opinion if the discussion

14 persuades you that you should.  But do not come to a decision simply

15 because other jurors think it is right.

16      It is important that you attempt to reach a unanimous verdict

17 but, of course, only if each of you can do so after having made your

18 own conscientious decision.  Do not change an honest belief about the

19 weight and effect of the evidence simply to reach a verdict.

20      Perform these duties fairly and impartially.  Do not allow

21 personal likes or dislikes, sympathy, prejudice, fear, or public

22 opinion to influence you.  You should also not be influenced by any

23 person's race, color, religious beliefs, national ancestry, sexual

24 orientation, gender identity, gender, or economic circumstances.

25 Also, do not allow yourself to be influenced by personal likes or

26 dislikes, sympathy, prejudice, fear, public opinion, or biases,

27 including unconscious biases.  Unconscious biases are stereotypes,

28 attitudes, or preferences that people may consciously reject but may

44

be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) [Duty to Deliberate]

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 41

3      Because you must base your verdict only on the evidence received

4  in the case and on these instructions, I remind you that you must not

5  be exposed to any other information about the case or to the issues

6  it involves.  Except for discussing the case with your fellow jurors

7  during your deliberations:

8      Do not communicate with anyone in any way and do not let anyone

9  else communicate with you in any way about the merits of the case or

10 anything to do with it.  This restriction includes discussing the

11 case in person, in writing, by phone, tablet, computer, or any other

12 means, via email, text messaging, or any Internet chat room, blog,

13 website or any other forms of social media.  This restriction applies

14 to communicating with your family members, your employer, the media

15 or press, and the people involved in the trial.  If you are asked or

16 approached in any way about your jury service or anything about this

17 case, you must respond that you have been ordered not to discuss the

18 matter and to report the contact to the court.

19     Do not read, watch, or listen to any news or media accounts or

20 commentary about the case or anything to do with it; do not do any

21 research, such as consulting dictionaries, searching the Internet or

22 using other reference materials; and do not make any investigation or

23 in any other way try to learn about the case on your own.

24     The law requires these restrictions to ensure the parties have a

25 fair trial based on the same evidence that each party has had an

26 opportunity to address.  A juror who violates these restrictions

27 jeopardizes the fairness of these proceedings, and a mistrial could

28 result that would require the entire trial process to start over.  If

46

any juror is exposed to any outside information, please notify the
court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.)
[Consideration of Evidence -- Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 42

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) [Use of Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 43

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) [Jury Consideration of Punishment]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 44

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.)
[Verdict Form]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 45

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.)

[Communication with Court]