

# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Christine M. Ro*
*Assistant United States Attorney*
*Phone:(213) 894-4496*
*Email: christine.ro@usdoj.gov*
*1500 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

December 2, 2022

**VIA EMAIL**

Karren Kenney
Kenney Legal Defense Firm
2900 Bristol St., Ste C204
Costa Mesa, CA 92626
karren.kenney@gmail.com

Charles D. Swift
Constitutional Law Center
for Muslims in America
100 North Central Expressway, Ste 1010
Richardson, TX 75080
cswift@clcma.org

      Re:    United States v. Jason Fong, No. SA CR 20-146-DOC

Dear Ms. Kenney and Mr. Swift:

      Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the government hereby discloses that at trial in the above-captioned matter the government presently intends to elicit expert testimony from the following witness under Federal Rules of Evidence 702, 703, and 705. Pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, the government hereby requests reciprocal disclosure from the defense of any evidence that defendant intends to introduce at trial under Rules 702, 703, and/or 705 of the Federal Rules of Evidence. The government reserves the right to supplement this notice with additional experts and/or additional expert testimony by the below-noticed expert and additional experts, provide you with any expert reports prepared, and/or provide you with any supplemental information related to the below-noticed expert. The government notes that some of this testimony might not be expert testimony, however provides the following information in an abundance of caution.

December 2, 2022
Re:   United States v. Jason Fong, No. SA CR 20-146-DOC
Page 2

**Special Agent Colin Dwyer**

Special Agent Dwyer is a Special Weapons and Tactics ("SWAT") Expert. Special Agent Dwyer has received specialized and extensive training in weapons, tactics, combat, and equipment.

Special Agent Dwyer is expected to testify that tactical, combat, and weapons training involves:

- Weapons training refers to providing individuals with the necessary skills to use or create weapons, including firearms, explosives, improvised explosive devices, and other weapons to be successful in combat or inflict injury or bodily harm to another;

- Tactical training refers to concepts and methods used to accomplish a particular mission in either combat, noncombat, or other military or paramilitary operations; and

- Combat training refers to preparing to engage with adversaries through use of violence, with or without the use of weapons.

Special Agent Dwyer is expected to testify that the information defendant distributed on March 24, 2020 (Bates 1328-29) is tactical building entry techniques used by military and law enforcement in order to enter doors in potentially hostile scenarios in order to minimize the risk of injury and death to military and law enforcement personnel who may be entering a building. Namely, this information is generally known as close quarters battle (also referred to as "CQB"), with different iterations including, but not limited to, close quarters combat or interior movement.

Special Agent Dwyer is also expected to testify that the way defendant had magazines taped together when his room was searched could allow the user to reload the rifle faster and fire more rounds in a shorter period. Special Agent Dwyer is expected to testify that the way defendant placed his firearms – for example under his pillow and in a makeshift rack attached to his bed – and body armor staged in his bedroom would have allowed him to access and use them very quickly.

Special Agent Dwyer is also expected to testify on the following:

- The knot instructions in USA_18889-93 can be included in tactical information and/or training;

- The information listed in USA_18894-95 is combat and tactical information and/or training and the terms below have tactical and combat meaning:

    o Load out generally refers to what a soldier/fighter would carry on their person;

December 2, 2022
Re: United States v. Jason Fong, No. SA CR 20-146-DOC
Page 3

- o Traditional infantry generally refers to soldiers fighting on foot;

- o Undercover generally refers to infantry or other personnel hiding in plain clothes;

- o Recce is a term short for reconnaissance, which generally relates to an individual or unit scouting or exploring a location to obtain information;

- o Speed focus generally relates to possessing a lighter load or kit on a soldier or fighter's person; and

- o Urban full kit generally refers to wearing full body armor and wearing equipment for close quarters battle in an urban setting.

- The information listed in USA_19031-32 outlines tactical information. As part of Agent Dwyer's military combat and tactical training, he has been instructed on military history including previous battles and operations similar to the one listed in USA_19031-32. This specific example is used to discuss using IEDs as part of an ambush.

- The information listed in USA_19004-19026 and USA_19038-19046 outlines how to make weapons, which is considered weapons training, and could be used in combat and tactical training;

- USA_019267-68 contains a general outline of weapons, tactical, and combat training;

- USA_19270-74 outlines information on manufacturing firearms;

- The replica of the "Improvised Munitions Black Book," which is based in part on a 1969 U.S. Army manual titled the "TM 31-210 Improvised Munitions Handbook," provides and outlines weapons training and manufacturing information, combat, and tactical training;

- The "FM 5-31 Boobytraps" manual provides and outlines weapons, combat, and tactical training;

- The materials contained in the above-reference manuals are offensive in nature and would have limited, if any, utility for civilian application or personal protection; and

- The above-mentioned information and manuals can be used in the context of ambushes.

*Colin Dwyer*
Colin Dwyer

December 2, 2022
Re: United States v. Jason Fong, No. SA CR 20-146-DOC
Page 4

    The government reserves the right to supplement this expert notice at any time. The government notes that Rule 16 does not require that the government provide (1) a complete statement of all that the government will elicit; (2) anticipated rebuttal evidence; or (3) all publications and prior testimony. However, the government recognizes that prior statements of an expert witness could qualify as Jencks or Giglio material. If you feel this notice is otherwise inadequate, please let the government know.

    All material disclosed in discovery may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute, or relevant case law are provided voluntarily and solely as a matter of discretion. By producing such materials to you, the government does not waive its right to object to any future discovery requests beyond the ambit of its legal obligations.

    With this letter the government requests all reciprocal discovery to which it is entitled under Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, to include defense expert notice. The government also requests notice of any intention of your client to rely on an entrapment defense, or a defense involving mental condition or duress, and/or an alibi defense. Pursuant to Federal Rule of Criminal Procedure 12.1, the dates, times, and places of the charged offenses are detailed within the documents included within the discovery. Please contact us immediately if you believe that this notice is insufficient.

Very truly yours,

/s/

CHRISTINE M. RO
SOLOMON KIM
Assistant United States Attorneys

JOHN CELLA
Trial Attorney, Counterterrorism Section
National Security Division