KARREN KENNEY, CA. SBN 174872

KENNEY LEGAL DEFENSE

2900 Bristol Street, Suite C204 Costa Mesa, CA 92626

TELEPHONE:(855) 505-5588

E-MAIL: KARREN.KENNEY@GMAIL.COM

CHARLES D. SWIFT, WA Bar No. 41671

CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA

100 N. Central Expy. SUITE 1010

Richardson, TX  75080

TELEPHONE: (972) 914-2507
FAX: (972) 692-7454

EMAIL: CSWIFT@CLCMA.ORG

ATTORNEYS FOR THE DEFENDANT JASON FONG

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.: SACR 20-00146-DOC |
| Plaintiff(s), | ) | |
| vs. | ) | |
| JASON FONG | ) | |
| | ) | **DEFENDANT'S <u>REVISED</u> PROPOSED DISPUTED JURY INSTRUCTIONS** |
| Defendant(s). | ) | |

Comes now, the defendant, Jason Fong, and provides revised Jury Instructions for the elements of Counts One through Four. The filing corrects errors identified by the government in its opposition. The revised is supported by the defendant's memorandum of law in support of instructions Doc. 171.1.

1

# **DEFENDANT'S REVISED PROPOSED DISPUTED JURY INSTRUCTIONS[1]**
## **INSTRUCTION 28 – [broken into three separate instructions)**
## **COUNT ONE**

In Count One the defendant is charged with attempting to provide material support in the form of services to Hayat Tahrir al-Sham (HTS) on or about March 17, 2020, by compiling, archiving, and providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices.

For the defendant to be found guilty of attempting to provide services in count one, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to knowingly provide the services in coordination with, or at the direction of, HTS;

Second, that at the time the defendant attempted to provide services by compiling, archiving, and providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, HTS on or about __was a designated foreign terrorist organization;

Third, that the defendant knew that HTS was a designated foreign terrorist organization, or had engaged in or was engaging in terrorist activity or terrorism when the defendant attempted to provide the services to HTS;

Fourth, that at the time the defendant attempted to provide the services to HTS, the defendant was a national of the United States; and

Fifth, the defendant did something that was a substantial step toward providing the services to HTS that strongly corroborated the defendant's intent to provide services to HTS.

---

[1] A paper copy of this filing was provided to the Court during the hearing on December 20, 2022. Defendant's Memorandum of Law briefing all proposed disputed instructions is at Doc. 171.1.

Mere preparation is not a substantial step toward committing the crime of attempting to provide material support through services. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the defendant was going to provide services in coordination or at the direction of HTS unless interrupted by independent circumstances.

### *Option 1- Unanimity*

Finally, you must unanimously agree that the defendant attempted to provide material support to HTS by attempting to provide all three forms of services: (1) compiling tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, (2) archiving tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, and (3) providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices , or about March 17, 2020.The verdict form you have been provided indicates all theories and you should vote on all of them.

If you reach a unanimous verdict of not guilty on any of these theories then you must acquit the defendant.

### *Option 2 – Unanimity*

Finally, you must unanimously agree that the defendant attempted to provide material support to HTS in one of the three forms charged: (1) compiling tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, or (2) archiving tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, or (3) providing tactical, combat, and weapons training materials and information regarding the making

of chemical weapons and improvised explosive devices , or about March 17, 2020. With all of you agreeing that the defendant attempted to provide services by compiling tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, or all of you agreeing the defendant attempted to provide services by archiving tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, or all of you agreeing the defendant attempted to provide services by providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, or all three.

     Likewise to acquit the defendant, you must all agree that (1) the defendant did not attempt to provide services to HTS by compiling tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices to HTS, and (2) you must all agree that the defendant did not attempt to provide services by archiving tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices to HTS, and (3) you must all agree that the defendant did not attempt to provide services to HTS by providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices The verdict form you have been provided indicates all of these theories, and you must vote on all of them.

     If you unanimously agree that the defendant did not attempt to provide services to HTS either by compiling, archiving, or providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, then you must acquit the defendant of this charged offense.

## COUNT TWO

In Count Two the defendant is charged with attempting to provide material support, in the form of services, to Hay'at Tahrir al-Sham ("HTS") on or about April 1, 2020, by compiling, archiving, and providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices.

