UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.   SA CR 20-00146(A)-DOC                                              Date: January 6, 2023

Present:  The Honorable David O. Carter

Interpreter   N/A

| Karlen Dubon | CourtSmart | Christine Ro |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Jason Fong | X | | | Charles D. Swift | | | X |

**Proceedings: ORDER RE PRETRIAL MOTIONS [144][146–149][156][177–179][196]**

   Before the Court is the Government's Motion in Limine ("Government MIL #1") (Dkt. 144), Motion in Limine to Preclude Entrapment Defense ("Government MIL #2") (Dkt. 146), Motion in Limine to Preclude Hearsay Statements ("Government MIL #3") (Dkt. 147), Motion in Limine to Preclude Challenge to the Validity of Designation ("Government MIL #4") (Dkt. 148), Motion to Exclude Testimony ("Government Daubert #1") (Dkt. 149), Motion to Preclude Evidence ("Government Daubert #2") (Dkt. 196), Plaintiff Jason Fong's Motions in Limine to exclude testimony from Government experts Michael Hong ("Fong Daubert #1") (Dkt. 177), Colin Dwyer ("Fong Daubert #2") (Dkt. 179), and Matthew Levitt ("Fong Daubert #3") (Dkt. 179), and the Parties' Joint Proposed Questions for Jury Questionnaire (Dkt. 156). The Court heard oral arguments on December 19, 2022 and January 4, 2023. (Dkts. 200, 201).

   I.      **Government MIL #1**

   Government MIL #1 seeks to include evidence pursuant to Rule 404(b) about "(1) defendant's expressed support for and sympathy toward foreign extremist organizations, extremist teachings, and designated FTOs and other extremist groups, during the period of February through May 2020; (2) defendant's attempts to possess and his actual possession of firearms, ammunition, and body armor, as well as his modification of firearms during the same period; (3) defendant's threats of violence against individuals in the United States including the military, police officers, members of his family, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

others; and (4) defendant's lies to law enforcement during his May 20, 2020 interview." Government MIL 404(b) (Dkt. 144) at 1. The Court finds this evidence relevant and inextricably intertwined with the charged offenses, and GRANTS Government MIL 404(b). (Dkt. 144).

### II. Government MIL #2

Government MIL #2 seeks to preclude an entrapment defense. At a hearing on January 4, 2023, the Defense indicated that it did not oppose this Motion. Accordingly, the Court GRANTS AS UNOPPOSED Government MIL #2. (Dkt. 146).

### I. Government MIL #3

Government MIL #3 seeks to preclude Fong's own hearsay statements made primarily during his post-arrest statements. The Court has allowed portions of these statements in given its ruling above, allowing certain statements by Defendant pursuant to Rule 404(b). The Court finds that other portions of Fong's statement could fall under the rule of completeness, and therefore DENIES Government MIL #3 as overly broad.

### II. Government MIL #4

Government MIL #4 seeks to preclude challenges to the validity of the secretary of State's designation of Hamas and Hay'at Tahrir al-Sham ("HTS") as Foreign Terrorist Organizations ("FTO"). At a hearing on January 4, 2023, the Defense indicated that it did not oppose this Motion. Accordingly, the Court GRANTS AS UNOPPOSED Government MIL #4. (Dkt. 148).

### III. Government Daubert #1

In Government Daubert #1 (Dkt. 149) the Government sought to exclude testimony from experts that were allegedly unidentified and who had not produced an expert report. *See* Government Daubert #1 at 1. During the hearing on January 4, 2023, the Government represented that Defendant had since provided the name of a particular expert and a corresponding expert report. Accordingly, the Court DENIES Government Daubert #1. (Dkt. 149).

### IV. Government Daubert #2

In Government Daubert #2 (Dkt. 196), the Government seeks to exclude evidence of insanity or mental disease or defect, and expert testimony from Dr. Pegeen Cronin. Government Daubert #2 (Dkt.

196) at 1. Cronin's proposed testimony would concern Fong's diagnosis of Austism Spectrum Disorder ("ASD"), and its impact on the [D]efendant's specific intent in the alleged attempts to provide material support to HTS and Hamas." Defendant's Reply to Government's Motion ("Fong Opp'n) (Dkt. 199).

The Government argues that the evidence relating to Defendant's ASD diagnosis would be irrelevant, misleading, and confusing to the jury. Government Daubert #2 at 11. Additionally, the Government argues that Cronin's methodology cannot be properly applied to the facts in issue. *Id.* at 16.

In opposition, Defendant argues that testimony relating to his ASD diagnosis is admissible as a defense against specific intent elements of crimes, and that "attempting" to provide material support or resources to an FTO, in violation of 18 U.S.C. § 2339B, is a specific intent crime. Fong Opp'n at 5–8. In particular, Fong argues that the Court should find that "an attempt under 18 U.S.C. § 2339B requires the establishment of specific intent to provide material support to a designated terrorist organization." Fong Opp'n at 6. The Government does not dispute that Counts 1–4 of the indictment are specific intent crimes. Government Daubert #2 at 7, n.2 ("In Counts 1-4, defendant is charged with attempting to provide material support and resources to an FTO, which is a specific intent crime."). Defendant argues that Cronin's proposed testimony "establishes that it would be consistent with his autism for Mr. Fong to focus on his stated goal of creating a training program for American Muslims to use for self-defense in the event of civil war, rather than focusing on how participants of the group might use the materials he furnished thereby negating the specific intent" to support HTS or Hamas. Fong Opp'n at 7–8.

