1  KARREN KENNEY, CA. SBN 174872
   KENNEY LEGAL DEFENSE
2  5000 BIRCH STREET, SUITE 3000
3  COSTA MESA, CA 92626
   TELEPHONE:(855) 505-5588
4  E-MAIL: KARREN.KENNEY@GMAIL.COM

5
6  CHARLES D. SWIFT, WA Bar No. 41671
   CONSTITUTIONAL LAW CENTER FOR
7  MUSLIMS IN AMERICA
   100 N. CENTRAL EXPWY. SUITE 1010
8  RICHARDSON, TX  75080
   TELEPHONE: (972) 914-2507
9  FAX: (972) 692-7454
   EMAIL: CSWIFT@CLCMA.ORG
10

11
12 ATTORNEYS FOR THE DEFENDANT

13 JASON FONG

14
                 UNITED STATES DISTRICT COURT
15
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
16

17 UNITED STATES OF AMERICA              )  Case No.: SACR 20-00146-DOC
                                         )
18             Plaintiff(s),             )
                                         )
19        vs.                            )
                                         )
20 JASON FONG                            )
                                         )
21                                       )  **DEFENDANT'S PROPOSED**
                                         )  **PRELIMINARY INSTRUCTIONS**
22             Defendant(s).             )
                                         )
23                                       )
                                         )
24                                       )
                                         )
25 _____ )

26
27
28

The defendant requests that the Court deliver the following standard preliminary instructions prior to openings.

**Proposed Preliminary Instructions**

Members of the Jury: Before we begin the trial, I would like to tell you about what will be happening. I want to describe how the trial will be conducted and explain what we will be doing. At the end of the trial I will give you more detailed guidance on how you are to go about reaching a verdict and how the trial will proceed.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you, so that you will have an idea of what the government's case is going to be. Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove. After the government's opening statement, the defendant's attorney will make an opening statement. Like the government's, their opening statement is not evidence either. But offered instead to show you what the defense believes the evidence will show. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it believes will support the charges against the defendant. The government's evidence in this case will consist of the testimony of witnesses as well as documents and exhibits. Some of you have probably heard the terms "circumstantial evidence" and "direct evidence." Do not be concerned with these terms. You are to consider all the evidence given in this trial.

After the government's evidence, the defendant's lawyers may present evidence present evidence in the defendant's behalf, but they is not required to do so. I remind you that the defendant is presumed

innocent and the government must prove the guilt of the defendant beyond a reasonable doubt. The defend ant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers. They are not evidence either. In their closing arguments the lawyers for the government and the defendant will be attempting to summarize their cases and help you understand the evidence that was presented. The final part of the trial occurs when I instruct you about the rules of law which you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decision. Your deliberations will be secret. You will never have to explain your verdict to anyone.

Now that I have described the trial itself, let me explain the jobs that you and I are to perform during the trial. I will decide which rules of law apply to this case. I will decide this in response to questions raised by the attorneys as we go along and also in the final instructions given to you after the evidence and arguments are completed. You will decide whether the government has proved, beyond a reasonable doubt, that the defendant has committed the crime of . You must base that decision only on the evidence in the case and my instructions about the law. You should not reach any decision until you have all of the evidence and I have instructed you on the law to be applied to the evidence and you should keep an open mind throughout these proceedings.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers in the case. Please don't talk with them about any subject at all. In addition, during the course of the trial you should not talk about the trial with anyone else-not your family,

not your friends, not the people you work with. Also, importantly you should not discuss this case among yourselves. This is because you cannot reach a decision and I have instructed you on the law.

Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information on your own which you think might be helpful. Do not engage in any outside reading on this case, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom. Now that the trial has begun you must not read about it in the newspapers or watch or listen to television or radio reports of what is happening here. The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

 At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. These only relate to the legal questions that I must determine and should not influence your thinking. If I sustain an objection to a question, the witness may not answer it.

Do not attempt to guess what answer might have been given had I allowed the question to be answered. Similarly, if I tell you not to consider a particular statement, you should put that statement out of your mind, and you may not refer to that statement in your later deliberations. During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case. Finally, Jet me clarify something you may wonder about

later. During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law which should apply here. Sometimes we will talk here, at the bench. But some of these conferences may take time. So, as a convenience to you, I will excuse you from the courtroom. I will try to avoid such interruptions as much as possible, but please be patient even if the trial seems to be moving slowly because conferences often save time for all of us.

The parties will now offer opening statements, thank you for your attention.

Respectfully submitted this <u>19th January, 2023</u>

By: <u>/s/ *Charles Swift*</u>
Charles D. Swift, CLCMA
*Pro Hac* Attorney for Giampietro
100 N. Central Expy, Suite 1010
Richardson, TX 75080
(972) 914-2507