E. MARTIN ESTRADA
United States Attorney
ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division
CHRISTINE M. RO (Cal. Bar No. 285401)
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorneys
Terrorism and Export Crimes Section
        1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-4496
        Facsimile: (213) 894-2927
        E-mail:   Christine.Ro@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
National Security Division
JOHN CELLA (D.C. Bar No. 1035356)
Trial Attorney
Counterterrorism Section
        950 Pennsylvania Ave, NW
        Washington, DC 20530
        Telephone: (202) 305-1601
        Email:    John.Cella@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 20-00146(A)-DOC |
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR (1) CONTINUANCE OF TRIAL DATE AS TO DEFENDANT JASON FONG, AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JASON FONG,<br>  aka "asian_ghazi,"<br>  aka "Jason Asian Ghazi,"<br>  aka "Mustafa Ahmed Al-Hakim," | **PROPOSED TRIAL DATE:**<br>**October 10, 2023** |
| Defendant. | **MOTION HEARING DATE:**<br>**March 16, 2023** |

     Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Christine M. Ro and Solomon Kim, and National Security Division Counterterrorism Section Trial Attorney John Cella, hereby applies ex parte for an order continuing the trial date in this case with respect to defendant JASON FONG ("defendant").  The prosecution team recently learned of certain classified information that it is in the process of collecting and reviewing for discovery.  The government believes additional time is required to collect and review the information and to provide defendant with adequate time to review such information, to the extent that any of it is discoverable.  Based on the foregoing, and defense counsels' scheduling conflicts, the government moves to continue trial to October 10, 2023.  Defendant, both individually and by and through his counsel of record, Charles Swift and Karren Kenney, takes no position on the government's application for an order continuing the trial date.

1.   The Information in this case was filed on October 6, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 19, 2020.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 28, 2020.

2.   On October 19, 2020, the Court set a trial date of December 8, 2020.

3.   Through a series of stipulations filed by the parties, the Court continued the trial date from December 8, 2020 to January 17, 2023, finding the intervening period of time to be excludable in computing the time within which the trial in this matter must commence.  (Dkts. 25, 100, 155).  The trial was later continued by the Court to January 18, 2023.

2

4.    On January 18, 2023, the trial in this matter began.  On January 20, 2023 the court declared a mistrial, and set a retrial date of March 28, 2023.  (Dkt. 213.)  Then, the Court continued the trial date to March 30, 2023.  (Dkt. 223.)

5.    Defendant is released on bond pending trial.  The parties estimate that the trial in this matter will last approximately three weeks.

6.    By this application, the government moves to continue the trial date to October 10, 2023, with a pretrial conference date of September 19, 2023.

7.    The government requests the continuance based upon the following facts, which it believes demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendant was originally charged in an Information with a violation of 18 U.S.C. § 2339C(c): Concealing the Provision of Material Support and Resources and Funds.  On April 27, 2022, the government filed the First Superseding Indictment in which defendant is charged with four counts of 18 U.S.C. § 2339B(a)(1): Attempting to Provide Material Support to a Foreign Terrorist Organization.  To date, the government has produced discovery to the defense, including over 272,320 pages of documents, transcripts, audio recordings, videos, and photographs.  As of the time of this filing, the government plans to produce approximately 600 additional pages of documents and several audio recordings and videos.

b.    In addition, the prosecution team recently learned of certain classified information.  The prosecution team is in the process of collecting and reviewing that information to determine whether any of it is discoverable, and/or whether a supplemental

1    motion is necessary under Section 4 of CIPA.  Accordingly, the

2    government has separately filed a motion for a classified, ex parte

3    pretrial conference pursuant to CIPA Section 2.

4              c.   Defense counsel have informed the government that they

5    currently take no position on the government's ex parte application

6    for a trial continuance.  Defense counsel are scheduled to be in

7    trial and hearings on the following dates:

8              i.   Ms. Karren Kenney is presently scheduled to be in

9    the following trials and hearings: United States v. Hostetter, Case

10   No. 21-cr-392 (District of Columbia), motions hearing on April 25-27,

11   2023, with out-of-state trial preparation on June 10-15, 2023, with a

12   three-week trial presently scheduled for July 6, 2023; United States

13   v. Calvillo, Case No. 21-cr-2798 (Southern District of California),

14   with a one-week trial scheduled for May 8, 2023; United States v.

15   Duarte, Case No. 8:22-cr-00056-DOC-2, with a trial scheduled for May

16   23, 2023; Doan v. Singh (Stanislaus County), a three-week trial

17   scheduled for August 29, 2023; and United States v. Rodriguez, Case

18   No. 8:21-cr-00105-JGB-2, a two-week trial scheduled for September 26,

19   2023.  In addition, Ms. Kenney is unavailable from April 21-24, 2023,

20   and August 8-16, 2023.

