E. MARTIN ESTRADA
United States Attorney
ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division
CHRISTINE M. RO (Cal. Bar No. 285401)
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4496
     Facsimile: (213) 894-2927
     E-mail:    Christine.Ro@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
National Security Division
JOHN CELLA (D.C. Bar No. 1035356)
Trial Attorney
Counterterrorism Section
     950 Pennsylvania Ave, NW
     Washington, DC 20530
     Telephone: (202) 305-1601
     Email:     John.Cella@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 20-00146(A)-DOC |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR (1) CONTINUANCE TRIAL DATE AS TO DEFENDANT JASON FONG, AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JASON FONG,<br>  aka "asian_ghazi,"<br>  aka "Jason Asian Ghazi,"<br>  aka "Mustafa Ahmed Al-Hakim," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Christine M. Ro and Solomon Kim, and National Security Division Counterterrorism Section Trial Attorney John Cella, hereby files this Reply in support of its ex parte application to continue the trial date and for findings of excludable time periods pursuant to the Speedy Trial Act.  The government makes this filing to ensure that the record is clear and to correct several inaccuracies set forth in defense counsel's filing in response to the government ex parte application (see dkt. 228).

    1.   On March 9, 2023, the government spoke with defense counsel (Ms. Karren Kenney and Mr. Charles Swift) on a conference call. During the call, among other matters, the government informed defense counsel that it intended to request a continuance of the trial date due, in part, to the pending review and potential disclosure of classified information.  To that end, the government asked defense counsel for their position with respect to the government's request. In response, Mr. Charles Swift informed the government that the defense took no position regarding the government's request because the defense did not know the nature of the classified information. Mr. Swift then asked the government for additional time to confer with Ms. Kenney in private before providing the government with its final position on the government's request.

    2.   Later that day, the government spoke again with defense counsel on a subsequent conference call.  During the call, Mr. Charles Swift confirmed to the government that the defense took no position regarding the government's continuance request.  The government then requested defense counsel to provide the government with a list of defense counsel's scheduling conflicts, including

their upcoming trial dates, so that the government could request a new trial date when all counsel would likely be available.

3.   The next day, on March 10, 2023, the government emailed defense counsel to inform them that it intended to state the defense position regarding the government's continuance request as follows:

> "Defense counsel for defendant represent that they cannot take a position to the government's request, because they do not know the nature and circumstances of the classified information.  However, defense counsel represents that they have the following schedule:"

The government asked defense counsel to notify the government if it had any objections to the aforementioned representation.

4.   Shortly thereafter, Ms. Kenney responded via email and stated the following:

> I suggest:
>
> 'Defense counsel takes <u>no position</u> and desires to preserve any and all potential appellate issues.  If the court forces a continuance, defense counsel has the following scheduling conflicts'

(emphasis added).

5.   Several minutes later, at approximately 6:39 p.m. PST, the government responded to Ms. Kenney's via email informing both defense counsel that it intended to represent the defense position as follows:

> "Defense counsel have informed the government that they take no position on the government's <u>ex parte</u> application for a trial continuance.  Defense counsel are scheduled to be in trial and hearings on the following dates."

3

1  In the same email, the government informed defense counsel that they
2  could respond to the government's ex parte application in their own
3  filing if they chose to do so.
4      6.   At approximately 6:57 p.m. PST, Ms. Kenney responded via
5  email stating that the government's stated language did not
6  accurately reflect the defense position.  Ms. Kenney stated that she
7  did not want the Court in any way to think that the defense agreed
8  with the government's continuance request.  Ms. Kenney went on to
9  state in her email that "[w]e are taking no position because we do
10 not know the true facts surrounding this disclosure issue.  Depending
11 on what those true facts actually are, we may object" (emphasis
12 added).
13     7.   Several minutes later, at approximately 7:02 p.m. PST, in
14 an email to government counsel, Solomon Kim, Mr. Swift responded to
15 the government's 6:39 p.m. PST email in which it informed defense
16 counsel that it would represent the defense position as taking "no
17 position."  In his email, Mr. Swift replied, "Looks good to me.
18 Thank you for confirming."
19     8.   Subsequent to Mr. Swift's email, the defense counsel never
20 informed the government of any change in its position with respect to
21 the government's continuance request.
22     9.   On March 13, 2023, the government filed its ex parte
23 application requesting a continuance of the trial date in which it
24 represented that defense counsel "currently take no position"
25 regarding the government's continuance request.
26     10.  As made clear by the aforementioned communications with the
27 defense in which defense counsel repeatedly informed the government
28 that it took "no position" regarding the government's continuance

4

request, the government correctly and accurately represented the defense position in its ex parte filing with the Court. Ms. Kenney's representations and claims to the contrary are inaccurate and belied by the underlying record, including the last communication from Mr. Swift, Ms. Kenney's co-counsel.

Dated: March 14, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division

_____/s/_____
SOLOMON KIM
CHRISTINE M. RO
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

JOHN CELLA
Trial Attorney
Counterterrorism Section
National Security Division