For the defendant to be found guilty of attempting to provide services, by compiling, archiving, and providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to knowingly provide the services in coordination with, or at the direction of, HTS;

Second, that at the time the defendant attempted to provide the services, HTS was a specially designated terrorist organization;

Third, that the defendant knew that HTS was a designated foreign terrorist organization, or had engaged in or was engaging in terrorist activity or terrorism when the defendant attempted to provide the services to HTS;

Fourth, that at the time the defendant attempted to provide services to HTS, the defendant was a national of the United States; and

Fifth, the defendant did something that was a substantial step toward providing services by by compiling, archiving, and providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, to HTS that strongly corroborated the defendant's intent to provide services to HTS. Mere preparation is not a substantial step toward committing the crime of attempting to provide

material support through services. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the defendant was going to provide services in coordination with or at the direction of HTS unless interrupted by independent circumstances.

### *Option 1- Unanimity*

Finally, you must unanimously agree that the defendant attempted to provide material support to HTS by attempting to provide all three forms of services: (1) compiling tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, (2) archiving tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, and (3) providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices , on or about April 1, 2020.The verdict form you have been provided indicates all theories and you should vote on all of them.

If you reach a unanimous verdict of not guilty on any of these theories then you must acquit the defendant.

### *Option 2 – Unanimity*

Finally, you must unanimously agree that the defendant attempted to provide material support to HTS in one of the three forms charged: (1) compiling tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, or (2) archiving tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, or (3) providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices , on or about April 1, 2020. With all of you agreeing that the defendant attempted to provide services by compiling tactical, combat, and

weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, or all of you agreeing the defendant attempted to provide services by archiving tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, or all of you agreeing the defendant attempted to provide services by providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, or all three.

      Likewise to acquit the defendant, you must all agree that (1) the defendant did not attempt to provide services to HTS by compiling tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices to HTS, and (2) you must all agree that the defendant did not attempt to provide services by archiving tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices to HTS, and (3) you must all agree that the defendant did not attempt to provide services to HTS by providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices The verdict form you have been provided indicates all of these theories, and you must vote on all of them.

      If you unanimously agree that the defendant did not attempt to provide services to HTS either by compiling, archiving, or providing tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, on or about April 1, 2020, then you must acquit the defendant of this charged offense.

## COUNT THREE

In Count Three the defendant is charged with attempting to provide material support in the form of services to HTS on, or about, May 7, 2020, by providing combat training and information regarding the making of boobytraps and improvised explosive devices.

For the defendant to be found guilty of attempting to provide services by attempting to provide combat training and information regarding making of booby-traps and improvised explosive devices, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to knowingly provide the services in coordination with, or at the direction of, HTS;

Second, that at the time the defendant attempted to provide the services, HTS was a specially designated terrorist organization;

Third, that the defendant knew that HTS was a designated foreign terrorist organization, or had engaged in or was engaging in terrorist activity or terrorism when the defendant attempted to provide the services to HTS;

Fourth, that at the time the defendant attempted to provide services to HTS, the defendant was a national of the United States; and

Fifth, the defendant did something that was a substantial step toward providing services by attempting to provide combat training and information regarding making of booby-traps and improvised explosive devices, to HTS that strongly corroborated the defendant's intent to provide services to HTS. Mere preparation is not a substantial step toward committing the crime of attempting to provide material support through services. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the defendant was going to

provide services in coordination or at the direction of HTS unless interrupted by independent circumstances.

### *Option 1 - Unanimity*

Finally, you must unanimously agree that the defendant attempted to provide material support to HTS by attempting to provide services on or about May 7, 2020, both by providing combat training, and by providing information regarding the making of booby-traps and improvised explosive devices. The verdict form you have been provided indicates all theories and you should vote on all of them.

If you reach a unanimous verdict of not guilty on any of these theories then you must acquit the defendant.

### *Option 2 – Unanimity*

Finally, you must unanimously agree that the defendant attempted to provide material support to HTS in one of the two forms charged: (1) by providing combat training or (2) by providing information regarding the making of booby-traps and improvised explosive devices on, or about May 7, 2020. With all of you agreeing that the defendant attempted to provide services by providing combat training, or all of you agreeing the defendant attempted to provide services providing information regarding the making of booby-traps and improvised explosive devices, or both.