While the Government argues that evidence of ASD does not negate Fong's specific intent, the Court finds that this question is best left to the jury. Accordingly, the Court DENIES Government Daubert #2. (Dkt. 196).

V.     **Fong Daubert #1**

In Fong Daubert #1 (Dkt. 177), Fong seeks to exclude testimony from Government's expert Michael Hong. Fong Daubert #1 at 1. Michael Hong is a Federal Bureau of Investigation ("FBI") Special Agent Bomb Technician. *Id.* at 1. Hong's proposed testimony would relate to "improvised explosives described in the materials Mr. Fong is alleged to have provided." *Id.* at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Fong argues that this testimony is not relevant to a fact of consequence, as evidence of the utility of the explosive materials is not relevant to Counts 1 and 2, and that this testimony cannot show that these materials constituted "training" under Count 3. *Id.* at 7–8.

The Court disagrees. The materials Mr. Fong is alleged to have provided "provided highly detailed instructions and specialized knowledge regarding the making of chemical weapons (from chemicals such as nitrocellulose and sodium chlorate) and improvised explosives." Government's Omnibus Opposition ("Omnibus") (Dkt. 193) at 17. Hong's testimony may be relevant to explain what these materials are and how they can be used to build weapons, which is relevant to show that Fong attempted to provide material support. Accordingly, the Court DENIES Fong Daubert #1. (Dkt. 177).

### VI.    Fong Daubert #2

In Fong Daubert #2 (Dkt. 178), Fong seeks to exclude testimony from Government's expert Colin Dwyer. Fong Daubert #2 at 1. Colin Dwyer is an FBI Special Weapons and Tactics (SWAT) expert. Omnibus at 2.

Fong argues that Dwyer's proposed testimony about Fong's guns is not relevant to show that Fong provided material support or training to an FTO. Fong Daubert #2 at 5. Fong further argues that any relevance would be more prejudicial than probative. *Id.* at 6.

The Court agrees. Dwyer's proposed testimony would describe Fong's modifications on his weapons that would "allow the user to reload the rifle faster and fire more rounds in a shorter period" and Fong's placement of weapons which would "allow[] him to access and use them very quickly." *Id.* at 2–3. While expert testimony on Fong's guns may be minimally relevant to Fong's communications relating to manufacturing guns, the main thrust of Dwyer's testimony would be to show that Fong is dangerous and ready to commit violence. This testimony is not relevant to the charged counts, and the Court finds that Dwyer's proposed testimony would prejudice the jury. The photos of Fong's various weapons, however, are relevant, and the Court therefore finds them admissible. Accordingly, the Court GRANTS Fong Daubert #2. (Dkt. 178).

### VII.   Fong Daubert #3

In Fong Daubert #3 (Dkt. 179), Fong seeks to exclude testimony from Government's expert Matthew Levitt. Fong Daubert #3 at 1. Matthew Levitt, Ph.D., is "an expert on international terrorism and, in particular, militant jihadist groups in the Middle East." Omnibus at 2. Levitt's proposed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

testimony would relate to the Foreign Terrorist Organizations ("FTO") at issue, as well as other FTO's and some non-designated terrorist organizations, such as Al Qaeda and the Islamic State of Iraq and the Levant ("ISIL" or "ISIS"). Fong Daubert #3 at 2.

Fong argues that Levitt's testimony is not relevant because it relates to organizations that are not named in the indictment, such as ISIS or Al Qaeda. *Id.* at 6. Further, Fong argues that Levitt's proposed testimony relating to these other organizations would be unfairly prejudicial, including "Al Qaeda and ISIS's use of violence including rape, beheadings, burning people alive, and more." *Id.*

The Government argues that while these organizations were not named in the indictment, these organizations are specifically mentioned by Fong in "online communications regarding the same groups and topics." Omnibus at 8. Defendant "compared and contrasted the ideology" of these various groups, such as claiming "his ideology aligned with one group, but not another."

Fong may object at trial to the extent Levitt's testimony exceeds the scope of Fong's discussions. The Court finds that expert testimony that is narrowly tailored to Fong's discussion of these groups is relevant and helpful to the jury. Accordingly, the Court DENIES Fong Daubert #3. (Dkt. 179).

### VIII. Joint Request for Jury Questionnaire

The parties also jointly moved for a jury questionnaire. Joint Proposed Questions for Jury Questionnaire (Dkt. 156). The Court discussed the particulars of this request with the parties at a hearing on December 19, 2022. For administrative purposes, the Court GRANTS the joint motion. (Dkt. 156).

### IX. Disposition

Accordingly, the Court:

- **GRANTS** Government MIL #1 (Dkt. 144);
- **GRANTS AS UNOPPOSED** Government MIL #2 (Dkt. 146);
- **DENIES** Government MIL #3 (Dkt. 147);
- **GRANTS AS UNOPPOSED** Government MIL #4 (Dkt. 148);
- **DENIES AS MOOT** Government Daubert #1 (Dkt. 149);
- **GRANTS** the Joint Proposed Questions for Jury Questionnaire (Dkt. 156);
- **DENIES** Government Daubert #2 (Dkt. 196);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

- **DENIES** Fong Daubert #1 (Dkt. 177);
- **GRANTS** Fong Daubert #2 (Dkt. 178);
- **DENIES** Fong Daubert #3 (Dkt. 179).

Further, based on the Parties' representations at the hearing on January 6, 2023, the Court holds in abeyance its ruling on the Government's Motion for Protective Order. (Dkt. 143).

The Clerk shall serve this minute order on the parties.

cc

:51

Initials of Deputy Clerk kdu