21             ii.  Mr. Charles Swift is presently scheduled to be in

22   the following trials and hearings: United States v. Wadi, Case No.:

23   21-cr-244 (Western District of Texas), pre-trial conference on April

24   20, 2023, with a trial scheduled for May 15 to May 30, 2023 in the

25   Western District of Texas.  In addition, Mr. Swift is unavailable

26   from November 23, 2023 to December 20, 2023.

27             d.   In light of the foregoing, additional time is

28   necessary to provide defendant adequate time to review the additional

                                    4

unclassified discovery discussed above, to resolve issues related to the potential discovery of recently identified classified information, including through potential additional litigation under CIPA, and to adequately prepare for trial.  Failure to grant the continuance would likely deny the government and/or defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e.   Courts have previously granted continuances, finding excludable time under the Speedy Trial Act, when additional time is needed for the parties to review additional discovery in preparation for trial.  See e.g., United States v. Bikundi, 926 F.3d 761, 778 (D.C. Cir. 2019) (upholding the district court's granting of a ends-of-justice continuance when the additional time would permit both parties to produce discovery, review discovery, and evaluate the evidence against defendant); United States v. Escobar-Ayala, No. 17-cr-00068-EJD, 2018 WL 2735409, at *1 (N.D. Cal. June 7, 2018) (granting Speedy Trial Act continuance to allow for effective preparation for trial when both the government and defendants needed more time to review "voluminous" discovery); United States v. Lizano, No. 18-cr-207, 2020 WL 1061469, at *1-2 (E.D. Cal. Mar. 5, 2020) (same); United States v. Garcia-Palacio, No. 20-MJ-00074-SKO, 2021 WL 71795, at *2-3 (E.D. Cal. Jan. 8, 2021) (same); see also United States v. Sutcliffe, 505 F.3d 944, 956 (upholding district court's Speedy Trial continuance to allow defense counsel time to prepare for trial given the complexity of the case and the large amount of electronic evidence, among other reasons); United States v. Dota, 33 F.3d 1179, 1183 (9th Cir. 1994) ("An ends-of-justice continuance may be justified on grounds that one side needs more time to prepare for

trial"; even though trial was not complex and defendant objected to the delay, the record was "unusually complicated" and "the district court properly considered the needs of codefendants' counsel" as well as the government's need to prepare).

     f.    Courts have also previously found excludable time due to the complexities surrounding the production and review of classified information. See e.g., United States v. Jumaev, 20 F.4th 518, 534 (10th Cir. 2021) ("[t]he district court's and the parties' obligations to comply with CIPA significantly complicated the discovery process"); Gowadia v. United States, No. 14-00481 SOM/KSC, 2015 WL 5838471, at *15 (D. Haw. Oct. 5, 2015) (noting among the factors justifying the time exclusions, "the time needed to determine how to present classified information at trial"); United States v. Juan, No. 20-CR-00134, 2021 WL 168278, at *4 (E.D. Cal. Jan. 19, 2021) (noting among the factors supporting the grant of a Speedy Trial Act exclusion, "the Court cannot ignore the complicating aspects of this case (i.e., declassifying, redaction, and translation of numerous documents) that may prolong the time necessary for effective preparation").

     g.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government, or failure on the part of the attorney for the government to obtain available witnesses.

    8.    Pursuant to 18 U.S.C. § 3161(e), "trial shall commence" within seventy days of a mistrial, and "the periods of delay enumerated in section 3161(h) are excluded" from that seventy-day limitation.

9.   For the reasons set forth above, the government respectfully requests that the Court continue the trial in this matter to October 10, 2023.  For purposes of computing the date under the Speedy Trial Act by which defendant trial must commence, the government respectfully submits that the time period from March 28, 2023 to October 10, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) due to the nature and complexity of the case, including the complexity related to the management of classified information, and the nature of the newly discovered materials, it is unreasonable to expect the government and defendant to adequately prepare for the trial within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would deny defense counsel and the attorneys for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//

//

//

1        10.   Nothing in this application should preclude a finding that
2    other provisions of the Speedy Trial Act dictate that additional time
3    periods be excluded from the period within which trial must commence.
4    Moreover, the same provisions and/or other provisions of the Speedy
5    Trial Act may in the future authorize the exclusion of additional
6    time periods from the period within which trial must commence.

7    Dated: March 13, 2023            Respectfully submitted,

8                                     E. MARTIN ESTRADA
                                      United States Attorney
9
                                      ANNAMARTINE SALICK
10                                    Assistant United States Attorney
                                      Chief, National Security Division
11

12                                    _____/s/_____
                                      CHRISTINE M. RO
13                                    SOLOMON KIM
                                      Assistant United States Attorneys
14
                                      Attorneys for Plaintiff
15                                    UNITED STATES OF AMERICA

16                                    JOHN CELLA
                                      Trial Attorney
17                                    Counterterrorism Section
                                      National Security Division
18

19

20

21

22

23

24

25

26

27

28