Likewise to acquit the defendant, you must all agree that (1) the defendant did not attempt to provide services to HTS by providing combat training, and (2) you must all agree that the defendant did not attempt to provide services by providing information regarding the making of booby-traps and improvised explosive devices. The verdict form you have been provided indicates all of these theories, and you must vote on all of them.

If you unanimously agree that the defendant did not attempt to provide services to HTS either by providing combat training, or by providing information regarding the making of booby-traps and improvised explosive devices, then you must acquit the defendant of this charged offense.

## INSTRUCTION 28.1 –
## COUNT FOUR - ATTEMPTING TO PROVIDE MATERIAL SUPPORT TO HAMAS

In Count Four the defendant is charged in the indictment with attempting to provide material support to Al Qassam Brigades ("Hamas") on or about May 18, 2020. The government alleges that the defendant attempted to provide material support in the form of services and currency, including fundraising and money, to Hamas.

In order for the defendant to be found guilty of attempting to provide services, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to knowingly provide fundraising in coordination with or at the direction of Hamas:

Second, that at the time the defendant attempted to provide services in the form of fundraising, Hamas was a specially designated terrorist organization;

Third, that the defendant knew that Hamas was a designated foreign terrorist organization or had engaged in or was engaging in terrorist activity or terrorism when he attempted to provide the services in the form of fundraising to Hamas and;

Fourth, that at the time the defendant attempted to provide services in the form of fundraising to Hamas, the defendant was a national of the United States.

Fifth, the defendant did something that was a substantial step toward providing fundraising services on behalf of Hamas that strongly corroborated the defendant's intent to provide services to Hamas. Mere preparation is not a substantial step toward committing the crime of providing material support by fundraising. To constitute a substantial step, a defendant's act or actions must unequivocally that the defendant was going to perform services with at the direction and control of Hamas unless interrupted by independent circumstances.

In order for the defendant to be found guilty of attempting to provide money to Hamas, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to knowingly attempt to provide money to Hamas;

Second that at the time the defendant attempted to provide material support in the form of money Hamas was a specially designated terrorist organization;

Third, that the defendant knew that Hamas was a designated foreign terrorist organization or had engaged in or was engaging in terrorist activity or terrorism when he attempted to provide money;

Fourth, that at the time the defendant attempted to provide material support to Hamas in the form of money, the defendant was a national of the United States; and

Fifth, the defendant did something that was a substantial step toward providing money to Hamas that strongly corroborated the defendant's intent to provide services to Hamas. Mere preparation is not a substantial step toward committing the crime of material support by providing currency. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the defendant was going to provide money to Hamas unless interrupted by independent circumstances.

### Option 1

Finally, you must unanimously agree that the defendant attempted to provide material support to Hamas by attempting to provide both services and currency, in the form of fund raising and money, to Hamas. The verdict form you have been provided indicates all theories and you should vote on all of them.

If you reach a unanimous verdict of not guilty on any of these theories then you must acquit the defendant.

***Option 2***

Finally, you must unanimously agree that the defendant attempted to provide material support to Hamas in one of the two forms charged: services in the form of fundraising, or currency, with all of you agreeing that the defendant attempted to provide services in the form of fundraising; or all of you agreeing that the defendant attempted to provide currency, or both. Likewise, to acquit the defendant, you must all agree that the defendant did not attempt to provide services to Hamas, and you must all agree that the defendant did not attempt to provide currency to Hamas. The verdict form you have been provided indicates both theories and you should vote on both.

If you unanimously agree that the defendant did not attempt to provide either services, in the form of fundraising, or currency, in the form of money, then you must acquit the defendant of this charged offense.

## INSTRUCTION 46 –
## THEORY OF THE DEFENSE INSTRUCTION

The defense contends that the Defendant, Jason Fong, is not guilty of Count One, for the alleged compiling, archiving, and providing of tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices on, or about, March 17, 2020, because the provision was not done either at the direction of, or in coordination with, Hay'at Tahrir al-Sham ("HTS"). You are advised that you must be convinced beyond a reasonable doubt that on, or about, March 17, 2020, the Defendant acted either at the direction of, or in coordination with, a person or persons that he believed to be a foreign terrorist organization, specifically, HTS. If you are not convinced beyond a reasonable doubt that Defendant believed he was acting at the direction of, or in coordination with, HTS then you must acquit the Defendant of Count One.

The defense contends that Defendant, Jason Fong, is not guilty of Count Two of the alleged attempted provision of material support in the form of compiling, archiving, and providing of tactical, combat, and weapons training materials and information regarding the making of chemical weapons and improvised explosive devices, because the alleged support was not done at the direction of, or in coordination with, HTS. You are advised that in order to convict the defendant of Count Two, you must be convinced beyond a reasonable doubt that on or about April 1, 2020, the Defendant acted either at the direction of, or in coordination with, a person or persons that he believed to be part of a foreign terrorist organization, specifically, HTS. If you are not convinced beyond a reasonable doubt that the Defendant believed he was acting at the direction of or in coordination with HTS then you must acquit the Defendant of Count Two.

The defense contends that the Defendant, Jason Fong, is not guilty of Count Three for the alleged combat training and information regarding the making of boobytraps and improvised

14

explosive devices to HTS on, or about May 7, 2020, because the information and training were not provided either at the direction of, or in coordination with, HTS. You are advised that in order to convict the defendant of Count Three you must be convinced beyond a reasonable doubt that on or about May 7, 2020, the Defendant acted either at the direction of, or in coordination with, a person or persons that he believed to be a part of a foreign terrorist organization, specifically HTS. If you are not convinced beyond a reasonable doubt that Defendant the Defendant believed he was acting at the direction of or in coordination with HTS, then you must acquit the Defendant of Count Three.

      The Defense contends that Defendant, Jason Fong, is not guilty of Count Four, because his alleged fundraising on, or about, May 18, 2020, was not done at the direction of, or in coordination with, Al Qassam Brigades ("Hamas"), and therefore constituted independent advocacy. You are advised that to find the Defendant guilty, you must be convinced beyond a reasonable doubt that the Defendant's alleged fundraising was either performed at the direction of Hamas, or in coordination with Hamas. The defense further contends that the Defendant is likewise not guilty of attempting to provide currency to Hamas because the Defendant's actions did not amount to more than mere plans and preparation, and therefore were insufficient. In considering whether the defendant attempted to provide currency to Hamas, you should consider the law that I have previously instructed you on. You may find the Defendant guilty on either of the two theories of guilt, but you must be unanimous in your agreement that the Defendant is guilty of one of the two theories.

# INSTRUCTION 47-
# FIRST AMENDMENT PROTECTED SPEECH INSTRUCTION

The First Amendment to the United States Constitution guarantees to all persons in the United States the right to freedom of speech, freedom of religion, and freedom of association. No one can be convicted of a crime based only on his beliefs, his expression of those beliefs, or his associations.

The Supreme Court holds that expression is protected unless the defendant's words both are intended to incite or produce imminent lawless action and are actually likely to incite or produce such action. In other words, there must be a clear danger of immediate violence. Under this standard, mere advocacy, even advocacy of unlawful acts or highly offensive ideas, is protected.

Defendant contends that his discussion of events and politics, and expressions of his opinion about them, represent speech and association protected by the First Amendment, and do not constitute the offense of material support, which requires actual conduct.

While a defendant's statements may be relevant to his intent or knowledge, mere advocacy, expression, and association are not sufficient to establish the crime of material support for terrorism.

## 5. RESERVED

Defense reserves the right to seek additional cautionary instructions concerning expert testimony, evidence admitted under 404(b), and security measures relating to witness identity, as well as other limiting instructions depending on the Court's rulings.

Respectfully submitted this 20th day of December, 2022,

By: /s/ *Charles Swift*

Charles D. Swift, CLCMA
*Pro Hac* Attorney for Fong
100 N. Central Expy, Suite 1010
Richardson, TX 75080
(972) 914-2507

By: /s/ Karren Kenney
Karren Kenney, Kenney Legal Defense
Attorney for Fong
2900 Bristol Street, Suite C204
Costa Mesa, CA 92626
      (855) 505-5588